**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MAUI JIM, INC., an Illinois Corporation | ) | |
| | ) | |
|      **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SMARTBUY GURU ENTERPRISES, a | ) | |
| Cayman Island Company, MOTION | ) | |
| GLOBAL LTD., a Hong Kong Company, | ) | |
| SMARTBUYGLASSES SOCIETÀ A | ) | **JURY TRIAL DEMANDED** |
| RESPONSABILITÀ LIMITATA, an | ) | |
| Italian company, SMARTBUYGLASSES | ) | |
| OPTICAL LIMITED, a Hong Kong | ) | |
| company | ) | |
| | ) | |
|      **Defendants.** | ) | |

## COMPLAINT

Plaintiff Maui Jim, Inc. ("Plaintiff") brings this complaint for injunctive and monetary relief against Defendants SmartBuy Guru Enterprises ("SmartBuy Guru"), Motion Global Ltd. ("Motion Global"), Smartbuyglasses Società a Responsabilità Limitata ("SmartBuy SRL"), and SmartBuyGlasses Optical Limited ("SmartBuy Optical") (collectively, "Defendants"). For its complaint herein against Defendants, Plaintiff alleges as follows:

## NATURE OF ACTION

1.      Plaintiff files this action to combat sales of counterfeit sunglasses, and for trademark infringement, unfair competition, false advertising, dilution, copyright infringement, and unfair trade practices by Defendants.

2.      Defendants trade upon Plaintiff's reputation and the goodwill of its federally registered MAUI JIM trademarks by selling and offering for sale counterfeit sunglasses under Plaintiff's trademarks. Defendants designed and operate the website at

www.smartbuyglasses.com ("SmartBuy Website") to appear to sell genuine prescription MAUI JIM-branded sunglasses, while actually selling counterfeit prescription MAUI JIM-branded sunglasses to unsuspecting consumers. Defendants significantly alter Plaintiff's genuine sunglasses by replacing the lenses—an integral part of sunglasses—with Defendants' own, lesser quality prescription lenses and offer the counterfeit prescription sunglasses for sale under Plaintiff's registered marks, without Plaintiff's authorization. Moreover, Defendants' MAUI JIM-branded non-prescription sunglasses are non-genuine, unauthorized infringing sunglasses that differ materially from Plaintiff's sunglasses. Plaintiff has been, and continues to be, irreparably harmed and damaged through consumer confusion, dilution, and tarnishment of its valuable and famous trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

3.      In their effort to unfairly compete with Plaintiff and its authorized retailers and to obtain product sales, Defendants, among other things, falsely advertise that they are authorized distributors of authentic MAUI JIM-branded sunglasses, and make misleading representations that Defendants' sunglasses are approved and manufactured by Plaintiff.  In addition, Defendants falsely advertise the quality and benefits of their lenses. For example, Defendants advertise that their MAUI JIM-branded sunglasses contain the same unique features, lens materials, applications and lens technology as Plaintiff's genuine sunglasses, when, in fact, Defendants' prescription lenses do not have any of Plaintiff's unique features and are of lower quality— which Plaintiff cannot control. Consumers rely on Defendants' material misleading representations when purchasing MAUI JIM-branded sunglasses from Defendants. In addition to harming Plaintiff, this is particularly serious from a public health standpoint because sunglasses are medical devices and Defendants' incorrect or low quality lenses may adversely affect

purchasers' vision.

4.      Defendants have also engaged in systematic copying of Plaintiff's copyrighted product images, resulting in copyright infringement.  Defendants' use of Plaintiff's copyrighted photographs further perpetuates the intended impression that Plaintiff has approved of, or partnered with, Defendants, when that is not the case.

5.      This is an action for: trademark counterfeiting, trademark infringement, unfair competition, false advertising, and dilution in violation of Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (c); unfair trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510, *et seq.*; and copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

## PARTIES

6.      Plaintiff is a corporation organized and existing under the laws of the State of Illinois having its principal place of business at One Aloha Lane, Peoria, IL 61615.  Plaintiff does business within this judicial District.

7.      Upon information and belief, Defendant Smartbuy Guru is an entity organized and existing under the laws of the Cayman Islands and having a principal place of business of 89 Nexus Way, Camana Bay, Grand Cayman Cayman Islands KY1-9007.  Upon information and belief, SmartBuy Guru operates, and does business on the Internet, through the SmartBuy Website (www.smartbuyglasses.com), conducts business in this judicial District, markets and sells goods—including the counterfeit and infringing sunglasses that are the subject of this action—in this judicial District, and otherwise directs its marketing, advertising and business to customers and potential customers in this judicial District through the stream of commerce.

