**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **MAUI JIM, INC.**, an Illinois Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-09788 |
| ) | |
| **SMARTBUY GURU ENTERPRISES**, a ) | PLAINTIFF'S MEMORANDUM IN |
| Cayman Island Company, **MOTION** ) | SUPPORT OF ITS MOTION TO |
| **GLOBAL LTD.**, a Hong Kong Company, ) | COMPEL DEFENDANTS' |
| **SMARTBUYGLASSES SOCIETÀ A** ) | PRODUCTION OF DOCUMENTS |
| **RESPONSABILITÀ LIMITATA**, an Italian ) | |
| company, **SMARTBUYGLASSES** ) | Judge Aspen |
| **OPTICAL LIMITED**, a Hong Kong ) | |
| company, ) | Magistrate Judge Gilbert |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**
**DEFENDANTS' PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.2 of the Local Rules of this Court, Plaintiff Maui Jim, Inc. ("Plaintiff"), hereby moves this Court for an order requiring that Defendants SmartBuy Guru Enterprises, Motion Global Ltd., Smartbuyglasses Società a Responsabilità Limitata, and SmartBuyGlasses Optical Limited (collectively, "Defendants"), produce documents responsive to six document requests seeking information on Defendants' procurement of MAUI JIM-branded sunglasses and the identity of Defendants' suppliers of the sunglasses. Defendants' conclusory and demonstrably incorrect objections to the requests have no merit and prevent Plaintiff from developing its case and from testing the facts behind Defendants' affirmative defenses of exhaustion, license, and waiver. Defendants should be ordered to produce the requested documents promptly.

Plaintiff served the document requests on March 24, 2017. Defendants served their written responses on May 3, 2017. On June 9, 2017, the parties' counsel held a telephonic conference with one another in an attempt to resolve their differences, in accordance with Local Rule 37.2. Although some discovery issues have been resolved, and the parties are attempting to work through others, the parties are at an impasse over the six Document Requests raised by this Motion. On August 17, 2017, the parties advised the Court that they had not made progress in settlement discussions and would be moving forward with discovery.

## BACKGROUND

Plaintiff is a leading designer, manufacturer, and provider of premium prescription and non-prescription sunglasses marketed, offered, and sold under its MAUI JIM marks. To maintain its high quality sunglasses, selection and customer service, Plaintiff limits the distribution of its sunglasses to only select authorized retailers to which Plaintiff sells directly.

Defendants are not now, and have never been, authorized retailers of MAUI JIM sunglasses. Defendants obtain MAUI JIM-branded sunglasses from unidentified sources other than Plaintiff and offer the sunglasses for sale without Plaintiff's authorization. In this action, Plaintiff alleges, among other things, that the non-prescription MAUI JIM-branded sunglasses sold by Defendants are not genuine and that the prescription MAUI JIM-branded sunglasses sold by Defendants are counterfeit. (Dkt. 1, Compl., ¶ 56.) Plaintiff also alleges that Defendants' advertising claims that "guarantee" that their MAUI JIM-branded sunglasses are "100% authentic" constitute false advertising under the Lanham Act. (*Id*.)

Defendants deny all salient allegations of Plaintiff's Complaint. With particular relevance to this Motion, Defendants assert that the MAUI JIM-branded sunglasses they sell are "authentic" and "genuine." (Dkt. 20, Answer ¶ 42; Countercl. ¶¶ 18, 23, 26, 32.)

To test Defendants' denial and assertion, Plaintiff served document requests aimed at identifying the source(s) behind the supposedly "authentic" and "genuine" MAUI JIM-branded sunglasses that Defendants sell. Defendants, however, refuse to produce any documents on the identities of their suppliers. Without this information, it is impossible for Plaintiff to determine if the MAUI JIM-branded sunglasses sold by Defendants even originated with Plaintiff—a question that is important to Plaintiff's claims and several of Defendants' affirmative defenses. Defendants cannot have it both ways; they cannot argue that the MAUI JIM-branded sunglasses that they sell are "absolutely authentic" (Dkt. 20, Countercl. ¶ 23) while simultaneously refusing to provide Plaintiff with documents showing from whom Defendants obtained the sunglasses.

