IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAUI JIM, INC., an Illinois Corporation, )
)
    Plaintiff, ) No. 16 C 9788
)
v. ) Jeffrey T. Gilbert
) Magistrate Judge
SMARTBUY GURU ENTERPRISES, a )
Cayman Island Company; MOTION )
GLOBAL LTD., a Hong Kong Company; )
SMARTBUYGLASSES SOCIETÀ A )
RESPONSABILITÀ LIMITATA, an Italian )
company; SMARTGUYGLASSES )
OPTICAL LIMITED, a Hong Kong )
company, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter is now before the Court on Plaintiff's Motion to Compel Defendants' Production of Documents ("Plaintiff's Motion"), [ECF No. 35]. For the reasons stated below, Plaintiff's Motion [ECF No. 35] is granted in part and denied in part.

## I. BACKGROUND

Plaintiff Maui Jim, Inc. ("Plaintiff") is a designer, manufacturer, and provider of prescription and non-prescription sunglasses. Plaintiff's Memorandum in Support of Its Motion to Compel Defendants' Production of Documents ("Plaintiff's Brief"), [ECF No. 36], at 2. Plaintiff only distributes its sunglasses to authorized retailers. *Id.* Each authorized retailer must enter into a written agreement with Plaintiff. *See* Complaint, [ECF No. 1], ¶ 27. Among other things, the written agreement includes a provision that prohibits an authorized retailer from selling sunglasses purchased from Plaintiff to another entity that intends to resell them. *See id.* ¶

32. Plaintiff attempts to exercise tight control over its distribution network so as to maintain the quality of its sunglasses, selection, and customer service. *See id.* ¶ 27.

Defendants SmartBuy Guru Enterprises, Motion Global Ltd., Smartbuyglasses Società a Responsabilità Limitata, and SmartBuyGlasses Optical Limited (collectively, "Defendants") are online retailers of designer eyewear. Defendants' Response to Plaintiffs' Motion to Compel ("Defendants' Response"), [ECF No. 46], at 2. Defendants sell over 80,000 products, including prescription and non-prescription Maui Jim-branded sunglasses.[1] *Id.* at 3; Declaration of Doron Kalinko ("Kalinko's Declaration"), [ECF No. 46-1], ¶¶ 4, 6. Defendants do not purchase products directly from Plaintiff. Defendants' Response, [ECF No. 46], at 3; Kalinko's Declaration, [ECF No. 46-1], ¶ 7; *see also* Plaintiff's Brief, [ECF No. 36], at 2; Complaint, [ECF No. 1], ¶34. Instead, Defendants procure Maui Jim-branded sunglasses from distributors and affiliates that, according to Defendants, purchase the sunglasses from Plaintiff. Defendants' Response, [ECF No. 46], at 3; Kalinko's Declaration, [ECF No. 46-1], ¶ 7.

In this lawsuit, Plaintiff asserts claims arising out of Defendants' marketing and selling of Maui Jim-branded sunglasses. Complaint, [ECF No. 1]. A detailed recitation of Plaintiff's factual allegations is unnecessary at this point. For now, it suffices to note that Plaintiff alleges the following counts: Trademark Counterfeiting and Infringement (Count I), Unfair Competition and False Advertising (Count II), Trademark Dilution of Blurring and Tarnishment (Count III), Copyright Infringement (Count IV), and Unfair Competition (Count V). *Id.* ¶¶ 1, 71–107. In their answer, Defendants assert 13 affirmative defenses, including Waiver (Fourth Affirmative Defense), Exhaustion (Fifth Affirmative Defense), and License (Tenth Affirmative Defense). Defendants' Answer, Affirmative Defenses and Counterclaim to Plaintiff's Complaint

---

[1] The Court adopts Plaintiff's convention of using "Maui Jim sunglasses" to refer to sunglasses that Plaintiff manufactures and "Maui Jim-branded sunglasses" to refer to the sunglasses Defendants sell that may or may not be manufactured by Plaintiff.

2

("Defendants' Answer"), [ECF No. 20], at 36–37. Defendants also allege counterclaims for unfair competition, trade disparagement, trademark misuse, unjust enrichment, and various forms of declaratory relief. *Id.* ¶ 36 at p. 47–¶ 81 at p. 53.

