IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, | ) |
| | ) |
| Plaintiff, | ) No. 16 C 9788 |
| | ) |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| SMARTBUY GURU ENTERPRISES, a | ) |
| Cayman Island Company; MOTION | ) |
| GLOBAL LTD., a Hong Kong Company; | ) |
| SMARTBUYGLASSES SOCIETÀ A | ) |
| RESPONSABILITÀ LIMITATA, an Italian | ) |
| company; SMARTGUYGLASSES | ) |
| OPTICAL LIMITED, a Hong Kong | ) |
| company, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maui Jim, Inc. alleges that Defendants SmartBuy Guru Enterprises and related entities sell counterfeit sunglasses that purport to be genuine Maui Jim products and use without authorization copyrighted photographs of Maui Jim's eyewear, infringe upon and dilute Maui Jim's trademarks, and engage in false advertising, unfair competition, and unfair trade practices. Defendants respond by saying, among other things, they buy genuine Maui Jim sunglasses from authorized sources and legitimately resell the sunglasses via the Internet in the United States and elsewhere without violating any laws or infringing upon any of Plaintiff's legal rights. The parties have had a number of discovery disputes that have been the subject of prior rulings by this Court.

In an order entered on February 5, 2018 [ECF No. 99], the Court granted in part and denied in part Plaintiff's Motion to Compel [ECF No. 76] and set for further argument that

1

portion of Plaintiff's Motion in which Plaintiff sought to compel Defendants to produce sales, cost, and profit information relating to their sales of Maui Jim sunglasses. Plaintiff argues that this information is relevant to the calculation of damages or the disgorgement of profits or benefits it is seeking from Defendants under the Copyright Act, 18 U.S.C. § 504(b), and the Lanham Act, 15 U.S.C. § 1117(a). The Court heard oral argument on this portion of Plaintiff's Motion to Compel on February 8, 2018 [ECF No. 100]. For the reasons set forth briefly below and discussed on the record during the February 8 hearing, the Court grants Plaintiff's Motion to Compel Defendants to produce the information Plaintiff is seeking about Defendants' sales, cost, and profits for the Maui Jim sunglasses that Defendants sold during the relevant time period as described in Plaintiff's first request for production of documents nos. 12 and 14-22.

As an initial matter, the information Plaintiff seeks is relevant to the parties' claims and defenses in this case within the meaning of Federal Rule of Civil Procedure 26(b)(1) for all of the reasons discussed during the February 8 hearing. Plaintiff alleges that Defendants used copyrighted photographic images of Maui Jim sunglasses on their website to drive sales of those products without authorization. Plaintiff also alleges that Defendants have infringed upon Maui Jim's trademarks by, among other things, falsely representing and/or implying that Defendants are authorized retailers of Maui Jim prescription and non-prescription sunglasses. The information Plaintiff is seeking is relevant to the analysis of what damages or disgorgement of profits or benefits Plaintiff can recover from Defendants if it succeeds in proving they are liable for copyright and/or trademark infringement.

Under the Copyright Act in an indirect profits case such as this one (in which Plaintiff alleges Defendants used its copyrighted images to sell eyeglasses rather than reselling the copyrighted images themselves), a plaintiff must prove a causal connection or nexus between the

allegedly infringing conduct and the defendant's wrongfully obtained profits. This has been described as a "common sense" approach that requires "a demonstration that the infringing acts had an effect on profits before the parties can wrangle about apportionment [of profits]." *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004) (holding that "the requirement is akin to tort principles of causation and damages"). With respect to apportionment of profits as a predicate to disgorgement, a plaintiff has the initial burden of proving the defendant's sales or gross revenues. The alleged infringer then has the burden of proving its deductible expenses and the elements of profit attributable to factors other than its use of the copyrighted work. 17 U.S.C. § 504(b); *Mackie*, 296 F.3d at 914-15; *Polar Bear Productions, Inc.*, 384 F.3d at 707-08. Under the Lanham Act, a plaintiff also must show a causal relationship between the alleged infringing conduct and the defendant's profits. *WMS Gaming Inc. v. WPC Productions, Ltd.*, 542 F.3d 601, 606-07 (7th Cir. 2008). But that statute is broader than the Copyright Act in some respects, and a plaintiff may recover the defendant's profits not only by subtracting costs as proven by the defendant from gross revenue as proven by the plaintiff but also in some cases based upon principles of equity. *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2009 U.S. Dist. LEXIS 84904, at *31-33 (C.D. Ill. Sept. 16, 2009).

