# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MAUI JIM, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | No. 1:16 C 9788 |
| | ) | Hon. Marvin E. Aspen |
| SMARTBUY GURU ENTERPRISES, | ) | |
| MOTION GLOBAL LTD., | ) | |
| SMARTBUYGLASSES SOCIETA | ) | |
| A RESPONSABILITA LIMITATA, | ) | |
| SMARTBUYGLASSES OPTICAL | ) | |
| LIMITED, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaimants. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us are Defendants and Counterclaimants SmartBuy Guru Enterprises, Motion Global Ltd., SmartBuyGlasses Societá a Responsabilitá Limitata, and SmartBuyGlasses Optical Limited's (collectively "SBG") objections to Magistrate Judge Gilbert's December 18, 2018 Order denying SBG's combined motion to clarify and for entry of a protective order. (Dkt. No. 74.) For the reasons set forth below, we overrule SBG's objections in their entirety.

## BACKGROUND

We assume familiarity with the background facts of this case as set forth in the Court's previous orders. (*See* Dkt. No. 58, 89, 102.) On September 25, 2017, Maui Jim moved to compel SBG to produce documents related to its supply chain for Maui Jim-branded sunglasses. (*See* Order on Mot. to Compel (Dkt. No. 58) at 1–3 (setting forth the requests for production of

documents at issue, including requests seeking any "person or entity that supplies any Defendant with Maui Jim-branded sunglasses" and seeking documents "relating or referring to any Defendant's procurement of, or attempt to procure, Maui Jim-branded sunglasses.") SBG objected to the relevance of such discovery and argued that even if relevant, it should not be required to produce supply chain documents because they contain confidential commercial information that is inessential for Maui Jim to prosecute its claims. (*Id.* at 4.) After the parties briefed the issues, Judge Gilbert issued a written decision on November 27, 2017 granting Maui Jim's motion to compel with respect to SBG's suppliers, finding the information was "not only relevant but also necessary to Plaintiff's ability to litigate its claims and respond to Defendants' affirmative defenses and counterclaims." (*Id.* at 9.) Judge Gilbert found that SBG's supplier information for Maui Jim-branded sunglasses was relevant to the issue of whether the sunglasses SBG sells are genuine and authentic, and among other things, SBG opened the door to discovery about its supply chain by asserting a first sale doctrine affirmative defense. (*Id.* at 5–6.) Judge Gilbert determined that the identity of SBG's suppliers was confidential commercial information, and consequently ordered that the material be produced with an attorneys' eyes only ("AEO") designation. (*Id.* at 10–11.) However, Judge Gilbert provided that Maui Jim could file a motion seeking leave to de-designate documents or modify the restrictions imposed by the AEO designation should it conclude the AEO designation "is frustrating its ability to adequately prosecute and defend this lawsuit." (*Id.* at 10–11.)

On December 8, 2017, SBG moved for clarification of Judge Gilbert's order. (Dkt. No. 65.) Maui Jim opposed the motion and also requested that SBG de-designate its supplier-related documents from AEO to "CONFIDENTIAL." (Dkt. No. 68 at 2.) In the alternative, Maui Jim sought to amend the Agreed Confidentiality Order (Dkt. No. 51) in order to

add five Maui Jim executives to the list of individuals who can review AEO-designated documents. (Dkt. No. 68 at 2.) Judge Gilbert held hearings on December 13, 2017 and December 18, 2017 to address SBG's motion to clarify and the attendant matters. (Dkt. Nos. 70–71.)

At the hearings, Judge Gilbert considered new evidence presented by the parties regarding SBG's supply chain. In particular, the parties discussed an SBG document concerning its supply chain, showing that in 2017, SBG purchased 74 percent of its Maui Jim-branded sunglasses from two companies owned by SBG ("the SBG Companies"), with the remainder of its purchases coming from third-party suppliers. (*See* Resp. to Objs., Ex. B (Dkt. No. 83–2).) SBG represented that the SBG Companies purchase the sunglasses directly from a European executive at Maui Jim. (Resp. to Objs. at 4.)

