UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SMARTBUY GURU ENTERPRISES, a ) <br> Cayman Island Company, MOTION ) <br> GLOBAL LTD., a Hong Kong Company, ) <br> SMARTBUYGLASSES SOCIETÀ A ) <br> RESPONSABILITÀ LIMITATA, an Italian ) <br> company, SMARTBUYGLASSES ) <br> OPTICAL LIMITED, a Hong Kong ) <br> company, ) <br> ) <br> Defendants. ) | No. 16-cv-09788 <br><br> Judge Aspen <br><br> Magistrate Judge Gilbert |

## JOINT STATUS REPORT ON DISCOVERY

In accordance with the Court's Minute Entry of February 20, 2018 (Dkt. 111), the parties advise the Court as follows on the status of discovery:

**A.    The Current Discovery Schedule**

Fact discovery closes on May 30, 2018, and expert discovery closes on July 30, 2018. (Dkt. 84.) The parties have been ordered to produce by March 30, 2018, all documents responsive to written discovery that was served before February 28, 2018. (*Id.*)

**B.    Written Discovery**

The parties have served interrogatories and document requests on one another. Plaintiff has also served requests for admission on Defendants. The parties have responded to all written discovery requests with the following two exceptions: Plaintiff's response to Defendants' second set of document requests is due on March 23, 2018; and Defendants' response to Plaintiff's fifth

set of document requests is due on March 30, 2018. The parties expect to serve additional written discovery requests on one another.

  **C.**  **Document Production**

    **1.**  **Plaintiff's Statement:**

Plaintiff produced documents to Defendants on:

  November 17, 2017

  January 5, 2018

  January 30, 2018, and

  March 14, 2018.

Defendants produced documents to Plaintiff on:

  December 8, 2017,

  February 15, 2018.

Plaintiff intends to move the Court for an order finding that Defendants have not complied with the following orders:

**Dkt. 60**, dated November 28, 2017, which ordered Defendants to "make every effort to produce by 12/11/17 the documents covered by the Court's Memorandum Opinion and Order entered on 11/27/17 [58]." The Court's Order of November 27, 2017, required Defendants to produce their supply-chain documents. Defendants produced some documents on December 8, 2017, but admitted that their production was incomplete. (Tr. of 12/18/17, at 7.) Defendants have never completed, or even supplemented, their production of documents in response to the Court's Order.

**Dkt. 71**, dated December 18, 2017, which ordered Defendants to downgrade the designation of their supply-chain documents that were the subject of Dkt. 60 from AEO to CONFIDENTIAL, and to do so by January 2, 2018. Defendants filed an objection to a portion of

the Court's order Dkt. 71 with Judge Aspen, thereby suspending their obligation to produce those documents by January 2, 2018. Judge Aspen overruled Defendants' objection on February 26, 2018. (Dkt. 112.) Defendants have not, however, produced any documents since then.

Moreover, Defendants did not object to that portion of the Court's order Dkt. 71 that required Defendants to produce documents on their acquisition of sunglasses from two of their affiliates that allegedly purchase MAUI JIM sunglasses through a Maui Jim executive in Europe. Those documents were due on January 2, 2018. Defendants ignored that deadline, waiting until February 15, 2018, to make their next production. More importantly, the documents Defendants produced on that date include very few documents on Defendants' acquisition of sunglasses from two of their affiliates that allegedly purchase MAUI JIM sunglasses through a Maui Jim executive in Europe.[1]

**Dkt. 99**, dated February 5, 2018, which ordered Defendants to produce all documents in response to Plaintiff's third set of document requests (other than request nos. 94 and 95) by February 13, 2018. Those requests include, for example: import/export documents between Defendants and the U.S. Food & Drug Administration; and documents related to Defendants' communications with U.S. Customs and Border Protection. The documents that Defendants produced on February 15, 2018, did not include any responsive documents. (As explained above, the February 15 production consists only of a few documents on Defendants' acquisition of

---

[1] Defendants have technically produced 25,439 documents (587,569 pages). However, only 189 of those documents (1,129) pages, are usable. Almost all of the remaining documents – 25,249 documents (585,186 pages) – consist of nothing but printouts of Defendants' websites, which are obviously publicly available, and one spreadsheet. Further, Defendants chose to process the documents in a manner that multiplied the volume of their production 23-fold: each two-page webpage is blown up into 23 pages. And Defendants chose a printing method that excludes photos of the MAUI JIM-branded sunglasses that are the centerpiece of this case.

3

sunglasses from two of their affiliates that allegedly purchase MAUI JIM sunglasses through a Maui Jim executive in Europe, and exploded printouts of Defendants' webpages).

Dkt. 99 also orders Defendants to "complete" their production of the supply chain documents by February 16, 2018. Defendants have not done so. Most egregiously, Defendants have never produced a single document on any of their suppliers of MAUI JIM-branded sunglasses other than their affiliates that allegedly purchase MAUI JIM sunglasses through a Maui Jim executive in Europe (and Defendants' production of those documents is woefully incomplete).

