**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, | ) |
| | ) |
| Plaintiff, | ) No. 16 C 9788 |
| | ) |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| SMARTBUY GURU ENTERPRISES, a Cayman Island Company; MOTION GLOBAL LTD., a Hong Kong Company; SMARTBUYGLASSES SOCIETÀ A RESPONSABILITÀ LIMITATA, an Italian company; SMARTGUYGLASSES OPTICAL LIMITED, a Hong Kong company, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Maui Jim's Fee Petition [128] is allowed in part. Defendants (collectively "SmartBuy") shall pay Maui Jim $9,821.00 on or before June 6, 2018. See Statement below for further details.

## STATEMENT

On December 18, 2017, the Court granted in part and denied in part SmartBuy's Motion to Clarify and for Entry of Protective Order. [ECF No. 71.] SmartBuy then filed a "Motion for Reconsideration of Supply-Chain Confidentiality Designation in Light of New Facts and for Expedited Discovery into Potential Contemptuous Conduct" [ECF No. 113]. The Court denied SmartBuy's Motion for Reconsideration on March 19, 2018, and ordered SmartBuy to pay Maui Jim's attorneys' fees and costs incurred in filing its Response to SmartBuy's Motion in accordance with Federal Rule of Civil Procedure 37(a)(5)(B). [ECF No. 126.] Because the parties were unable to agree on the amount of fees, in accordance with the Court's March 19, 2018 order [ECF No. 126], Maui Jim filed a Fee Petition [ECF No. 128] seeking $18,649.50 in legal fees it incurred in filing its Response, as well as additional fees incurred in filing the Fee Petition and the Reply in Support [ECF No. 133].

### A.

First, SmartBuy says that the Court does not have the authority to order it to pay Maui Jim's attorneys' fees for opposing SmartBuy's Motion for Reconsideration of the Court's prior rulings pursuant to Rule 37(a)(5)(B). The Court disagrees.

SmartBuy's Motion for Reconsideration [ECF No. 113] was a discovery-related motion and therefore Rule 37(a)(5)(B) applies. Among other things, in that Motion, SmartBuy seeks "expedited **discovery** into potential contemptuous conduct." [ECF No. 113, at 1.] In addition, in the body of the Motion, SmartBuy says "this Court must **stop all further discovery** into SmartBuyGlasses' supply chain " and it says "the Court should allow SmartBuyGlasses **to obtain fulsome discovery** on the background of what Maui Jim claims to be the events and discussions leading up to its most recent decisions to attack SmartBuyGlasses' [suppliers]." *Id*. at pp. 4, 6. Therefore, although styled as a motion for reconsideration, SmartBuy's motion clearly sought to block certain discovery and permission to undertake other discovery. SmartBuy's prayer for relief similarly was focused on the discovery it wanted to take and the discovery it wanted the Court to prevent. *Id*. at pp. 6–7. This was clearly a discovery-related motion and the fact that it was styled as a motion for reconsideration of the Court's prior discovery rulings does not change the fact that it was a discovery motion. Therefore, in the Court's view, Rule 37(a)(5)(B) applies.

Furthermore, the cases cited by SmartBuy for the proposition that its Motion for Reconsideration is properly governed by Rule 54(b) rather than Rule 37(a) are inapposite and readily distinguishable. In *Zurich Capital Markets, Inc. v. Coglianese*, 383 F. Supp. 2d 1041 (N.D. Ill. 2005), the defendants moved for reconsideration of the court's ruling on the defendants' motion to dismiss that the plaintiff's fraud allegations met the pleading requirements of Rule 9(b). In *Manley v. Boat/U.S., Inc.*, 2017 WL 5191952 (N.D. Ill. Nov. 9, 2017), the court granted summary judgment in favor of the defendant on two counts, but denied summary judgment as to the three remaining counts of the plaintiff's complaint. The defendant then moved for reconsideration of the court's denial of summary judgment on those three counts. *Id*. Thus, unlike the instant case, *Manley* and *Zurich* involved requests for reconsideration of rulings on dispositive motions, completely unrelated to discovery.

Therefore, the Court remains of the view that SmartBuy should have met and conferred with Maui Jim under Local Rule 37.2 before filing a discovery-related motion. But, even if Local Rule 37.2 does not technically apply, the failure to comply with that Local Rule was not the sole predicate for the Court's order that SmartBuy pay Maui Jim's fees. This was a discovery motion that was not well-founded and it was denied. And Rule 37(a)(5)(B) says the Court must award fees unless "the motion substantially justified or other circumstances make an award of expenses unjust." *See* FED. R. CIV. P. 37(a)(5)(B).

**B.**

Second, SmartBuy argues that the attorneys' fees Maui Jim incurred in responding to SmartBuy's motion were excessive and that any award of fees against SmartBuy should be substantially reduced from what Maui Jim is requesting. The Court agrees with SmartBuy.

Maui Jim's request for reimbursement of $18,649 in attorneys' fees for its response brief is, in the Court's view, excessive for several reasons:

(1) The senior attorney on this file, billing at $655 an hour, spent the lion's share of the time drafting Maui Jim's response to SmartBuy's Motion;

(2) The billing records show substantial overlap between the work being done by the senior and more junior lawyers for "drafting," "preparing," and "reviewing" the response over the course of about a week; and

(3) The total amount of time spent on the response brief – 32.70 hours – appears to be excessive, perhaps because of the overlap in work done by the two attorneys who prepared the response.

Therefore, the Court will award Maui Jim one-half of the time spent on the response brief at the hourly rate of the lower billing attorney – 16.35 hours at $460 per hour – which is $7,521.00.

The Court is not second-guessing counsel's or Maui Jim's decision to have a senior lawyer with an hourly billing rate of $655 do the bulk of the work on a response to SmartBuy's motion to reconsider or to have two lawyers work on drafting the response brief. But those decisions about resource allocation do not dictate or control what SmartBuy reasonably should be required to pay for filing a motion that was not well-founded and was summarily denied.

## C.

Finally, the Court agrees with Maui Jim and disagrees with SmartBuy that Maui Jim should be reimbursed for the time its counsel spent filing the fee petition that the Court ordered it to file. But, again, the Court will not require SmartBuy to pay for two attorneys to draft a relatively simple fee petition reply brief particularly when almost all of the work was done by a senior lawyer billing at $655 an hour.

Maui Jim represents in its reply brief [ECF No. 133] that its senior attorney spent 4.9 hours on the reply brief in support of Maui Jim's fee petition and the more junior lawyer spent 0.5 hours. The Court will award a total of five (5) hours for the reply brief at the more junior lawyer's hourly rate of $460 an hour for a total of $2,300.00. This brings the total fee award to $9,821.00. SmartBuy shall pay that amount to Maui Jim on the 21st day after the date this Order is entered.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 16, 2018