IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, ) | |
| ) | |
| Plaintiff, ) | No. 16 C 9788 |
| ) | |
| v. ) | Jeffrey T. Gilbert |
| ) | Magistrate Judge |
| SMARTBUY GURU ENTERPRISES, a ) | |
| Cayman Island Company; MOTION ) | |
| GLOBAL LTD., a Hong Kong Company; ) | |
| SMARTBUYGLASSES SOCIETÀ A ) | |
| RESPONSABILITÀ LIMITATA, an Italian ) | |
| company; SMARTGUYGLASSES ) | |
| OPTICAL LIMITED, a Hong Kong ) | |
| company, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's Motion for Sanctions [146] is granted in part and denied in part. See Statement below for further details.

## STATEMENT

On February 5, 2018, the Court ordered SmartBuy to respond to certain interrogatories and requests for production, on a rolling basis and by a date certain [ECF No. 99]. Maui Jim says SmartBuy has dribbled out some of the documents requested but has failed to produce others long after it was ordered to do so. Maui Jim strongly suspects SmartBuy has additional responsive documents or has destroyed them. SmartBuy says it has produced all of the documents it was required to produce by the Court's Order of February 5, 2018.

It is difficult to tell what documents SmartBuy has or does not have, but SmartBuy appears to have stymied legitimate inquiry from Maui Jim designed to probe that issue. For example, SmartBuy produced a spreadsheet that it says contains information that would be contained in the documents SmartBuy says no longer exist, but that spreadsheet itself is missing information. The Court agrees with Maui Jim that the spreadsheet at a minimum should be updated to include the name of the manufacturer and the country of origin for the shipments identified in the spreadsheet, as it appears that information would be contained in the missing documents and SmartBuy probably has that information. Having gone down this road, SmartBuy shall provide the missing information if it has that information on or before September 12, 2018.

SmartBuy also claims that it does not retain certain U.S. Customs documents that Maui Jim has requested it produce, some of which Maui Jim was able to obtain through a subpoena to FedEx. FedEx acts as SmartBuy's customs broker. The FedEx contract states that SmartBuy can obtain its U.S. Customs documents from FedEx [ECF No. 193-1], and, therefore, these U.S. Customs documents are in SmartBuy's possession, custody, or control for purposes of Rule 34 because it has a legal right to obtain them. *See Republic Techs (NA), LLC v. BBK Tobacco & Foods, LLP*, 2017 WL 4287205, at *2 (N.D. Ill. Sept. 27, 2017) ("On the issue of control, it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them") (quoting *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004)). SmartBuy therefore must produce the responsive documents by requesting and obtaining them from FedEx at its expense. On or before September 12, 2018, SmartBuy shall file a report stating what it has done to obtain these documents and when Maui Jim can expect production of said documents.

SmartBuy seems to create electronic documents with respect to the commercial invoices and drop ball certifications it generates for shipments of Maui Jim-branded sunglasses, but it says it does not retain copies of these documents when they are created. But an electronic document is still a "document" for purposes of Rule 34. And electronically stored information may not disappear like a hard copy of a document that is thrown into a waste basket. The spreadsheet produced by SmartBuy shows that SmartBuy delivered at least 434 shipments of Maui Jim-branded sunglasses to the United States between April 25, 2018 and May 21, 2018.[1] As Maui Jim correctly points out, SmartBuy necessarily created commercial invoices and other U.S. Customs documents for those shipments. It is hard to believe all evidence of those documents has completely disappeared.

Neither the Court nor Maui Jim can tell from SmartBuy's discovery responses or its brief in response to Maui Jim's Motion for Sanctions how SmartBuy creates or maintains records regarding the shipments relevant to this case. Therefore, the Court will allow a Rule 30(b)(6) deposition regarding SmartBuy's process of creating U.S. Customs documents, including without limitation commercial invoices and drop ball test certifications, and whether electronic versions of those documents still exist. The Court will defer a decision as to whether SmartBuy will required to pay Maui Jim's attorney's fees incurred in preparing for and taking the Rule 30(b)(6) deposition until it has more information about the information Maui Jim gleans from the deposition.

The Court is not sure what else it can decide on the issues raised in Maui Jim's Motion for Sanctions [ECF No. 146] at this juncture. If there are other issues that Maui Jim believes are framed by its Motion that are now ripe for decision, Maui Jim should first confer with SmartBuy to see whether the parties can resolve those issues themselves with the guidance provided in this Order. If they cannot do so, Maui Jim can file new motion addressing those issues.

Finally, on this record, the Court cannot recommend that the District Judge order Maui Jim's proposed facts to be deemed established for the purposes of this action, or prohibit SmartBuy from introducing into the record any evidence that contradicts those proposed facts as a sanction

---

[1] Maui Jim used April 25 as a starting point because that is when SmartBuy says the parties discussed the Commercial Invoices.

2

for what Maui Jim characterizes as SmartBuy's obstreperous response to Maui Jim's discovery requests. This is a drastic sanction that does not yet seem to be necessary or appropriate.

    It is so ordered.

                                                         Jeffrey T. Gilbert
                                                        United States Magistrate Judge

Dated: August 29, 2018