IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUI JIM, INC., an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 9788 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| SMARTBUY GURU ENTERPRISES, a Cayman Island Company; MOTION GLOBAL LTD., a Hong Kong Company; SMARTBUYGLASSES SOCIETÀ A RESPONSABILITÀ LIMITATA, an Italian company; SMARTGUYGLASSES OPTICAL LIMITED, a Hong Kong company, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion to Quash Maui Jim's Record Subpoena or to Enter a Protective Order [159] is denied with respect to Request Nos. 1 through 4 of the Rider to the subpoena, and granted with respect to Request Nos. 5 and 6 only if SmartBuy produces the requested documents by September 12, 2018. If SmartBuy fails to produce the requested documents within the proscribed time frame, Maui Jim is granted leave to serve the subpoena on the third-party manufacturer identified in the sealed portions of the parties' briefs on this issue ("Company X"). See Statement below for further details.

## STATEMENT

Rule 26(c) provides that the Court, for good cause, may issue an order to protect a party or person from "annoyance, embarrassment, [or] oppression . . . ." FED. R. CIV. P. 26(c). A protective order limiting discovery, however, requires the movant to show good cause by submitting "a particular and specific demonstration of fact." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning are insufficient. *Id.*; *see also Hollinger Int'l, Inc. v. Hollinger, Inc.*, 2005 WL 3177880, at *3 (N.D. Ill. Jan. 9, 2005) ("Generalized claims of embarrassment do not establish good cause."). In deciding whether good cause exists, the Court must balance the competing interests of the parties involved. *See*

SmartBuy says its listing of Company X rather than Maui Jim as the manufacturer on the commercial invoices at issue here was a mistake. Maui Jim doubts that this is true because Company X was listed as the manufacturer of 20,000-plus shipments of Maui Jim-branded

sunglasses, too many to be the result of a "mistake." Regardless of who is correct, the Court is not persuaded that Maui Jim should be precluded from obtaining discovery on this issue. Even if this was a simple mistake, and regardless of whether or not the subpoena on Company X will cause SmartBuy some annoyance or embarrassment, the information sought by Maui Jim with respect to Request Nos. 1 through 4 in its subpoena to Company X is directly relevant to the allegations in Maui Jim's First Amended Complaint [ECF No. 130] and that outweighs any burden on SmartBuy particularly since it created the need for this discovery itself.

Further, given the information the Court has gleaned from each party's briefing on Maui Jim's Motion for Sanctions [ECF No. 146], namely, that SmartBuy supposedly does not keep and cannot recover any copies of commercial invoices or drop ball test certification documents that are submitted to U.S. Customs, the likelihood of Maui Jim being able to get to the bottom of this issue by taking discovery of SmartBuy alone is low. Additionally, the fact that SmartBuy allegedly has made other false or misleading statements in the documents submitted to U.S. Customs, including using a purportedly unauthorized 2009 Maui Jim Drop Ball Certification on Maui Jim letterhead, and a Company X Drop Ball Certification that clearly does not relate to the products or shipments at issue, cuts against the likelihood of some kind of "inadvertent mistake" and in favor of Maui Jim's need for discovery from Company X.[1]

For these reasons, SmartBuy's Motion [159] is denied with respect to Request Nos. 1 through 4 in the Rider to the subpoena [ECF No. 160-1].

With respect to Request Nos. 5 and 6, the Court will issue the requested protective order only if, by September 12, 2018, SmartBuy produces the settlement agreement(s) sought by Request No. 5 and the litigation documents sought by Request No. 6 concerning statements made by or on behalf of SmartBuy during that litigation. SmartBuy may redact from the settlement agreement(s) the terms, if any, of any business relationship between the parties to the settlement agreement(s) from the date of the settlement agreement(s) forward that may have been part of any settlement. If SmartBuy does not produce these documents by September 12, 2018, Maui Jim may subpoena the documents from Company X.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 29, 2018

---

[1] In another Order issued today, the Court is granting in part Maui Jim's Motion for Sanctions and allowing Maui Jim to take a Rule 30(b)(6) deposition concerning the process by which SmartBuy creates U.S. Customs documents, including without limitation commercial invoices and drop ball test certifications.

2