IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUI JIM, INC., an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 9788 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| SMARTBUY GURU ENTERPRISES, a Cayman Island Company; MOTION GLOBAL LTD., a Hong Kong Company; SMARTBUYGLASSES SOCIETÀ A RESPONSABILITÀ LIMITATA, an Italian company; SMARTGUYGLASSES OPTICAL LIMITED, a Hong Kong company, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion to Compel [178] is granted in part and denied in part. See Statement below for further details.

## STATEMENT

1. Maui Jim's Motion to Compel is denied as to <u>Request No. 102</u>. Request No. 102 seeks "any and all documents reflecting agreements granting Defendants authorization to sell and/or distribute brands of sunglasses other than Maui Jim-branded sunglasses." This request is overbroad, seeks information that is not relevant to a claim or defense, and is not proportional to the needs of the case.

As an initial matter, a request for "any and all documents *reflecting* agreements . . . ." is overbroad and vague as drafted because of the use of the word "reflecting" and even assuming (without deciding) that "all" documents are relevant and proportional to the needs of the case. But Maui Jim's argument in support of its Motion to Compel indicates that it is really requesting just the agreements themselves.

Even as so limited, however, Defendants' agreements with manufacturers of sunglasses other than Maui Jim are, at most, only tangentially related to the issues in this case. The issue here is whether Maui Jim authorized SmartBuy to sell Maui Jim-branded sunglasses and whether SmartBuy infringed Maui Jim's copyrights. Maui Jim says it wants to test and challenge the reasonableness of SmartBuy's argument that it reasonably believed it was authorized to sell Maui Jim brand sunglasses. The reasonableness of SmartBuy's belief in that respect will be based

primarily upon the facts and circumstances of this case. Maui Jim says it wants to use SmartBuy's agreements with other manufacturers to support its argument that it is unreasonable for SmartBuy to believe it was authorized to sell Maui Jim-branded sunglasses when its authorizations to sell other manufacturers' products look and feel a lot different. But it is far from clear that Maui Jim would be allowed to use those documents for that purpose in this case. The Court, for example, has serious doubts that those documents would have sufficient probative value to justify the trial time it would take to prove up those other contractual relationships and defend against challenges to the relevance of those other relationships to the issues to be decided in this case. The Court does not believe the burden on SmartBuy of producing all of those documents is justified by the very minimal, if any, relevance of those documents in this case.

Moreover, because Maui Jim and SmartBuy compete in the sale of sunglasses, the information Maui Jim is requesting of SmartBuy is particularly sensitive. For all these reasons, the information requested is not proportional to the needs of the case in terms of either its importance to resolving the issues in this case or the burden that production of this information will place upon SmartBuy.[1]

2. Maui Jim's Motion to Compel is denied as to Request No. 103. Request No. 103 seeks "any and all documents reflecting and/or relating to complaints by consumers of all brands of sunglasses Defendants offer for sale to consumers regarding Defendant's customer service, delays in shipping, customs charges, customs seizure, Defendant's website, the quality of goods received from Defendants, and the packaging of goods received from Defendants." This request is overbroad, seeks information that is not relevant to a claim or defense, and is not proportional to the needs of the case. The Court is not persuaded by Maui Jim's argument that it is entitled to consumer complaints for *all* brands of sunglasses solely based upon SmartBuy's listing of a different company as the manufacturer on a number commercial invoices for Maui Jim-branded sunglasses. The information requested is not proportional to the needs of the case in terms of either the burden production of this information will place upon SmartBuy or the importance of the information to the resolution of the issues central to this case.

3. Maui Jim's Motion to Compel is denied as to Request No. 107 and Request No. 108. These requests seek "any and all documents referring and/or relating to anti-diversion policies of Plaintiff and other brand manufacturers" and "any and all documents reflecting Defendants' knowledge of anti-diversion policies of Plaintiff or other brand manufacturers." These requests are overbroad, seek information that is not relevant to a claim or defense, and are not proportional to the needs of the case.

Again, the issue here is whether Maui Jim authorized SmartBuy to sell Maui Jim-branded sunglasses and whether SmartBuy infringed Maui Jim's copyrights. Defendants' knowledge of the anti-diversion policies of other brand manufacturers is at most only tangentially relevant to the issues in this case. Under the circumstances, the information requested is not proportional to the needs of the case in terms of either its importance to resolving the issues in this case or the burden that production of this information will place upon SmartBuy.

---

[1] To the extent, however, that SmartBuy intends to use its agreements with other manufacturers to support any of its defenses or for some other purpose in this case, the Court would need to revisit this ruling and Maui Jim's rationale for seeking those documents might look different.

2

4. Maui Jim's Motion to Compel is granted as to <u>Request No. 112</u> and <u>Request No. 113</u> only to the extent that SmartBuy must produce documents called for by these requests that are in its possession—including communications with Maui Jim—if it has not already done so. The Motion is denied as to these Requests in all other respects.

Request Nos. 112 and 113 seek "any and all documents reflecting communications between [Company A/Company B[2]], Plaintiff's and/or any of Plaintiff's employees, agents, and/or sales representatives" and "any and all documents reflecting communications between [Company A/Company B] and Defendants regarding Plaintiff or Plaintiff's products." The real issue with respect to Request Nos. 112 and 113 appears to be whether Company A's/Company B's documents are in any Defendant's possession, custody, or control. Generally, the party seeking to obtain the documents bears the burden of showing that the party from whom the documents are requested has control over them. *See Wachovia Securities, LLC v. Loop Corp.*, 2008 WL 2625907, *1 (N.D. Ill. June 27, 2008). A party relying on foreign law to block production, however, has the burden of demonstrating that such law actually bars the production at issue. *See Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, 2017 WL 4287205, at *1 (N.D. Ill. Sept. 27, 2017); *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 541 (N.D. Ill. 2004). In the Court's view, Maui Jim has not met its burden to show that Defendant Motion Global has control of the documents sought by Request Nos. 112 and 113, based either on its 5% equity interest or the foreign law it cites (Article 2476 of the Italian Civil Code).

Further, "[t]he fact that a party could obtain a document if it tried hard enough . . . does not mean that the document is in its possession, custody, or control; rather, the party must be able to order the company to surrender the documents." *Republic Techs.*, 2017 WL 4287205, at *2 (internal quotations and citations omitted). On this record, Defendant Motion Global has met its burden of demonstrating that it does not have the ability as a matter of law to control production of the documents. The record is not sufficiently developed for the Court to determine whether Defendant Motion Global has the practical ability to order Company A or Company B to surrender documents sought by Request Nos. 112 and 113.

5. Maui Jim's Motion to Compel is denied as to <u>Request No. 114</u>. Request No. 114 seeks "any and all documents referring and/or relating to Defendants' efforts to purchase shares of [Company A/Company B]." The request is overbroad as drafted because of the use of "relating to." Moreover, on this record, it is not clear to the Court why documents "referring and/or relating to" Defendants' efforts to purchase shares are relevant to the claims or defenses in this case. Without more of an explanation from Maui Jim as to the relevance of these documents, the Court is not willing to compel the production of such information and documents.

It is so ordered.

---

[2] For confidentiality reasons, the Court refers to the two companies named in Request Nos. 112 through 114 as "Company A" and "Company B."

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 29, 2018