8.      Upon information and belief, Defendant Motion Global is an entity organized and

existing under the laws of Hong Kong with its office registered at 12/F So Hong Commercial Bldg., 41-47 Jervois St., Sheung Wan, Hong Kong, and with a principal place of business at 1/F Cheung Hing Industrial BLD 12P Smithfield Road, Western Hong Kong. Upon information and belief, Motion Global powers and operates the SmartBuy Website (www.smartbuyglasses.com), distributes goods ordered through the Website, conducts business in this judicial District, markets and sells goods – including the counterfeit and infringing sunglasses that are the subject of this action – in this judicial District, and otherwise directs its marketing, advertising and business to customers and potential customers in this judicial District through the stream of commerce.

9.     Upon information and belief, Defendant SmartBuy SRL is an entity organized and existing under the laws of Italy, with a principal place of business at Via Bernardino Drovetti 18, 10138 Turin, Italy. Upon information and belief, SmartBuy SRL operates the SmartBuy Website (www.smartbuyglasses.com), distributes goods ordered through the Website, conducts business in this judicial District, markets and sells goods – including the counterfeit and infringing sunglasses that are the subject of this action – in this judicial District, and otherwise directs its marketing, advertising and business to customers and potential customers in this judicial District through the stream of commerce.

10.     Upon information and belief, Defendant Smartbuy Optical is an entity organized and existing under the laws of Hong Kong with its office registered at 12/F So Hong Commercial Bldg., 41-47 Jervois St., Sheung Wan, Hong Kong, and with a principal place of business at 1/F Cheung Hing Industrial BLD 12P Smithfield Road, Western Hong Kong. Upon information and belief, Smartbuy Optical operates the SmartBuy Website (www.smartbuyglasses.com), distributes goods ordered through the Website, conducts business in this judicial District,

4

markets and sells goods – including the counterfeit and infringing sunglasses that are the subject of this action – in this judicial District, and otherwise directs its marketing, advertising and business to customers and potential customers in this judicial District through the stream of commerce.

## JURISDICTION AND VENUE

11.     This Court has original subject matter jurisdiction over Plaintiff's claims under 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) and under general principles of supplemental and pendent jurisdiction, and because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     This Court has personal jurisdiction over the Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois, through (among other things) their fully interactive SmartBuy Website, through which Illinois residents can and do purchase counterfeit and infringing products bearing Plaintiff's MAUI JIM trademarks. Defendants have targeted sales from Illinois residents by shipping to Illinois and accepting payment in U.S. dollars, and Defendants have sold counterfeit sunglasses bearing Plaintiff's trademarks to residents of Illinois.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and (c)(3) because the claims alleged in the Complaint arose, at least in part, in this District, and because this Court has personal jurisdiction over Defendants.

14.     Plaintiff demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## FACTUAL BACKGROUND

**A. FACTS RELATED TO TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE ADVERTISING, AND UNFAIR COMPETITON CLAIMS**

### a. MAUI JIM

15.     Plaintiff is a leading designer, manufacturer and provider of premium prescription and non-prescription sunglasses, which are marketed, offered and sold in U.S. interstate commerce ("MAUI JIM Sunglasses"). Since at least as early as 1980, Plaintiff has continuously used its Maui Jim marks in U.S. interstate commerce to distinguish its sunglasses from those offered by others.

16.     Plaintiff owns the following U.S. Federal Trademark Registrations for its Maui Jim marks as shown below.

| Trademark | U.S. Registration Number |
|---|---|
| MAUI JIM | 1404711 |
| *Maui Jim* | 3443858 |
| *Maui Jim* | 1465234 |
| *Maui Jim* | 4547944 |

Printouts from the U.S. Patent and Trademark Office's database ("Trademark Status and Document Retrieval" or "TSDR") evidencing the current status and ownership of the above registrations (the "MAUI JIM Registered Marks") are attached as Exhibit A.

17.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Maui Jim's

federal registration certificates are *prima facie* evidence of the validity of the MAUI JIM Registered Marks, Plaintiff's ownership of the Registered Marks, and Plaintiff's exclusive right to use the Registered Marks in connection with the goods specified in the Registrations. Indeed, Registration Nos. 1404711, 3443858, and 1465234 are incontestable.

18. In addition to the Registrations for the MAUI JIM Registered Marks, Plaintiff possesses significant common law rights in the MAUI JIM Registered Marks due to Plaintiff's widespread use and promotion of the MAUI JIM Registered Marks on its sunglasses.

19. Plaintiff offers over 125 different styles of sunglasses under its MAUI JIM Registered Marks. All of its sunglasses are 100% polarized and all protect against 100% of UVA, UVB, and UVC rays. In addition, every pair of MAUI JIM Sunglasses incorporates Plaintiff's patented, color-infused lens technology that wipes out glare, harmful UV and boosts color via specially designed lens treatments. This proprietary technology—known as the POLARIZEDPLUS® and POLARIZEDPLUS2® lens technology—provides remarkable clarity and color enhancement that distinguishes MAUI JIM Sunglasses from its competitors and that consumers have come to expect from MAUI JIM Sunglasses.

20. All MAUI JIM Sunglasses have been recommended by the Skin Cancer Foundation as an effective ultraviolet (UV) filter for the eyes and surrounding skin. Proper UV protection is critical, as UV radiation from the sun plays a significant role in the development of skin cancer.