The Document Requests at issue in this Motion are few (six), narrow, and carefully tailored to issues plainly in dispute, seeking documents on: Defendants' procurement of MAUI JIM-branded sunglasses and the identities of its suppliers. The Requests can be broken down as follows:

(i) Request Nos. 5 and 7 request documents sufficient to identify Defendants' supplier(s) of MAUI JIM-branded prescription and non-prescription sunglasses for distribution *in the United States*,

(ii) Request Nos. 6 and 8 request documents sufficient to identify Defendants' supplier(s) of MAUI JIM-branded prescription and non-prescription sunglasses for distribution *outside of the United States*, and

(iii) Request Nos. 9 and 10 request documents relating to Defendants' procurement, or attempts to procure, MAUI JIM-branded prescription and non-prescription sunglasses.

Plaintiff's Document Requests and Defendants' responses thereto are reproduced verbatim below (*see also*, Exh. A, pp 3-5):

- **Request No. 5: Documents sufficient to show each person or entity that supplies one or more Defendant with MAUI JIM-branded sunglasses with prescription lenses for distribution in the United States.**

  Response: Defendants object to Request for Production 5 because it is overly broad, irrelevant, disproportionate to the needs of the case, and not calculated to lead to the discovery of admissible evidence. In particular, the identity of the party or parties from which Defendants acquire MAUI JIM-branded sunglasses has no material bearing on the claims alleged because the procurement of authentic frames is not in dispute. Plaintiff seeks the identification for the sole and improper purpose of seeking to restrain and restrict commerce to channels it deems appropriate. Preserving those objections, Defendants will produce non-privileged, responsive documents, if any, in their possession, custody, or control that identify the vendors supplying the prescription lenses.

- **Request No. 6: Documents sufficient to show each person or entity that supplies one or more Defendant with MAUI JIM-branded sunglasses with prescription lenses for distribution outside of the United States, by country.**

  Response: Defendants object to Request for Production 6 because it is overly broad, irrelevant, disproportionate to the needs of the case, and not calculated to lead to the discovery of admissible evidence. In particular, the identity of the party or parties from which Defendants acquire MAUI JIM-branded sunglasses outside of the United States has no material bearing on the claims alleged. Plaintiff seeks the identification for the sole and improper purpose of seeking to restrain and restrict commerce to channels it deems appropriate.

- **Request No. 7**: **Documents sufficient to show each person or entity that supplies one or more Defendant with MAUI JIM-branded sunglasses without prescription lenses for distribution in the United States.**

  Response: Defendants object to Request for Production 7 because it is overly broad, irrelevant, disproportionate to the needs of the case, and not calculated to lead to the discovery of admissible evidence. In particular, the identity of the party or parties from which Defendants acquire MAUI JIM-branded sunglasses has no material bearing on the claims alleged because the procurement of authentic non-prescription sunglasses is not in dispute. Plaintiff seeks the identification for the sole and improper purpose of seeking to restrain and restrict commerce to channels it deems appropriate.

- **Request No. 8: Documents sufficient to show each person or entity that supplies one or more Defendant with MAUI JIM-branded sunglasses without prescription lenses for distribution outside of the United States, by country.**

  Response: Defendants object to Request for Production 8 because it is overly broad, irrelevant, disproportionate to the needs of the case, and not calculated to lead to the discovery of admissible evidence.

- **Request No. 9: Documents relating or referring to each Defendant's procurement of, or attempt to procure, MAUI JIM-branded sunglasses with prescription lenses.**

    Response: Defendants object to this request as vague and ambiguous. Preserving those objections, to the extent that the request seeks documents related to requests by Defendants to obtain MAUI JIM-branded sunglasses with MAUI JIM-branded prescription lenses, Defendants state that they have no responsive documents. To the extent that this request seeks information concerning Defendants' supply chain for the prescription lenses used by Defendants in connection with their sales of MAUI JIM-branded sunglasses, Defendants will produce non- privileged, responsive documents, if any, in their possession, custody, or control. To the extent that this request seeks information concerning Defendants' supply chain for the MAUI JIM- branded frames, Defendants object to the request as overly broad, irrelevant, disproportionate to the needs of the case, and not calculated to lead to the discovery of admissible evidence. In particular, the identity of the party or parties from which Defendants acquire MAUI JIM-branded sunglasses has no material bearing on the claims alleged because the procurement of authentic frames is not in dispute. Plaintiff seeks the identification for the sole and improper purpose of seeking to restrain and restrict commerce to channels it deems appropriate.