On March 24, 2017, Plaintiff served Defendants with Plaintiff's First Set of Document Requests. Plaintiff's Brief, [ECF No. 36], at 2. Six requests matter for the Motion now before the Court. Request Nos. 5 through 8 demand the production of documents sufficient to show any person or entity that supplies any Defendant with Maui Jim-branded sunglasses. Defendants' Response to Plaintiff's First Set of Document Requests, [ECF No. 36-1], at 3–4. Request Nos. 9 and 10 demand the production of documents relating or referring to any Defendant's procurement of, or attempt to procure, Maui Jim-branded sunglasses. *Id.* at 4–5. Defendants have objected to these six requests and refused to produce the requested documents. *Id.* at 3–5. Having reached an impasse, Plaintiff filed the Motion to Compel that is now before the Court. Plaintiff's Motion, [ECF No. 35]. In the Motion, Plaintiff asks the Court to order Defendants to produce the documents sought in Request Nos. 5 through 10 and to pay Plaintiff's reasonable expenses incurred in filing the Motion. *Id.* at 2.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37(a), when a party does not respond properly to a discovery request, the party that issued the request may file a motion to compel a proper response. FED. R. CIV. P. 37(a); *Vukadinovich v. Hanover Cmty. Sch. Corp.*, 2014 WL 667830, at *4 (N.D. Ind. Feb. 20, 2014). The court then must independently determine the proper course of discovery. *John Wiley & Sons, Ltd. v. McDonnell Boehnen Hulbert & Berghoff LLP*, 2013 WL 505252, at *2 (N.D. Ill. Feb. 12, 2013). When doing so, the court has significant discretion. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). Ultimately, the party objecting to

3

discovery bears the burden to show the requested discovery is improper. *Deere v. Am. Water Works Co.*, 306 F.R.D. 208, 215 (S.D. Ind. 2015); *Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 258 (E.D. Wis. 2013); *JAB Distributors, LLC v. London Luxury, LLC*, 2010 WL 4008193, at *1 (N.D. Ill. Oct. 13, 2010).

### III. DISCUSSION

Defendants argue they should not be required to produce any of the documents Plaintiff is seeking. Defendants say the documents are irrelevant to any claim or defense in this case. Even if the documents are relevant, Defendants contend they should not be required to produce them because they contain confidential commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Plaintiff does not need the documents to prosecute its claims. Defendants also say if the Court concludes some discovery related to its supply chain is appropriate, then the Court should prescribe a different discovery method (*i.e.*, not full document production). Defendants propose two alternatives: warehouse inspections of Defendants' inventory or *in camera* review by the Court of "proof of authenticity." In response, Plaintiff argues the requested documents are relevant to Plaintiff's claims and to three of Defendants' affirmative defenses. Plaintiff maintains Defendants have not shown the requested documents actually contain confidential commercial information. Finally, Plaintiff asserts it needs the requested documents to prosecute its claims and Defendants' proposed alternatives to document production are inadequate because they will not result in production of all the information that is responsive to Plaintiff's discovery requests.

**A.    Relevance**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties "may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense and

4

proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Defendants do not dispute that information about their supply chain for Maui Jim-branded sunglasses is relevant to the issue of whether those sunglasses are genuine and authentic.[2] Instead, Defendants contend Plaintiff has not adequately alleged that Defendants are selling non-genuine, counterfeit sunglasses. The Court disagrees. According to Plaintiff's Complaint, Defendants obtain Maui-Jim branded sunglasses from "unknown sources." Complaint, [ECF No. 1], at ¶ 34. Plaintiff alleges the non-prescription Maui Jim-branded sunglasses Defendants acquire from these unknown sources are "non-genuine" and the prescription Maui Jim-branded sunglasses are "counterfeit" and "not manufactured or otherwise authorized by Plaintiff." *See, e.g.*, Complaint, [ECF No. 1], at ¶¶ 2, 42, 56. Plaintiff also alleges Defendants' advertisements stating that their Maui Jim-branded sunglasses are "approved and manufactured by Plaintiff," "genuine," and "authentic" are false or misleading. *See, e.g., id.* ¶¶ 3, 56. Although Defendants argue discovery related to these allegations should not be permitted because they are too general and vague, Defendants have not moved to dismiss Plaintiff's claims. Instead, Defendants answered the Complaint and filed a counterclaim. As of now, these claims are a part of this case and Plaintiff is entitled to discovery relevant to them.