Defendants do not really argue that the information Plaintiff seeks is irrelevant. They also do not object to producing their gross sales numbers for Maui Jim sunglasses sold in the United States. Defendants object, however, to producing their cost and profit information for sales in the United States until Plaintiff has better articulated its theory of damages or disgorgement of profits or benefit to Defendants under the Copyright Act and the Lanham Act.

Defendants' argument is couched in the language of burden and proportionality within the meaning of Federal Rule of Civil Procedure 26(b)(1).[1]

In particular, Defendants argue Plaintiff is not entitled to obtain sensitive information about their cost and profit structure until Plaintiff has made more of a showing that it will be able to tie Defendants' allegedly infringing conduct to profits that are directly attributable to their using Plaintiff's copyrighted images to sell eyewear on Defendants' website. Defendants view Plaintiff's claims that Defendants violated the law as tenuous in many respects and Plaintiff's entitlement to any substantial monetary relief at the end of this case as suspect and/or *de minimis*. Therefore, they reason Plaintiff should not get the cost and profit information it is seeking now unless and until it satisfies the Court that its claims are more substantial and likely to succeed.

There is no basis for this bifurcated approach to discovery in this case. In the first instance, Plaintiff has shown a sufficient nexus between Defendants' use of the photographs of Maui Jim sunglasses and potential profit or benefit to Defendants from that conduct for purposes of obtaining discovery. Plaintiff alleges that Defendants used copyrighted photographs of Maui Jim sunglasses on their website to sell Maui Jim sunglasses. Common sense says it is at least arguable that photographs of Maui Jim sunglasses on Defendants' website are connected to some extent to consumers' purchases of those same sunglasses from Defendants and, therefore, to some profit to Defendants. This is a much closer causal connection or nexus than existed, for example, in *Mackie v. Rieser*, one of the cases cited by Defendants. Whether Plaintiff or its expert witnesses will be able to show how much of an impact the photographs had on Defendants' profits from the sales of Maui Jim eyewear is an issue that will be explored later in the case. But Plaintiff does not have to win that argument now to be entitled to discovery of

---

[1] Defendants also object to producing any information about their sales of Maui Jim sunglasses outside the United States on the ground that the Copyright Act and the Lanham Act do not reach those sales. That issue is being briefed by the parties [ECF No. 100] and will be decided separately.

4

information that will be relevant to a computation or apportionment of damages on its copyright claim. That the finder of fact ultimately may decide that Plaintiff's theory is too speculative to support a substantial monetary recovery from Defendants does not prevent Plaintiff from obtaining the information it is seeking now to allow it to make the best argument it can later in support of its claims.[2]

In addition, Plaintiff's Lanham Act claim arguably is broader than its copyright claim, and the damages or disgorgement of profits analysis for the Lanham Act claim is broader as well. *Lincoln Diagnostics, Inc.*, 2009 U.S. Dist. LEXIS 84904, at *31-33. The discovery Plaintiff seeks is directly relevant to proving up its trademark claims and responding to Defendants' anticipated arguments designed to minimize any monetary recovery that Plaintiff may seek or be able to support under the Lanham Act.

Defendants essentially are arguing that Plaintiff must prove they are liable before Defendants have to produce information that is relevant to a determination of the amount of money Plaintiff can obtain from Defendants if they are found to be liable. That is not how discovery works under the Federal Rules of Civil Procedure at least in a case such as this in which discovery has not been bifurcated between liability and damages. Plaintiff should not have to wait until it has proven Defendants are liable before it can obtain discovery about its potential damages or monetary recovery. Nor should Plaintiff have to show it can introduce enough evidence to shift the burden of proof to Defendants on the issue of apportionment of profits under the Copyright Act before it can obtain discovery it will use to rebut Defendants'

---

[2] In their Answer, Defendants say they were authorized to use the photographic images of Maui Jim sunglasses on their website but sales related to the products depicted in the images were minimal, and Defendants immediately took down the images when Maui Jim complained about their use and replaced them with similar images that Defendants took of the products. [ECF No. 20 at 42, n. 1]. Even minimal sales, however, can give rise to a recovery by Plaintiff of the profit on those sales. And Defendants' argument seems to imply that at least some of its sales might be tracked to the images that were depicted on its website.

case. That would not promote the "just, speedy, and inexpensive determination" of the issues in this case in accordance with Federal Rule of Civil Procedure 1. Simply put, Defendants have provided no legal basis upon which to prevent Plaintiff from obtaining the discovery it is seeking now in this case.