After holding two hearings on the matter, considering the parties' oral arguments, and taking into account the new information presented, Judge Gilbert modified the November 27, 2017 Order. (Dkt. No. 71.) On December 18, 2017, Judge Gilbert ruled SBG's supplier information need only be produced with a CONFIDENTIAL designation, rather than on an AEO basis. (*Id.*) The Order further modified paragraph 5(c)(2) of the parties' Agreed Confidentiality Order, reducing the number of Maui Jim individuals who may review such information to three Maui Jim officials designated at the hearing, instead of the default five company representatives. (*Id.*) Judge Gilbert stayed any third-party discovery of Maui Jim's customers or SBG's suppliers, with the exception of the SBG Companies. (*Id.*) Finally, Judge Gilbert directed SBG to produce on a CONFIDENTIAL basis the identity of the European Maui Jim employee from whom the SBG Companies purchase Maui Jim-branded sunglasses. (*Id.*)

SBG now argues that insofar as the December 18, 2017 Order allows senior Maui Jim executives access to highly-confidential third-party supplier information,[1] it will "devastate SBG's business" and "unavoidably destroy SBG's ability to legitimately compete in the marketplace." (Objs. (Dkt. No. 74) at 2–3.) SBG contends this is because "it is inevitable that these three executives who have significant influence over the day-to-day decisions of its global distribution network . . . will—consciously or otherwise—take internal action that would irreparably harm SBG's business." (*Id.* at 2.) Instead, SBG suggests a "junior Maui Jim employee with access to Maui Jim's global computer records" should verify the records concerning the authenticity of its goods. (*Id.*) SBG also argues Judge Gilbert's Order was clearly erroneous because it allowed for the production of supply chain data "without a scintilla of evidence" that SBG is selling counterfeit goods. (*Id.* at 4.) SBG asserts the Order is additionally erroneous because "other, less devastating, options exist to obtain the information Maui Jim claims it needs." (*Id.*)

**LEGAL STANDARD**

We may reverse a magistrate judge's discovery ruling only when it is "clearly erroneous or contrary to law." *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a) ("A district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). Magistrate judges enjoy extremely broad discretion in controlling discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). "In

---

[1] SBG does not object to the portion of the December 18, 2017 Order directing SBG to produce on a CONFIDENTIAL basis documents related to the SBG Companies or the Maui Jim European operations executive with whom they do business. (Objs. at 8, n.7.) SBG concedes that it must provide that information to Maui Jim on a CONFIDENTIAL, not AEO, basis, and "it is not a subject on which SBG raises an objection." (*Id.*)

short, the district judge reviews magistrate-judge discovery decisions for clear error."
*Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## ANALYSIS

SBG objects to Judge Gilbert's December 18, 2017 Order as clearly erroneous on three grounds. (Objs. at 3.) First, SBG argues no evidence supports a finding that disclosure of its suppliers to Maui Jim executives is necessary for Maui Jim to pursue its present claims and defend the Counterclaim. (*Id.*) Second, SBG argues the December 18, 2017 Order fails to afford sufficient weight to its interest in maintaining the confidentiality of its supply sources other than the Maui Jim distributor at issue in its Counterclaim and affirmative defenses. (*Id.*) Third, SBG contends it was error to retract the less-prejudicial means of producing the supply chain information under a "strict" AEO designation. (*Id.*) SBG asserts the AEO designation would protect SBG's legitimate interests in the confidentiality of its suppliers while still satisfying any legitimate need Maui Jim may have in determining the authenticity of the Maui Jim-branded sunglasses sold by SBG. (*Id.*)

We cannot conclude the December 18, 2017 Order was clearly erroneous or contrary to law under § 636(b)(1)(A) or Rule 72(a). *Hassebrock*, 815 F.3d at 340; *Jones*, 737 F.3d at 1115. After reviewing the parties' extensive and comprehensive briefs and holding hearings during which the parties presented evidence, Judge Gilbert (1) concluded the discovery Maui Jim seeks is relevant and necessary; and (2) determined, after weighing the potential harm to each of the parties, that the documents should be produced with a CONFIDENTIAL designation, as opposed

5

to the more strict AEO designation. We see nothing in Judge Gilbert's decision to convince us that a mistake has been made, nor do SBG's objections persuade us otherwise. *See Weeks*, 126 F.3d at 943.

SBG first argues that sufficient evidence does not support the decision to allow disclosure of third-party supplier information to the three Maui Jim executives, and implies an evidentiary hearing should be held to determine whether Maui Jim has proven both a substantial need and that no less burdensome method of satisfying its discovery needs exists. (Objs. at 3, 13–14.) However, as Maui Jim observes, SBG never requested that Judge Gilbert hear any such evidence, and in any case, Judge Gilbert reasonably concluded that "the lawyers for Maui Jim need somebody internal at the company to be able to show these documents to" in order to meaningfully advance their case. (*See* Dec. 18, 2018 Hr'g Tr. (Dkt. No. 72) at 39.) Information about SBG's supply chain for Maui Jim-branded sunglasses is relevant to the issue of whether those sunglasses are genuine and authentic, an issue that is squarely before the court both based on Maui Jim's allegations and SBG's affirmative defenses. (*See* Nov. 27, 2017 Order (Dkt. No. 58) at 5–6.) Judge Gilbert explained that without allowing individuals within the company to review SBG's supplier information, it would "hamstring Maui Jim in being able to identify whether the sales of Maui Jim glasses to SmartBuy were coming through authorized distributors [or] whether they were authentic glasses or not," because Maui Jim's "counsel would not have the ability by themselves to understand the significance of the information that they were getting from SmartBuy." (Hr'g Tr. at 21.)