**Dkt. 102**, dated February 14, 2018, which ordered Defendants to produce "forthwith" documents on Defendants' worldwide sales, costs, profits on the MAUI JIM-branded sunglasses that are at issue in this case. Defendants have not produced any such documents.[2]

Contrary to Defendants' representations below, Plaintiff's document production has been responsive to Defendants' requests and includes, but is not limited to: Plaintiff's Retailer agreements and policies; Plaintiff's enforcement of same; Defendants' false advertisements; Defendants' unauthorized reproduction of Plaintiff's copyrighted images and unauthorized use of Plaintiff's trademarks; documents related to Defendants' counterfeit MAUI JIM products; Plaintiff's anti-diversion policies and Plaintiff's enforcement efforts related to same; documents regarding Plaintiff's policies that retailers cannot modify its products and Plaintiff's enforcement efforts relating to that policy; Plaintiff's internal documents and communications relating to Defendants; Plaintiff's warranty policies and correspondence with Customs regarding same;

---

[2] The Court's four orders listed above exist and are enforceable separate and apart from the Court's order that requires the parties to produce by March 30, 2018, all documents responsive to written discovery that was served before February 28, 2018. (Dkt. 84.) Indeed, two of the orders post-date Dkt. 84.

4

customer confusion and complaints to Plaintiff's customer service regarding Defendants and their products; documents from Customs relating to Defendants; Plaintiff's test purchases of Defendants' products and related documentation; Plaintiff's enforcement efforts against third parties making modifications to Plaintiff product; Plaintiff's advertising material and other documents in support of its fame, among others.

Included in Plaintiff's production are almost 300 emails and their attachments. Each produced document includes full metadata and a searchable text file. And Plaintiff produced Excel spreadsheets in native format, which is the generally preferred format by parties and vendors because they are more easily searchable and usable. In addition, Plaintiff provided Defendants the OCR text file for all natives. Had Plaintiff produced them in TIFF format, they would have been 13,000 pages and been more difficult to read and search. Plaintiff is, however, happy to produce the native files to Defendants upon request.

    **2.**    **Defendants' Statement:**

Including a production of approximately 59,000 pages that Defendants made today, Defendants have produced 25,645 documents (647,203 pages) that include hundreds of invoices, supplier information, financial information, communications with customs, information as to the source of the prescription lenses at issue, profit and loss statements, and advertising information that Plaintiff has requested. Defendant has produced those documents in the format Plaintiff requested and even offered access to the native files for the HTML production. Plaintiffs have only produced 860 documents (2,934 pages) consisting mainly of screenshots and customer service inquiries, many without metadata or other text searching capabilities as required by the parties' agreement. Plaintiffs have not produced any substantive internal emails or communications. Moreover, Plaintiffs have not produced any financials or documents to justify

its recent actions. Plaintiff continues its approach to trickle out largely irrelevant documents to make it appear as if it is complying with its discovery obligations.

Defendants have complied with the Court's orders. Moreover, Defendants intend to move to compel Plaintiff's responses to written discovery, which Defendants contend are inadequately answered.

### D. Depositions of Parties

The parties have issued notices of deposition on each other but have not yet taken any depositions. Each side expects to issue additional notices based on what the documents show. The parties plan to take depositions after they have produced all, or at least substantially all, documents. Some of the depositions may be taken outside of the United States, although each party reserves the right to seek the Court's assistance on the location of any depositions.

### E. Subpoenas

Maui Jim intends to serve subpoenas for documents and depositions, including on entities that reside outside of the United States. Two of those are "entities identified by Defendants as their affiliates who purchase Maui Jim sunglasses from Plaintiff through its European operation." (Dkt. 71.) Plaintiff's counsel has asked Defendants' counsel to accept service of process of the subpoenas on behalf of Defendants' two affiliates. Plaintiff's counsel is awaiting a response.

Others whom Maui Jim intends to subpoena come within the scope of this Court's stay that prohibits discovery on certain of Defendants' suppliers:

> until further order of Court to allow time for the parties potentially to revisit the subject of settlement and so that the Court can address more specifically the conditions under which such discovery should proceed given both parties' sensitivity to the way in which Plaintiff's customers and Defendants' suppliers should be approached, if at all, about the matters being litigated in this case. (Dkt. 71.)

F.  **Discovery Disputes**

Each party has challenged some of the other party's written discovery responses and document production (in addition to the issue raised in Section C, above). The parties have conferred with one another to see if they can resolve, or at least narrow, the areas of dispute. They will continue to do so and if differences remain after the parties have exhausted their efforts under Local Rule 37.2, the parties will bring appropriate motions before the Court. The parties may request an extension of the current discovery schedule, depending in part on their ability to resolve their discovery disputes.

Respectfully submitted,

*/s/ John D. Fitzpatrick*
Steven P. Mandell (Bar No. 6183729)
Stephen J. Rosenfeld (Bar No. 6216769)
John D. Fitzpatrick (Bar No. 6277475)
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
(312) 251-1009

Attorneys for Defendants

*/s/ John T. Gabrielides*
John T. Gabrielides (Illinois Bar No. 6198323)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313

Michelle M. Mikol (Illinois Bar No. 6290243)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006
(202) 371-6356

Attorneys for Plaintiff

DMS 11868084v1