21. Plaintiff also offers other features, lens material, colors, applications and treatments unique to MAUI JIM Sunglasses including its MAUIPURE lens material, MAUI EVOLUTION lens material, MAUIBRILLIANT lens material, HCL lens, MAUI ROSE tint, MAUI HT lens, MAUIGRADIENT protective flash coating, CLEARSHELL proprietary lens

treatment, MAUIFLEX bendable frames and MAUIPASSPORT prescription lens design.

22.     Plaintiff owns registered trademark rights in the marks POLARIZEDPLUS, POLARIZEDPLUS2, MAUIPURE, MAUI EVOLUTION, HCL, MAUIGRADIENT, MAUI ROSE, CLEARSHELL, MAUIFLEX, and MAUI and common law trademark rights in the marks MAUIBRILLIANT, MAUI HT, and MAUIPASSPORT (hereinafter referred to as MAUI-Formative Marks). Printouts from the U.S. Patent and Trademark Office's database (TSDR) evidencing the current status and ownership of the above registrations are attached as Exhibit B.

23.     Plaintiff has invested significant resources in developing, advertising, promoting and marketing its sunglasses under the MAUI JIM Registered Marks and MAUI-formative Marks, and in establishing these goods in the minds of consumers as high quality premium products offered by Plaintiff. Plaintiff prominently uses the MAUI JIM Registered Marks and MAUI-formative Marks in advertising and promotional materials, including but not limited to, print advertisements, brochures, and the Internet.

24.     The MAUI JIM Registered Marks and MAUI-Formative Marks have become assets of incalculable value for Plaintiff and are immediately recognizable and well-known indicators of source of the company's high quality sunglasses and related services.

25.     By reason of Plaintiff's extensive advertising, promotion and sale of MAUI JIM Sunglasses under the MAUI JIM Registered Marks and MAUI-Formative Marks, Plaintiff has developed enormous goodwill in connection with its Marks. Through this extensive advertising, promotion, sales, as well as widespread publicity, the MAUI JIM Registered Marks have become famous under Section 43(c) of the Lanham Act, U.S.C. § 1125(c).

26.     MAUI JIM Sunglasses have become immensely popular with consumers over the years due to (among other things) Plaintiff's high quality standards, superior lens technology,

excellent customer service and reputable retail partnerships. As an example, Plaintiff built its own in-house digital prescription lab at its headquarters in Peoria, Illinois, where Plaintiff currently produces every single prescription lens, ensuring its customers the absolute highest quality and service available.

27.     To maintain its high quality sunglasses, selection and customer service, Plaintiff limits the distribution of its sunglasses only to select authorized retailers to which Plaintiff sells directly. Plaintiff promotes its selected authorized retailers through its website at www.mauijim.com/store-finder/retailer. Each of Plaintiff's authorized retailers enters into a written agreement with Plaintiff that governs the business relationship, outlines Plaintiff's terms and conditions, and incorporates by reference its U.S. General Policies (collectively "Maui Jim Retailer Agreement").

28.     The Maui Jim Retailer Agreement specifically prohibits retailers from inserting ophthalmic or sunglass lenses into Plaintiff's frames, or otherwise modifying the authentic MAUI JIM Sunglasses in any way, as indicated below:

> All Maui Jim sunglasses (Rx [prescription] & Plano [non-prescription]) must be sold with authentic Maui Jim lenses, frames, and parts and not modified in any manner. No retail account should be glazing Maui Jim frames with ophthalmic or sunglass lenses. Doing so voids Maui Jim's warranty and could lead to termination of your Maui Jim Account.

29.     The Maui Jim Retailer Agreement also expressly states that authorized retailers may "display online only those sunglasses that are in [its] inventory" and may "feature and showcase only current (non-discontinued) Maui Jim styles and lens technologies." These polices ensure that customers will receive the highest quality sunglasses, service and the expedited service and attention that its customers have come to expect from Plaintiff and its retailers.

30.     Plaintiff further ensures high quality customer service from its retailers by

requiring that each authorized retailer have the necessary technology to service online customers and meet certain service requirements as outlined in the Maui Jim Retailer Agreement, including but not limited to, the ability to ship product within 48 hours of receiving an order.

31.     In addition, authorized retailers are required to direct all consumer repairs to Plaintiff for low-cost, high quality repairs that are completed by Plaintiff's trained repair technicians and shipped back to its customers in a timely manner.

32.     The Maui Jim Retailer Agreement also specifically includes, among other things, a provision known as Plaintiff's "Anti-Diversion Agreement". Generally, Plaintiff's Anti-Diversion policy prohibits authorized retailers from selling or otherwise transferring MAUI JIM Sunglasses "to any individual or entity that one might reasonably believe has the intention of reselling the products".