    **Request No. 10: Documents relating or referring to each Defendant's procurement of, or attempt to procure, MAUI JIM-branded sunglasses without prescription lenses.**

    Response: Defendants object to Request for Production 10 because it is overly broad, irrelevant, disproportionate to the needs of the case, and not calculated to lead to the discovery of admissible evidence. In particular, the identity of the party or parties from which Defendants acquire MAUI JIM-branded sunglasses has no material bearing on the claims alleged because the procurement of authentic non-prescription sunglasses is not in dispute. Plaintiff seeks the identification for the sole and improper purpose of seeking to restrain and restrict commerce to channels it deems appropriate.

Defendants' boilerplate objections to all six Requests lack any specificity. Plaintiff is therefore unable to respond to them, making them insufficient.

Defendants raise specific objections only to Requests Nos. 5, 7, 9, and 10, arguing that the Requests seek documents that have "no material bearing on the claims alleged" because Defendants' procurement of supposedly "authentic frames" and supposedly "authentic non-prescriptions sunglasses" is not dispute. The premise of this objection is demonstrably incorrect. Unless Defendants have suddenly reversed themselves and admitted that the MAUI JIM-branded

5

sunglasses that they sell are, in fact, not authentic, then the authenticity of Defendants' sunglasses is squarely in dispute.

Accordingly, Defendants should be ordered to produce all responsive documents promptly, for the reasons explained in more detail below.[1]

## ARGUMENT

I. **Legal Standard**

According to Federal Rule of Civil Procedure 26(b)(1), Plaintiff is entitled to discover:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Such information "need not be admissible in evidence to be discoverable." *Id*. Prior to limiting discovery, "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Simon v. Nw. Univ.*, 15-CV-1433, 2017 WL 467677, at *2 (N.D. Ill. Feb. 3, 2017)(citations omitted)(Exh. B). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006); *see also* Fed. R. Civ. P. 26, 2015 Rules Committee Comment (amended rule "does not place on the party seeking discovery the burden of addressing all proportionality considerations").

---

[1] In response to Requests No. 5 and 9, Defendants have agreed to identify the source(s) of the prescription lenses that Defendants insert into MAUI JIM-branded sunglasses, but Defendants refuse to identify the source(s) of the MAUI JIM-branded frames. Defendants seemingly admit the relevance of the sources of the prescription lenses, but blanketly object to the relevance of the sources of the MAUI JIM –branded frames. The two are equally relevant.

6

## II. The Requested Documents are Relevant to Plaintiff's Claims

The identities of Defendants' suppliers of the allegedly counterfeit and infringing sunglasses, and related information regarding Defendants' procurement of the sunglasses, are not merely relevant—they are fundamental to Plaintiff's claims, and fall squarely within the scope of Rule 26.

It is undisputed that Defendants operate a website at www.smartbuyglasses.com ("Defendants' Website") through which Defendants sell MAUI JIM-branded sunglasses. (Dkt. 20, Ans. ¶ 2; Countercl. ¶ 17.) Defendants also admit to making the following representations regarding the alleged authenticity of the sunglasses on Defendants' Website:

- "We guarantee that all of our products are 100% authentic."

- "As one of the world's largest designer eyewear e-retailers since 2006, [Defendants] can guarantee genuine designer quality eyewear."

(*Id.*, ¶ 56.)