Defendants also have put the identity of their suppliers at issue through their own pleadings. Three of Defendants' affirmative defenses do as much. Defendants explicitly plead that their license affirmative defense is "based on agreements between Maui Jim and its past and present customers and/or distributors." Defendants' Answer, [ECF No. 20], at 37. Defendants assert an exhaustion (or first sale doctrine) affirmative defense, which courts often find opens the

---

[2] In this Memorandum Opinion and Order, the Court will refer to the people or entities that supply Defendants with Maui Jim-branded sunglasses as Defendants "suppliers," even though Defendants have many other suppliers of different products.

5

door to discovery about a defendant's supply chain.[3] Defendants' Answer, [ECF No. 20], at 36; *Pendleton Woolen Mills, Inc. v. Kraff's Men's Wear Co.*, 2014 WL 7777762, at *8 (D. Or. Nov. 21, 2014), *aff'd*, 2015 WL 500846 (D. Or. Feb. 2, 2015) ("[T]hose district courts of this Circuit that have considered the issue have found that, in consequence, assertion of the first sale doctrine places supplier information within the scope of discovery under Rule 26(b)(1)."); *Adobe Sys. v. Kornrumpf*, 2011 U.S. Dist. LEXIS 80613, at *5 (N.D. Cal. July 25, 2011) ("Defendants have put their supplier information at issue by invoking the first sale doctrine . . . ."); *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, 2007 WL 4357672, at *3 (S.D. Cal. Dec. 11, 2007). The same door is opened by Defendants assertion of a waiver affirmative defense. Defendants' Answer, [ECF No. 20], at 36; *Coach, Inc. v. Asia Pac. Trading Co., Inc.*, 2009 WL 10675238, at *1 (C.D. Cal. Aug. 25, 2009); *Bare Escentuals Beauty*, 2007 WL 4357672, at *3 ("I don't know how [the defendant's waiver affirmative defense] can be decided without understanding who the supplier is to defendant.") (quoting a magistrate judge's ruling). Finally, although not raised by any party, the Court notes that discovery about Defendants' supply chain may be relevant to Defendants' counterclaims. *See, e.g.*, Defendants' Answer, [ECF No. 20], ¶ 18 at p. 41 ("[Defendants] procure[] genuine Maui Jim sunglasses primarily through European affiliates and distributors that purchase directly from [Plaintiff].").

For these reasons, the Court overrules Defendants' irrelevance objection to Request Nos. 5 through 10 of Plaintiff's First Set of Document Requests.

---

[3] Defendants assert "[t]he first sale doctrine does not depend at all on the source of the goods." Defendants' Response, [ECF No. 46], at 8. None of the cases cited by Defendants, however, supports this proposition. Instead, each articulates the general rule that a trademark owner's consent is not required for person to lawfully resell a genuine trademarked item.

B.   **Confidential Commercial Information and Discovery Method**[4]

Under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, a court may issue an order for good cause that "a trade secret or other confidential . . . commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G). "To merit protection under Rule 26(c), commercial information . . . must be important proprietary information that provides the business entity with a financial or competitive advance when it is kept secret and results in financial or competitive harm when it is released to the public." *Ohio Valley Envtl. Coal. v. Elk Run Coal Co.*, 291 F.R.D. 114, 119 (S.D.W. Va. 2013). The objecting party bears the burden of showing Rule 26(c)(1)(G) applies. *Moore v. Ferguson*, 2015 WL 9587748, at *3 (S.D.W. Va. Dec. 30, 2015); 8A FED. PRAC. & PROC. CIV. § 2043 (3d ed.).

Defendants have done enough to show that they may suffer financial or competitive harm if forced to disclose their supply chain to Plaintiff. Plaintiff allegedly has a history of trying to terminate the supply of Maui Jim sunglasses to Defendants' suppliers and regularly places anonymous test orders through Defendants' website to try to identify Defendants' suppliers. Declaration of Doron Kalinko, [ECF No. 46-1], ¶¶ 10–12. Within the last five years, Plaintiff has shut down multiple accounts with authorized retailers who it discovered were selling Maui Jim sunglasses to Defendants. *Id.* ¶¶ 13, 15. Based on this track record, Doron Kalinko, a co-founder of one Defendant who is involved in the day-to-day management of the other