All of the cases Defendants cite in opposition to Plaintiff's Motion to Compel lay out the legal framework by which a plaintiff can recover damages or disgorgement of profits or benefits from a defendant when the plaintiff has been successful in establishing liability and navigating the burden shifting rubric for proving up an entitlement to monetary relief under the Copyright Act or the Lanham Act. None of those cases stand for the proposition that a plaintiff is not entitled to the discovery Plaintiff is seeking in this case until it has proven its case or jumped through some preliminary hoops to satisfy a court that it can do so. As noted above, Plaintiff has done more than enough to show that its legal theories are plausible enough for the purpose of pursuing discovery designed to allow it to prove up its case. There is nothing disproportional about the discovery Plaintiff is seeking from Defendants. In at least two of the cases Defendants cite, the plaintiff apparently had obtained during discovery information about the defendant's sales revenue and costs that it then was able to use in the dispositive phase of the case. *Polar Bear Productions, Inc.*, 384 F.3d at 712; *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 646-47 (S.D. Tex. 2007).

Defendants' real concern seems to be that they do not want to produce cost and profit information to Plaintiff who they say is one of their competitors in the sale of premium eyewear. But earlier in this case, Defendants revealed that for many years they have purchased Maui Jim sunglasses directly from Plaintiff's European affiliate which sells original, branded Maui Jim sunglasses to a company or companies affiliated with Defendants. Defendants alleged that

6

"[t]his distribution channel is not unknown to Maui Jim. In fact, the executive leadership at Maui Jim has been aware for years – since at least 2011 – of [Defendants'] supply chain." [Counterclaim, ECF No. 20, at 41, ¶ 18]. If Plaintiff sells directly to Defendants, then it is reasonable to assume that Plaintiff already has at least some information about aspects of Defendants' cost structure for Maui Jim eyewear, *i.e.,* the price at which Defendants or their affiliate(s) buy(s) Maui Jim sunglasses. In addition, Defendants say they have stopped selling prescription Maui Jim eyewear so Defendants do not currently compete with Plaintiff at least in the prescription eyewear business. *Id.,* at 44, n.2. Moreover, production of the information Plaintiff is seeking subject to the confidentiality order previously entered in this case protects Defendants from Plaintiff using the information obtained for any purpose other than for use in this case. And the information produced can be returned to Defendants when the case is over.

Although the Court is not deaf to Defendants' concerns, neither are those concerns sufficient to prevent the Court from ordering Defendants to produce the revenue, cost, and profit information that Plaintiff is seeking for United States sales forthwith. Plaintiff is entitled to that information so that it can attempt to satisfy its burden of proof on the issues of damages or disgorgement of profits or benefits that allegedly accrued to Defendants from the conduct alleged in Plaintiff's complaint. Plaintiff also needs that information if it is going to be able to respond to Defendants' evidence and arguments designed to minimize any monetary award should Plaintiff be successful in proving up its claims and its entitlement to monetary relief as a threshold matter. At the February 8 hearing, Defendants acknowledged that they would attempt to introduce evidence about their costs and profits from sales of Maui Jim sunglasses if it comes to that. Clearly, then, Defendants cannot bar Plaintiff from the discovery it is seeking now.[3]

---

[3] Defendants, for example, assert that "sales related to products depicted in [the photographs of Maui Jim sunglasses that appeared on Defendants' website] were minimal." [Counterclaim, ECF No. 20, at 42,

In addition, this information arguably will be relevant to Plaintiff's evaluation of any potential settlement in this case, when and if that becomes a realistic possibility, to the extent such a resolution includes a monetary component relating to past or future sales. Although the Court understands that it is different when information is exchanged during settlement discussions than during the heat of litigation, the issue here probably comes down to when, not whether, the information will be produced to a large extent.

Accordingly, for the reasons set forth herein and discussed during the February 8 hearing, Plaintiff's Motion to Compel Defendants [ECF No. 76] to produce documents responsive to Plaintiff's first requests for production nos. 12 and 14-22 is granted. The documents should be produced forthwith. Against a background of continuing disagreements about whether one party or the other is producing documents timely, if the parties cannot agree when these documents will be produced, then Plaintiff can bring that issue to the Court.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 14, 2018

---

n.1.] Defendants cannot make this kind of statement but then deny Plaintiff the ability to take discovery on Defendants' profits from the sales of however many Maui Jim sunglasses Defendants sold.