Judge Gilbert also determined that Maui Jim employees should only have access to SBG's supplier documents on a "need to know basis." (*Id.*) Thus, after hearing the arguments and evidence of the parties, Judge Gilbert modified his November 27, 2017 Order to limit

6

disclosure of SBG's third-party supplier information to three Maui Jim executives, as opposed to the default five: Jay Block, Vice President of Global Brands, Paul Lippens, Vice President and CFO, and Chris McLain, Vice President of Purchasing. (*Id.*) These individuals bear responsibility for monitoring and decision-making related to the instant litigation and manage Maui Jim's anti-diversion efforts. (*Id.*) Judge Gilbert carefully articulated the reasons for his discovery ruling, based the decision on substantial findings of fact, and reasonably limited the scope of the disclosure of information to protect the legitimate interests of both parties.

Nor do we agree with SBG's argument that Judge Gilbert's Order fails to afford sufficient weight to SBG's interests in maintaining the confidentiality of its supplier information. Judge Gilbert explained on the record the reasons for his ruling, observing among other things that the "parade of horribles that SmartBuy articulated . . . is pretty limited" in light of newly-produced information showing that "the vast majority" of SBG's purchases of Maui Jim-branded sunglasses were not made through the third-party suppliers SBG is trying to protect.[2] (*See id.* at 19–20.) Moreover, any concern about potential competitive harm to SBG as a result of disclosure of this limited amount of information to Maui Jim was "further mitigated by the caveat in the confidentiality order that disclosure of this information as confidential material is further limited only for purposes of the litigation and not for any purpose whatsoever other than the litigation." (*Id.*; *see also id.* at 13–14 (finding SBG's concern that information

---

[2] SBG agreed that through 2017, approximately 74 percent of SBG purchases of Maui Jim-branded sunglasses were made through the SBG Companies. (*Id.* at 19.) SBG does not contest that it must disclose documents with respect to these suppliers with a CONFIDENTIAL designation. (Objs. at 8, n.7.) In addition, one other supplier accounted for about 18 percent of SBG's purchases of Maui Jim-branded sunglasses through 2017. (*Id.*) Judge Gilbert thus observed that the identity of the third-party suppliers SBG is trying to shield from discovery—and which SBG contends will "devastate" its business if revealed—account for a relatively small and de minimus proportion of its supply of Maui Jim-branded sunglasses. (*Id.* at 20.) Moreover, one of the entities had already been terminated by Maui Jim based on facts entirely separate from the instant litigation. (*Id.*)

7

disclosed on a CONFIDENTIAL basis could be used for purposes outside the litigation was "overblown" considering paragraph 5(a) of the Agreed Confidentiality Order, which provides that confidential information shall not be used or disclosed by the parties for any purpose other than the instant litigation—a violation of which could result in "sanctions in addition to potential claims").) Finally, Judge Gilbert weighed the risk of harm to SBG from the disclosure of the supplier information against Maui Jim's need to have the information "both to prosecute the litigation, defend the counterclaim, and to engage in meaningful settlement discussions," and concluded that on balance, disclosure was warranted. (*Id.* at 21.) While SBG argues its supply chain information must remain confidential in order to prevent Maui Jim from terminating distributors, SBG failed to point to any factual allegations supporting its claim. (*See id.* at 8.)

The magistrate judge is in the best position to make determinations as to the extent to which discovery should be allowed in this matter, and "enjoy[s] extremely broad discretion in controlling discovery." *Jones*, 737 F.3d at 1115. While SBG disagrees with Judge Gilbert's December 18, 2017 Order, SBG's objections reveal little more than an attempt to rehash the issues. SBG has not met its burden of showing that Judge Gilbert's decision was clearly erroneous or contrary to law, and its objections are accordingly overruled.

**CONCLUSION**

For the foregoing reasons, we overrule in their entirety SBG's objections to Judge Gilbert's December 18, 2017 Order denying defendants' combined motion to clarify and for entry of a protective order.  (Dkt. No. 74.)  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:  February 26, 2018
 Chicago, Illinois