33.     Plaintiff also provides extensive warranty protection for each pair of MAUI JIM Sunglasses sold directly by Plaintiff or through its authorized retailers. Plaintiff does not extend its warranty to sunglasses sold through unauthorized retailers, as it cannot control the quality of the sunglasses. (*See* Exh. C, www.mauijim.com/store-finder/retailer). Plaintiff's warranty and repair program is an integral part of its customer service and marketing plan that consumers have come to expect and enjoy from the MAUI JIM brand and experience.

   **b. Defendants' Infringing Activities**

34.     Defendants are not now, and have never been, authorized retailers of MAUI JIM Sunglasses. Upon information and believe, Defendants obtain MAUI JIM-branded sunglasses from sources other than Plaintiff and offer the sunglasses for sale in U.S. interstate commerce through (among others) the SmartBuy Website without Plaintiff's authorization.

35.     In connection with their unauthorized promotion and sale of MAUI JIM-branded

sunglasses, Defendants utilize Plaintiff's MAUI JIM Registered Marks and MAUI-Formative Marks without Plaintiff's permission.

36.     As an example, Defendants promote the sale of "Maui Jim Prescription Sunglasses" on the SmartBuy Website, along with a copy of Plaintiff's federally registered MAUI JIM stylized logo. Defendants further advertise these "Maui Jim Prescription Sunglasses" as containing Plaintiff's "PolarizedPlus2® lens technology" as shown below, and attached as Exhibit D.



37.     Once a purchaser chooses a style from the "Maui Jim Prescription Sunglasses" page on Defendants' SmartBuy Website, the purchaser is taken to a page that displays details for that particular product under the MAUI JIM Registered Marks and provides the option for purchasing the product with prescription lenses, as shown below and attached as Exhibit E.



38.     The product information page then promotes the sunglasses as incorporating Plaintiff's unique features and technology and refers to these features through use of the MAUI JIM Registered Marks and MAUI-Formative Marks. For example, Defendants advertise the "Maui Jim Red Sands Polarized" sunglasses as containing MAUIPURE lens materials and POLARIZEDPLUS2 technology. (*See* Exh. E.)

39.     Once a purchaser clicks "Buy With Prescription", the purchaser is sent to another page where he or she can choose from a variety of lens options. There is no indication that the prescription lenses advertised on this page are not manufactured by Plaintiff and do not contain the unique features, materials, and lens technology advertised by Defendants on the prior product page. Rather, the product summary section on the right hand side falsely indicates that the frames and lenses chosen by the purchaser are MAUI JIM-branded sunglasses under the MAUI JIM Registered Marks along with a large photo of Plaintiff's sunglasses, as seen below and attached as Exhibit F.



40.     Similarly, on the order summary page that follows once the purchaser adds the product to his or her cart, there is no indication that the prescription lenses purchased are not manufactured by Plaintiff—the product as a whole is sold under the MAUI JIM Registered Marks, as seen in the example below. (*See* Exh. G.)



41.     Upon information and belief, Defendants obtain MAUI JIM-branded non-prescription sunglasses from unauthorized sources, remove the non-prescription lenses and insert

Defendants' own lower quality prescription lenses into the frames, thereby altering Plaintiff's product in material respects. The altered sunglasses are then offered for sale, and sold to purchasers, under the MAUI JIM Registered Marks and MAUI-Formative Marks and are shipped to customers in Plaintiff's MAUI JIM-branded packaging and sunglass case, both affixed with the MAUI JIM Registered Marks. As an example, below are true and copies of photographs taken of the packaging and case for a pair of Maui Jim-branded prescription sunglasses purchased from Defendants.

 

42.     The MAUI JIM-branded prescription sunglasses sold by Defendants are not manufactured or otherwise authorized by Plaintiff—they are counterfeit sunglasses sold under Plaintiff's MAUI JIM Registered Marks and MAUI-Formative Marks. In addition, Defendants' prescription lenses do not contain any of Plaintiff's unique sunglass lens features, colors, materials, applications or lens technologies, contrary to Defendants' statements.

43.     Plaintiff's sunglass lenses are an integral part of Maui Jim Sunglasses and Defendants' removal and replacement of Plaintiff's genuine lenses affects the integrity of the core function of the sunglasses. In addition to harming Plaintiff, this is particularly serious from a public health standpoint because sunglasses are medical devices as defined by the FDA and Defendants' incorrect or low quality lenses may produce adversely affect purchasers' vision.

44.     Upon information and belief, Defendants' MAUI JIM-branded prescription

sunglasses contain prescription lenses that are of lower quality than those manufactured by Plaintiff. As an example, upon information and belief, Defendants' prescription lenses are not digitally compensated, which adversely affects the prescription.  In addition, Defendants' lenses are not bevel angled (a requirement for all lenses in genuine MAUI JIM Sunglasses); rather, the Defendants' modified lenses are flat with distinct edges and gloss finish which adds glare to the lenses. Moreover, Defendants' lenses do not contain backside anti-reflective treatment or bi-gradient applications, or Plaintiff's other proprietary features, lens material, and lens technologies, resulting in lower quality lenses.