Plaintiff does not sell, and has never sold, MAUI JIM Sunglasses to Defendants, and Plaintiff's authorized retailers are not authorized to sell MAUI JIM Sunglasses to Defendants. (Dkt. 1, ¶¶ 32, 34.) Therefore, Plaintiff believes that the MAUI JIM-branded sunglasses Defendants offer are counterfeit and/or non-genuine, as alleged in the Complaint. For example:

- "…the MAUI JIM-branded prescription sunglasses purchased from Defendants are **counterfeit** products and the MAUI JIM-branded non-prescription sunglasses are **non-genuine**, materially different sunglasses." (*Id.* at ¶56)(emphasis added);

- "Defendants' use of the MAUI JIM Registered Marks and registered MAUI-Formative Marks violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), because it constitutes willful and deliberate use in commerce of **counterfeit reproductions, copies and/or colorable imitations** of Plaintiff's federally registered MAUI JIM Registered Marks and MAUI-Formative Marks ..." (*Id.* at ¶ 72)(emphasis added);

- "Defendants' misrepresentations as to the quality of its goods and its statements that its goods are original or new, **when the goods are actually counterfeit and**

7

> **not genuine products further violates** [the Illinois Uniform Deceptive Trade Practices Act]." (*Id*. at ¶105)(emphasis added);

Plaintiff also alleges that Defendants' representations that its products are genuine and authentic constitute false advertising. (*Id*. at ¶¶ 56, 78-79, 105.)

Defendants deny these allegations with claims of authenticity and assert defenses of exhaustion, license and waiver. (Dkt. 20, Fourth, Fifth, and Ninth Affirm. Defs. (pp. 36-37); Countercl. at ¶¶ 1, 16, 32, 34.) Indeed, in their Counterclaim, Defendants specifically allege they are "selling authentic goods as an authorized supplier." (*Id*., Countercl. ¶ 32.) Thus, contrary to Defendants' objection, the authenticity of the MAUI JIM-branded sunglasses, non-prescription and prescription alike, that Defendants sell is unquestionably in dispute, simply by reading the Complaint and Defendants' answer thereto. Accordingly, the means by which Defendants obtain the sunglasses and the identities of their suppliers is indisputably relevant. Moreover, the requested information could lead to potential witnesses with information about the nature and quality of the allegedly infringing goods, the sales of the goods, and Defendants' knowledge and intent.

To the extent Defendants argue that Plaintiff can determine the authenticity of Defendants' sunglasses through inspection, the argument is implausible for several reasons. First, Plaintiff would have to inspect every pair of sunglasses in Defendants' stock. That would place an enormous burden on Plaintiff. Second, even if such an undertaking were logistically possible, it would reflect the character and quality of the sunglasses in Defendants' stock only at the particular time of the inspection. It would not impart any information on any sunglasses at any time prior to the inspection, and inspections would have to be continually repeated throughout the pendency of the case, which is plainly not viable. Third, a physical inspection would not provide Plaintiff with information on the channels the sunglasses traveled between Plaintiff (if

8

they even originated with Plaintiff) and Defendants, nor would it provide information on Defendants' procurement process (Requests Nos. 9, 10), such as how Defendants (i) source the sunglasses, (ii) verify the supposed "authenticity" of the sunglasses, (iii) verify that a supplier is an "authorized" retailer of Maui Jim, (iv) communicate with suppliers, and other information related to Defendants' procurement of MAUI JIM-branded sunglasses—all relevant.

Plaintiff is entitled to documents sufficient to identify the source from which Defendants obtain the sunglasses at issue so that Plaintiff can challenge Defendants' claim of authenticity—a supposed fact that Defendants rely on in defense of Plaintiff's claims of trademark infringement, counterfeiting, dilution, unfair competition, and false advertising.

Defendants have not provided any detail on how production of documents sufficient to identify its suppliers and show its procurement process would be unduly burdensome or not proportional to the needs of the case. Rather, Defendants expressly state in their Counterclaim that one of the Defendants "procures genuine Maui Jim sunglasses primarily through European affiliates and distributors that purchase directly from Maui Jim." (Dkt. 20, Countercl. ¶ 18.) Thus, it appears that this information is readily available to Defendants.

Courts have held supplier information to be relevant and within the scope of discovery in trademark cases.

For example, in *Coach, Inc. vs. Asia Pacific Trading Company, Inc*., 09CV35, 2009 WL 10675238 (C.D. Cal. 2009)(Exh. C), plaintiffs alleged that defendants sold infringing sunglasses and requested documents identifying defendants' suppliers, manufacturers, and/or sources of the allegedly infringing product. *Id.* at *1. The defendants refused to produce the documents on the basis of relevance. In granting plaintiffs' motion to compel, the Court held that the supplier information was relevant to plaintiffs' claims and to defendants' affirmative defense of waiver:

9

> The information sought by plaintiffs here—information as to the manufacturers, sources and/or suppliers of the allegedly infringing products—is relevant to plaintiffs' claims, and must be produced. This discovery could lead to information about potential witnesses, as well as information about sales of the allegedly infringing goods, and possibly to [defendants'] defense of waiver.