---

[4] Plaintiff says Defendants cannot now argue Request Nos. 5 through 10 seek confidential commercial information because Defendants did not raise this objection in their responses to these requests. The Court will not find Defendants waived this objection. Plaintiff does not say it was prejudiced by any delay in asserting the objection. But precluding Defendants from arguing they may be harmed by disclosure of this information because it is confidential potentially could have harsh consequences for Defendants. Further, Defendants timely objected to 5 of the 6 requests on the basis that Plaintiff was seeking the documents "for the sole improper purpose of seeking to restrain and restrict commerce to channels it deems appropriate," which raises many of the same issues implicated by Defendants' current objection. Finally, the Court is not convinced the waiver issue makes a difference because, as discussed below, Plaintiff information about Defendants' supply chain is discoverable in this case even if it is confidential commercial information.

7

Defendants, says that Plaintiff would be able to cut off Defendants' supply of Maui Jim sunglasses entirely if it learned the identity of their suppliers. *Id.* ¶¶ 1, 14, 16, 18. Plaintiff does not dispute any of these facts concerning its past efforts to uncover and terminate Defendants' supply chain.

The next issue is whether Defendants' supply chain is confidential. The parties agree that information about a supply chain can be confidential. *See Pendleton*, 2014 WL 7777762, at *9; *Adobe Sys.*, 2011 U.S. Dist. LEXIS 80613, at *4 n.2; *Ikon Office Sols., Inc. v. Konica Minolta Bus. Sols., U.S.A., Inc.*, 2009 WL 4429156, at *5 (W.D.N.C. Nov. 25, 2009); *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 n.2 (C.D. Cal. 2007). Kalinko states in his declaration that the identity of Defendants' suppliers is "highly confidential" and that Defendants "closely guard access to [their] supplier information on a need-to-know basis." Declaration of Doron Kalinko, [ECF No. 46-1], ¶¶ 10, 17. Plaintiff criticizes these assertions as general and undeveloped, and there is some truth to its position. As the above discussion illustrates, though, Defendants have established that disclosure of their supply chain to Plaintiff may be harmful, which itself shows the information is confidential to some meaningful extent. Otherwise, Plaintiff would not be asking Defendants for that information. Moreover, although Plaintiff has spent years actively trying to identify Defendants' suppliers, its efforts have been met with only limited success.[5] *See Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 260–61 (M.D.N.C. 2001) (explaining that supply chain information may be protected when it "is

---

[5] Kalinko states that "[a] number of employees within [Plaintiff's] global organization are aware of, are part of, and support the sale of Maui Jim sunglasses to [Defendants]." Declaration of Doron Kalinko, [ECF No. 46-1], ¶ 8. Defendants make similar allegations in their counterclaims. Defendants' Answer, [ECF No. 20], ¶¶ 18–21 at p. 41–42. It is not entirely clear whether Defendants are saying that some of Plaintiff's employees know the identity of Defendants' current suppliers. In any event, it is clear for the reasons discussed above that the employees who Defendants describe as Plaintiff's "corporate decision-makers at [its] U.S. headquarters" do not know the identity of Defendants' current suppliers. It is these employees that Defendants contend want to terminate Defendants' supply chain.

8

not confidential vis-a-vis the whole world, but only as to plaintiffs"). Therefore, the Court finds Defendants have made at least a minimally sufficient showing of confidentiality.

As Defendants concede, not all confidential commercial information is shielded from discovery. If confidential commercial information is relevant and necessary to the proper presentation of a claim or defense, then discovery of the information "is virtually always ordered," after the court weighs the risks to all parties. *Hyundai Motor Am., Inc. v. Pinnacle Grp., LLC*, 2016 WL 6156213, at *3 (C.D. Cal. Jan. 6, 2016); *see also Bare Escentuals Beauty*, 2007 WL 4357672, at *2; *Kia Motors Am., Inc. v. Autoworks Distrib.*, 2007 WL 844674, at *2 (D. Minn. Mar. 19, 2007) ("Moreover, in other cases addressing the issue, the discussion centers around under what conditions the information is disclosed, not if the information should be disclosed."); *In re Indep. Serv. Organizations Antitrust Litig.*, 162 F.R.D. 355, 356 (D. Kan. 1995). The Court already has found information about Defendants' supply chain is relevant to Plaintiff's claims and Defendants' affirmative defenses and counterclaims. Moreover, for the reasons discussed above, this information is not only relevant but also necessary to Plaintiff's ability to litigate its claims and respond to Defendants' affirmative defenses and counterclaims. Therefore, the Court concludes Plaintiff is entitled under the Federal Rules of Civil Procedure to discovery regarding Defendants' supply chain.