45.    Upon information and belief, in some instances, Defendants' lenses are not installed or fitted into Plaintiff's frames properly. In addition, upon information and belief, Defendants improperly install their own lower-quality, prescription lenses in frames that Plaintiff designed solely for use with Plaintiff's *non-prescription* sunglasses. The result is that Defendants' lenses in MAUI JIM-branded prescription sunglasses are not mounted correctly and/or as securely, as genuine MAUI JIM Sunglasses.

46.    Upon information and belief, Defendants misrepresent the features and qualities of their lenses, such as that Defendants' sunglasses are polarized when they are not. As an example, Defendants advertise the availability of prescription MAUI JIM Nene Polarized sunglasses. Not only does the product name advertised include the term "Polarized", but there is an icon below the product photograph that indicates the lenses are "POLARIZED", as shown below. (*See* Exh. H). However, Defendants do not offer polarized prescription lenses for the "Maui Jim Nene Polarized" product. (*See* Exh. I.)



47.     In addition, upon information and belief, upon receiving an order for MAUI JIM-branded sunglasses, Defendants misrepresent to customers that Defendants have "confirmed" the product with the "official distributor" or "brand distributor," affirmatively misleading purchasers into thinking that Defendants are authorized to sell MAUI JIM-branded sunglasses and that Defendants are in communication with Plaintiff regarding the order, when that is not the case.

48.     Upon information and belief, Defendants do not maintain in stock all of the sunglass styles listed on their website, as Plaintiff requires of its authorized distributors. As a result, it sometimes takes Defendants several weeks and even months to obtain the ordered product. Upon information and belief, Defendants have made affirmative false representations to consumers that the delay is caused by the "manufacturer or authorized supplier".

49.     Despite the falsity of these claims, Defendants made and published these misleading representations to deceive consumers.

50.     Consumers reasonably rely on these material misrepresentations in deciding to

16

purchase MAUI JIM-branded sunglasses from Defendants.

51.     Nowhere on the product or website, in the packaging materials, or in the ordering process do Defendants disclose to purchasers that Defendants' prescription lenses are not manufactured or authorized by Plaintiff. Rather, Defendants advertise the high quality and unique features of Plaintiff's lenses in order to entice consumer to purchase the sunglasses from Defendants, and then replace Plaintiff's lenses with lower quality prescription lenses.

52.     Consumers of the MAUI JIM-branded sunglasses sold by Defendants and secondary purchasers or users of the sunglasses are likely to attribute the lower quality replacement lenses and workmanship, and customer service issues to Plaintiff, as well as any flaws in the quality or workmanship resulting from Defendants' unauthorized substitution.

53.     Upon information and belief, Defendants include Plaintiff's Certificate of Warranty with their sales of MAUI JIM-branded prescription and non-prescription sunglasses, even though Plaintiff's warranty is void for all sunglasses sold by Defendants.

54.     Plaintiff's extensive warranty and repair policies are an integral part of Plaintiff's customer service offering that consumers have come to expect as part of the purchase of genuine MAUI JIM Sunglasses and are material to a consumer's decision to purchase MAUI JIM Sunglasses.

55.      Upon information and belief, Defendants do not inform purchasers that they are not authorized Maui Jim retailers or that Plaintiff's warranty and repair policies are void for MAUI JIM-branded sunglasses sold by Defendants; rather, Defendants mislead consumers into believing that Defendants are authorized retailers.

56.     On the SmartBuy Website, Defendants advertise and "guarantee" that "all of [its] products are 100% authentic". Defendants further state that "[a]s one of the world's largest

17

designer eyewear e-retailers since 2006, SmartBuyGlasses can guarantee genuine designer quality eyewear." (Exh. J, http://www.smartbuyglasses.com/secure.) However, as stated above, the MAUI JIM-branded prescription sunglasses purchased from Defendants are counterfeit products and the MAUI JIM-branded non-prescription sunglasses are non-genuine, materially different sunglasses.

57. Defendants have knowingly and willfully used and continue to use the MAUI JIM Registered Marks and MAUI-Formative Marks in connection with the advertisement, distribution, offering for sale, and sale of MAUI JIM-branded prescription and non-prescription sunglasses with an intent to capitalize on the reputation and goodwill of Plaintiff, to confuse and deceive consumers, and to unfairly compete with Plaintiff and its authorized retailers.

58. Defendants' use of the MAUI JIM Registered Marks and MAUI-Formative Marks in connection with the advertising, distribution, offering for sale, and sale of MAUI JIM-branded sunglasses is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. Consumers will likely believe that Defendants' MAUI JIM-branded sunglasses with substituted lenses are manufactured by, or in some way associated with or connected with or approved or authorized by Plaintiff when that is not the case.

59. Defendants' actions have damaged, and unless enjoined by the Court, will continue to damage, Plaintiff and the goodwill and excellent reputation Plaintiff has developed in the MAUI JIM Registered Marks and MAUI-Formative Marks and in its reputable authorized retailer network.