*Id*.

Likewise in *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, 07CV90, 2007 WL 4357672, at *3 (S.D. Cal. Dec. 11, 2007) (Exh. D), the district court judge affirmed the magistrate judge's determination that the identity of the company that supplied plaintiff's products to defendant was relevant in trademark infringement and counterfeiting case.

To the extent that Defendants argue that documents sufficient to identify the suppliers of sunglasses distributed outside the United States are not relevant, this objection is similarly meritless. Plaintiff's counterfeiting, infringement, and unfair competition claims relate to activities taking place both inside the United States and outside of the United States. In fact, it is very likely that at least some of the products that Defendants sell in the United States come from sources outside of the United States. Accordingly, Plaintiff is entitled to documents regarding Defendants' procurement process and suppliers for product distributed both inside and outside the United States (to the extent one group is distinct from the other).

### III. The Requested Documents are Relevant to Defendants' Affirmative Defenses

Defendants' decision to interpose several affirmative defenses provides independent grounds for discovery on the source of Defendants' MAUI JIM-branded sunglasses. Defendants' Fifth Affirmative Defense relies on the doctrine of exhaustion (also known as "the first sale doctrine"), which generally provides that one may properly resell goods that bear another's mark, so long as the goods are lawfully made or obtained, and are not materially different from the goods as they originated from the trademark owner. *See Beltronics USA, Inc. v. Midwest*

*Inventory Distribution, LLC*, 562 F.3d 1067, 1072 (10th Cir. 2009). Here, Defendants assert that Plaintiff cannot restrict Defendants from selling MAUI JIM-branded sunglasses because Plaintiff's initial sales of the sunglasses exhausted Plaintiff's rights in the sunglasses. (Defs.' Affirm. Def. No. 5, Dkt. 20, p. 36). This argument presumes at the threshold that the sunglasses that Defendants sell are authentic and not materially different from Plaintiff's sunglasses. That, however, is in dispute. Defendants have put their supplier information directly at issue by invoking the exhaustion/first sale doctrine.

In *Pendleton Woolen Mills, Inc. v. Kraff's Men's Wear Co*., Inc., 3:14CV628, 2014 WL 7777762 (D. Or. Nov. 21, 2014) (Exh. E), the Court granted plaintiff's motion to compel the identities of defendants' suppliers in a copyright and trademark infringement action, in part because "defendants' invocation of the 'first sale doctrine' as an affirmative defense…places their supplier information squarely at issue in this litigation." *Id*. at *8. Moreover, the legislative history of the Copyright Act—from which the first sale doctrine in trademark law originates—clearly establishes that the party asserting the defense bears the burden of establishing that the goods were "lawfully made or acquired." *Id*. citing 17 U.S.C. 109(a), H.R. Rep. No. 94-1476, 80-81 (1976).

Defendants' Ninth Affirmative Defense of license similarly places at issue, and therefore requires disclosure of, the identity Defendants' suppliers. Defendants' state that:

> Defendants' use and/or sale of Maui Jim's copyrighted and trademarked material is lawful based on agreements between Maui Jim and its past and present customers and/or distributors. Maui Jim's claims are barred by the doctrine of **actual or implied license because Maui Jim authorized, impliedly or explicitly, Defendants' allegedly infringing sales** and use of works at issue.

(Dkt. 20, Ninth Affirmative Defense (p. 37)(emphasis added.))

This defense expressly relies on a supposed "actual or implied license" between Plaintiff and the Defendants, which license is supposedly based on an underlying agreement between Plaintiff "and its past and present customers and/or distributors." Who are the Plaintiff's "customers and/or distributors" who have agreements with Plaintiff on which Defendants rely for their "license" defense? If Defendants are going to argue that they are licensed to do what they have done, and that the license stems from an agreement between Plaintiff and its customers and/or distributors, Defendants must be required to identify those customers and/or distributors.