That leaves the issue of whether the Court should prescribe a discovery method other than full, unrestricted document production under Rule 26(c)(1)(C) of the Federal Rules of Civil Procedure. Defendants propose two alternatives, a limited warehouse inspection of Defendants' inventory and *in camera* review. Neither is appropriate. A limited, random inspection of the inventory in Defendants' warehouse (1) would impose significant burdens on Plaintiff, (2) would not provide any information about Maui Jim-branded sunglasses already sold by Defendants, and

(3) may not be sufficient to acquire the information Plaintiff needs. *See* Declaration of Paul Lippens, [ECF No. 51-1] (explaining that visual inspections of sunglasses are not always sufficient to determine the authenticity of the sunglasses or reveal the source). *In camera* review of a random sample of "proof of the acquisition of authentic Maui Jim [sunglasses]" also will not work. This approach would consume significant judicial time and resources, and the Court very well may not be able to determine whether all the Maui Jim-branded sunglasses sold by Defendants that are the subject of this lawsuit are authentic based solely on the documents Defendants would provide for *in camera* review. Moreover, the Court will not make a finding about authenticity based on an *in camera* review of documents produced by Defendants without an adversarial proceeding and then, on the basis of that factual finding, deny Plaintiff discovery it otherwise is entitled to under the Federal Rules of Civil Procedures. The Court thus will not adopt either of Defendants' proposed discovery methods.

In the Court's view, there is a better alternative. The Court has entered an Agreed Confidentiality Order in this case. [ECF No. 51]. The Order permits the parties to designate information "Confidential" or "Confidential – Attorneys' Eyes Only" and limits disclosure of the designated information. *Id.* at 4–5. Information designated Attorneys' Eyes Only can be shared with counsel, the Court and its personnel, court reporters and recorders, contractors, consultants and experts, witnesses at depositions, authors or recipients, and others by consent. *Id.* Designating documents as Attorneys' Eyes Only will largely if not entirely mitigate the risk of harm that Defendants are concerned about. Plaintiff complains that this designation will handcuff its ability to prosecute the action but provides little explanation of why that is the case. It is not uncommon for courts to use this designation to protect supplier lists in trademark cases. *See Nutratech*, 242 F.R.D. at 556 ("Many cases involving claims of trademark infringement

require the production of customer and supplier lists and such lists are customarily produced subject to an 'attorney's eyes only' order."); *see also Hyundai Motor Am., LLC*, 2016 WL 6156213, at *2; *Adobe Sys.*, 2011 U.S. Dist. LEXIS 80613, at *6; *Bare Escentuals Beauty*, 2007 WL 4357672, at *4; *Kia Motors Am.*, 2007 WL 844674, at *2. If Plaintiff ultimately concludes the Attorneys' Eyes Only designation is frustrating its ability to adequately prosecute and defend this lawsuit, then Plaintiff can file a motion seeking leave to de-designate documents or modify the restrictions imposed by the designation.

C.     **Plaintiff's Request for Reasonable Expenses**

Plaintiff requests that the Court order Defendants to pay Plaintiff's reasonable expenses incurred in making its Motion to Compel under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. The Court, however, is denying Plaintiff's Motion in part because it is ordering that production of the documents called for by Request Nos. 5 through 10 of Plaintiff's First Set of Document Request on an Attorneys' Eyes Only basis. That means Rule 37(a)(5)(A) does not apply because it is titled "If the Motion Is Granted." Rule 37(a)(5)(C) applies "If the Motion Is Granted in Part and Denied in Part." The Court, however, concludes that good cause exists to deny an award of expenses to either party here because the parties had a legitimate dispute about whether and how the documents should be produced and the Court fashioned a resolution that was not completely endorsed by either party. Accordingly, all parties should bear their own expenses incurred in making and responding to the Motion.

11

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Defendants' Production of Documents [ECF No. 35] is granted in part and denied in part.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 27, 2017