B. **FACTS RELATED TO COPYRIGHT INFRINGEMENT CLAIM**

60. Plaintiff is the author and exclusive copyright owner of numerous photographic

images of Plaintiff's sunglass products that Plaintiff displays on its website at mauijim.com ("Maui Jim Website"), the Maui Jim catalog and other marketing material in connection with its sales and promotion of MAUI JIM Sunglasses ("Maui Jim Copyrighted Images"). Plaintiff displays a copyright notice with each use of the Maui Jim Copyrighted Images, whether online or in print. For example, each page of the Maui Jim Website includes a copyright notice "©2016 MAUI JIM, INC." and its Terms of Use specifically states that:

> Unless otherwise noted, all materials, including text, illustrations, photographs, designs, graphics, logos, button icons, images, audio clips, software, written and other material (collectively, the "Contents") are copyrights, trademarks, trade dress and/or other intellectual properties, owned, controlled or licensed by Maui Jim, Inc.

61.     The Maui Jim Copyrighted Images are professional photographic works of high quality and they depict each of Plaintiff's sunglasses at a variety of angles, and in different colors, to enhance consumers' sunglass shopping experience.

62.     Plaintiff has invested a significant amount of resources in the Maui Jim Copyrighted Images.

63.     The Maui Jim Copyrighted Images are original works of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 *et seq*.

64.     Each of the ninety-three (93) Maui Jim Copyrighted Images at issue in this case is registered to Plaintiff with the U.S. Copyright Office or is the subject of a pending application, as indicated on Exhibit K. True and correct copies of the registration certificates and pending applications for the Maui Jim Copyrighted Images that are the subject of this action are attached hereto as Exhibit L.

65.     Defendants have reproduced, distributed, publicly performed, publicly displayed, and/or prepared materials that are copies of the Maui Jim Copyrighted Images, that are substantially similar to the Maui Jim Copyrighted Images, and/or that are derivative of the Maui

Jim Copyrighted Images.

66.    Specifically, Defendants have systematically copied over ninety-three (93) of Maui Jim's Copyrighted Images from the Maui Jim Website and reproduced these images on the SmartBuy Website in connection with their unauthorized sales of MAUI JIM counterfeit sunglasses in U.S. interstate commerce.  Below is an example of one of the registered Maui Jim Copyrighted Images on the left and a screenshot of Defendants' unauthorized reproduction of the image on the SmartBuy Website.

| Maui Jim Copyrighted Image | Image Reproduced on SmartBuy Website |
|---|---|
|  |  www.smartbuyglasses.com/designer-sunglasses/Maui-Jim/Maui-Jim-Road-Trip-Polarized-435-03J-310624.html |

67.    A chart of each of the Maui Jim Copyrighted Images currently known to be infringed by Defendants as well as a screenshot of the infringed work on the SmartBuy Website can be found in Exhibit K.

68.    Upon information and belief, Defendants knew the Maui Jim Copyrighted Images were owned by Plaintiff, and despite this knowledge, willfully copied and reproduced the Maui Jim Copyrighted Images in connection with their unauthorized sale of MAUI JIM-branded sunglasses.

69.    Defendants do not have, and have never had, any license, authorization,

permission or consent from Plaintiff to reproduce, distribute, publicly perform, publicly display, or prepare derivative works based, in whole or in part, on the Maui Jim Copyrighted Images.

70.     Defendants' infringement of the Maui Jim Copyrighted Images perpetuates the intended impression that Defendants are authorized to sell MAUI JIM-branded sunglasses and that they sell genuine MAUI JIM-branded sunglasses, when that is not the case; the MAUI JIM-branded sunglasses sold by Defendants are counterfeit and materially different sunglasses.

## COUNT I
### Federal Trademark Counterfeiting and Infringement
### in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114

71.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-70 above.

72.     Defendants' use of the MAUI JIM Registered Marks and registered MAUI-Formative Marks violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), because it constitutes willful and deliberate use in commerce of counterfeit reproductions, copies and/or colorable imitations of Plaintiff's federally registered MAUI JIM Registered Marks and MAUI-Formative Marks for the sale, offering for sale, rendering of, distribution, and advertising of Defendants' sunglasses in a manner likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Defendants and of Defendants' products with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products.

73.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith and without the consent or authorization of Plaintiff.

74.     Defendants' activities constitute willful trademark counterfeiting and infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

75.     Defendants' actions have caused and continue to cause irreparable harm and damage to Plaintiff, for which Plaintiff has no adequate remedy at law. Unless enjoined,

Defendants will continue their wrongful actions, further injuring Plaintiff and confusing the public.

## COUNT II
**Federal Unfair Competition and False Advertising
in Violation of Section 43(a) of the Lanham Act**

76.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-75 above.