Finally, Defendants' Fourth Affirmative Defense asserts the waiver doctrine, which also requires disclosure of Defendants' suppliers, as held in *Bare Esentuals Beauty, Inc. vs. Costco Wholesale Corp*. There, as here, the plaintiff sought discovery on the identities of defendant's supplier in a trademark infringement and unfair competition action, contending that the information was relevant to its trademark infringement claims and several of defendant's defenses. 2007 WL 4357672 (S.D. Cal. Dec. 11, 2007). In granting plaintiff's motion to compel the requested information, the Magistrate Judge found the information relevant – so relevant, in fact, that the supplier information "should have been part of the Rule 26 disclosures":

> I believe that [defendant] has raised the supplier status in…at least three of its affirmative defenses, and yet does not want to disclose the name, when it is clear to both litigants that the identity of the supplier is relevant to both sides, claims or defendant's defenses. Thus, defendant's position is just not acceptable under the present facts.
>
> ….
>
> The fifth affirmative defense is the claims alleged in the complaint [are barred] by the doctrine of waiver. And I don't know how that can be decided without understanding who the supplier is to [defendant]…And obviously, there's the eighth affirmative defense, which relies on the first sale doctrine…if only the first sale doctrine was an affirmative defense, I would feel obliged to allow [plaintiff] to have this information, either by discovery, or and really in a very real sense, it should have been part of the Rule 26 disclosures.

*Id.* at *3. Thus, the district court held that Magistrate Judge did not abuse his discretion in ordering disclosure of supplier information. *Id.*

**IV.     Plaintiff is Entitled to Its Reasonable Expenses Incurred in Bringing this Motion**

Defendants cannot offer substantial justification for refusing to produce the documents in response to the Document Requests at issue. The documents are important to the issues in the case – issues that are squarely at issue by Plaintiff's allegations and even more so by Defendants' three affirmative defenses discussed herein. As a result, Plaintiff requests that the Court require Defendants to pay Plaintiff's reasonable expenses incurred in making this Motion, including attorneys' fees. *See* Rule 37(a)(5)(A), FED.R.CIV.P.

## CONCLUSION

Discovery of Defendants' documents that show information related to Defendants' procurement of MAUI JIM-branded sunglasses and the identities of its suppliers are relevant to Plaintiff's trademark infringement, counterfeiting, unfair competition, deceptive and false advertising claims, as well as Defendants' Fourth, Fifth, and Ninth Affirmative Defenses.

For the foregoing reasons, Plaintiff requests that the Court order Defendants to produce all non-privileged documents responsive to Plaintiff's Document Request Nos. 5-10 within ten business days after entry of the Court's order, and order that Defendants pay Plaintiff's reasonable expenses incurred in making this Motion, including attorneys' fees.

Date: September 25, 2017                Respectfully Submitted,

                                                By: /s/ Michelle Miller Mikol

John T. Gabrielides (Illinois Bar No. 6198323)
Michelle M. Mikol (Illinois Bar No. 6290243)
BARNES & THORNBURG LLP
One North Wacker Drive.
Suite 4400
Chicago, IL 60606
(312) 357-1313

1717 Pennsylvania Avenue NW
Suite 500
Washington, DC 20006
(202) 371-6356
jgabrielides@btlaw.com
mmikol@btlaw.com

Attorneys for Plaintiff

14

**Certificate of Service**

On September 25, 2017, I e-filed the foregoing document with the Clerk of the Court using the CM/ECF system, which provides notice of the filing to all counsel of record. This document is accessible to all counsel through the CM/ECF system.

> By: */s/ Michelle Miller Mikol*
> John T. Gabrielides (Illinois Bar No. 6198323)
> Michelle M. Mikol (Illinois Bar No. 6290243)
> BARNES & THORNBURG LLP
> One North Wacker Drive, Suite 4400
> Chicago, IL 60606
> (312) 357-1313
>
> BARNES & THORNBURG LLP
> 1717 Pennsylvania Avenue NW
> Suite 500
> Washington, DC 20006
> (202) 371-6356
> jgabrielides@btlaw.com
> mmikol@btlaw.com
>
> Attorneys for Plaintiff