77.     Defendants' use of the MAUI JIM Registered Marks and MAUI-Formative Marks unfairly competes with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).  Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that are likely to cause confusion and mistake as to the origin, sponsorship, or approval by Plaintiff of goods distributed and services rendered and promoted by Defendants.

78.     Defendants have made and are making false or misleading misrepresentations of fact concerning the nature, characteristics, or qualities of Defendants' products in their advertising and promotion of Defendants' products, and in connection with the sale or offering for sale of Defendants' products in interstate commerce.

79.     Defendants' representations have deceived or have the capacity to deceive consumers as to the nature, characteristics, or qualities of Defendants' products, which are material to consumers' purchasing decisions.

80.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

81.     Defendants' actions have caused and continue to cause irreparable harm and damage to Plaintiff, for which Plaintiff has no adequate remedy at law.  Unless enjoined, Defendants will continue their wrongful actions, further injuring Plaintiff and confusing the

public.

## COUNT III
### Trademark Dilution of Blurring and Tarnishment
### in Violation of Section 43(c) of the Lanham Act

82.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-81 above.

83.     The MAUI JIM Registered Marks are famous and distinctive, and have been used and advertised continuously throughout the United States of America for many years.

84.     The foregoing acts of Defendant have caused, and will continue to cause, irreparable dilution of the distinctive quality of the MAUI JIM Registered Marks and are intended to undermine the uniqueness and distinctiveness of the MAUI JIM Registered Marks, constituting dilution by blurring of the MAUI JIM Registered Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C 1125(c).

85.     Additionally, Defendants' use of the MAUI JIM Registered Marks has caused, and will continue to cause, a reduction in value of the MAUI JIM Registered Marks because the public will wrongly associate the lack of quality and/or prestige of Defendants' MAUI JIM-branded goods with Plaintiff, constituting dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C 1125(c).

86.     Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

87.     Defendants' actions have caused and continue to cause irreparable harm and damage to Plaintiff, for which Plaintiff has no adequate remedy at law.  Unless enjoined, Defendants will continue their wrongful actions, further injuring Plaintiff and confusing the public.

## COUNT IV
### Copyright Infringement, 17 U.S.C. §§ 106 and 501

88.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1-87 above.

89.     Plaintiff is the author and exclusive owner of all rights, title, and interest, in and to the copyrights in the Maui Jim Copyrighted Images listed in Exh. K.

90.     The Maui Jim Copyrighted Images are original works of authorship entitled to the full protection of the Copyright Laws, 17 U.S.C. §§ 101 *et seq.*

91.     Each of the Maui Jim Copyrighted Images has been registered with the United States Copyright Office by Plaintiff or an application is pending, as listed in Exh. L.

92.     Defendants, without the consent or authorization of Plaintiff, have unlawfully reproduced, distributed, publicly performed, publicly displayed, and/or prepared materials that are copies of the Maui Jim Copyrighted Images, that are substantially similar to the Maui Jim Copyrighted Images, and/or that are derivative of the Maui Jim Copyrighted Images.

93.     Defendants' copying of the Maui Jim Copyrighted Images constitutes infringement under 17 U.S.C. § 501 *et seq.*, as violating the exclusive rights granted to Plaintiff by 17 U.S.C. § 106.

94.     Defendants have financially profited from their infringement.

95.     Defendants have engaged in the aforesaid acts of infringement for their own commercial and financial benefit and have failed to compensate Plaintiff for Defendants' infringing acts.

96.     Defendants' acts of infringement have been willful, intentional, and purposeful in that, among other things, Defendants had access to the Maui Jim Copyrighted Images before engaging in their unlawful acts, and had knowledge of Plaintiff's copyrights therein, thus evidencing Defendants' intentional disregard of, and indifference to, Plaintiff's rights.

97.     As a direct and proximate result of Defendants' intentionally infringing conduct,

24

Plaintiff has suffered financial damage and has sustained damage to its goodwill among customers and potential customers.

98.    As a direct and proximate result of Defendants' intentional infringing conduct, Defendants have been unjustly enriched and Plaintiff is entitled to (among other things) Defendants' profits attributable to the infringement, including an account of, and a constructive trust with respect to, such profits.

99.    As a direct and proximate result of Defendants' intentionally infringing conduct, Plaintiff is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505 and otherwise according to law.

100.    Unless enjoined by this Court, Defendants will continue their unlawful conduct and will cause Plaintiff to suffer additional harm, financial and otherwise (including irreparable harm). Absent injunctive relief, Plaintiff does not have an adequate remedy at law to redress the injuries that Defendants' wrongful conduct has caused and will continue to cause.

**COUNT V**
**Unfair Competition in Violation of the**
**Illinois Uniform Deceptive Trade Practices Act**

101.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1-100 above.

102.    The foregoing acts of Defendants violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510(2)(A).

103.    Defendants' deceptive trade practices have caused, and continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of services provided by Defendants under the MAUI JIM Registered Marks and MAUI-Formative Marks.

104.    Members of the general public are likely to be confused as to whether Defendants

25

and their goods are affiliated with Plaintiff. This conduct has had, and will continue to have, an adverse impact on Plaintiff and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist in fact. As a direct and proximate result of Defendants' unfair trade practices, members of the general public have mistakenly believed, and will continue to mistakenly believe, that Defendants' business, and the goods provided by Defendants, are approved or endorsed by, or otherwise affiliated with, Plaintiff.

105. Defendants' misrepresentations as to the quality of its goods and its statements that its goods are original or new, when the goods are actually counterfeit and not genuine product further violates this Act.

106. The Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

107. Defendants' actions have caused and continue to cause irreparable harm and damage to Plaintiff, for which Plaintiff has no adequate remedy at law. Unless enjoined, Defendants will continue their wrongful actions, further injuring Plaintiff and confusing the public.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks the following relief against Defendants, collectively and individually:

A. A finding that Defendants' use of Plaintiff's MAUI JIM Registered Marks and MAUI-Formative Marks is willful and constitutes trademark counterfeiting, trademark infringement, trademark dilution, and false designation of origin under 15 U.S.C. §§ 1114 and 1125;

B. An order preliminarily and permanently enjoining and restraining Defendants,

their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them (collectively hereafter, "Defendants"), from engaging in any of the following acts:

(i)      Unauthorized sale or offering for sale of all MAUI JIM-branded sunglasses in any manner, including but not limited through the SmartBuy Website;

(ii)     Representing in any fashion to any third party, or performing any act which may give rise to the belief that Defendants, or any of their products, are authorized or sponsored by Plaintiff;

(iii)    Passing off, inducing or enabling others to sell or pass off any goods as products produced by Plaintiff;

(iv)    Using or registering the MAUI JIM Registered Marks or MAUI-Formative Marks, or any similar name, mark, or slogan in any manner whatsoever, either alone or as part of any other elements, including any trademark, trade name, corporate name or domain name;

(v)     Using any of the MAUI JIM Registered Marks and MAUI-Formative Marks in any manner whatsoever, including in conjunction with other words, symbols or colors;

(vi)    Using any trademarks, trade dress, trade names or domain names that are similar to the MAUI JIM Registered Marks or MAUI-Formative Marks;

(vii)   Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' goods or services are in any way affiliated, connected, or associated with Plaintiff or its goods or services, or doing any other act or thing likely to cause confusion or dilution with respect to any of Plaintiff's trademarks;

(viii) Trading on the goodwill associated with the MAUI JIM Registered Marks

and MAUI-Formative Marks and passing off its goods as those of Plaintiff;

(ix) Employing misleading descriptions or representations of fact in commercial advertising and promotion that misrepresent the nature, characteristic, or the qualities of Defendants' goods;

(x) Injuring Plaintiff's business reputation and the goodwill associated with the MAUI JIM Registered Marks and MAUI-Formative Marks and from otherwise unfairly competing with Plaintiff in any manner whatsoever.

(xi) Infringing any of Plaintiff's copyrighted works, including but not limited to the Maui Jim Copyrighted Images.

C.     An order requiring Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control, as well as all plates, molds, matrices, masters, and other means of making any of those infringing items, that contain the MAUI JIM Registered Marks or MAUI-Formative Marks or any other term confusingly similar to the Plaintiff's marks, either alone or in combination with other words, colors, or symbols;

D.     A finding that Defendants have unfairly competed with Plaintiff by the acts complained of herein in violation of federal law.

E.     A finding that Defendants have willfully infringed Plaintiff's copyrights in the Maui Jim Copyrighted Images;

F.     A finding that Defendants' acts constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510(2)(A);

G.     An order requiring Defendants to file with the Court and to serve on Plaintiff,

28

within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

H.     Awarding Plaintiff monetary relief in an amount to be determined, such amount to be trebled pursuant to 15 U.S.C. § 1117; and

I.     Awarding Plaintiff actual damages in such amount as may be found, as recoverable under the Copyright Act or otherwise permitted by law.

J.     For statutory damages, as recoverable under the law;

K.     Awarding Plaintiff attorneys' fees, costs, and disbursements in this action.

L.     For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to their infringing activities.

M.     For prejudgment and postjudgment interest on any award from this action.

N.     For such other, further, and different relief as the Court deems proper under the circumstances.

Date:  October 17, 2016                     Respectfully Submitted,

                                            By: /s/ Michelle Miller Mikol

                                            John T. Gabrielides (Illinois Bar No. 6198323)
                                            Michelle M. Mikol (Illinois Bar No. 6290243)
                                            BARNES & THORNBURG LLP
                                            One North Wacker Drive.
                                            Suite 4400
                                            Chicago, IL 60606
                                            (312) 357-1313
                                            1717 Pennsylvania Avenue NW
                                            Suite 500
                                            Washington, DC 20006
                                            (202) 371-6356
                                            jgabrielides@btlaw.com
                                            mmikol@btlaw.com

                                            Attorneys for Plaintiff

DMS 4410107v1

29