IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, | )<br>) |
| Plaintiff, | ) No. 16 C 9788<br>) |
| v. | ) Jeffrey T. Gilbert<br>) Magistrate Judge |
| SMARTBUY GURU ENTERPRISES, a Cayman Island Company; MOTION GLOBAL LTD., a Hong Kong Company; SMARTBUYGLASSES SOCIETÀ A RESPONSABILITÀ LIMITATA, an Italian company; SMARTGUYGLASSES OPTICAL LIMITED, a Hong Kong company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

SmartBuy's Amended Motion to Compel [ECF Nos. 296, 297] is denied. See Statement for further details.

## STATEMENT

This case is before the Court on Defendant/Counter-Plaintiff SmartBuy's Amended Motion to Compel the Deposition of Antonella Zuccaroni Pursuant to Rule 30(b)(1) and to Compel Answers to Questions Related to Unauthorized Sales Outside of Italy Pursuant to Rule 30(c)(2) [ECF No. 296, 297]. For the following reasons, the Amended Motion [ECF Nos. 296, 297] is denied.

### I. Zuccaroni Deposition

SmartBuy would like to depose Antonella Zuccaroni who is a former Maui Jim sales representative in Italy. SmartBuy states that Ms. Zuccaroni has relevant information because she dealt directly with Salva New and took orders from Salva New. SmartBuy also contends that Ms. Zuccaroni knew the Salva New orders were destined for Motion Global. SmartBuy suggests that Maui Jim terminated its relationship with Ms. Zuccaroni after SmartBuy notified Maui Jim of its intent to seek her deposition testimony and that Maui Jim is "actively attempting to frustrate [its] efforts to obtain lawful discovery in this case." SmartBuy's Amended Motion [ECF No. 296], at 1. SmartBuy also asserts that Ms. Zuccaroni is a managing agent of Maui Jim and Maui Jim should be compelled to produce Ms. Zuccaroni for deposition for that reason under Federal Rule

1

Civil Procedure 30(b)(6). SmartBuy argues that Maui Jim still has control over Ms. Zuccaroni because Maui Jim has a severance agreement with her.

In response, Maui Jim states that Ms. Zuccaroni was not an officer, director or managing agent of Maui Jim, and therefore, Maui Jim would not have been, and cannot now, be required to produce Ms. Zuccaroni for deposition. In addition, since Maui Jim terminated its relationship with Ms. Zuccaroni, Maui Jim asserts that it does not have control over her and cannot require her to sit for a deposition.

Putting aside the issue of control and the fact that Ms. Zuccaroni no longer works for Maui Jim, the threshold issue this Court must decide is whether Ms. Zuccaroni was a corporate officer, director or managing agent so that her deposition could be obtained by a notice of deposition served on Maui Jim rather than pursuant to a subpoena served personally on Ms. Zuccaroni. *See Jackson v. Stevens Transport, Inc.*, 2015 WL 221087, at *2 (N.D. Tex. Jan. 15, 2015) ("A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45."). If Ms. Zuccaroni would not have qualified as a corporate officer, director, or managing agent, then whether Maui Jim terminated its relationship with her knowing that SmartBuy wanted to depose her is irrelevant, SmartBuy still would have had to then and must now personally serve a subpoena on Ms. Zuccaroni to obtain her testimony unless she agrees to appear voluntarily.

Pursuant to Federal Rule 30(b)(6), a party may compel a corporate officer, director, or managing agent to give testimony pursuant to a notice of deposition rather than service of a subpoena. FED. R. CIV. P. 30(b)(6); *see also Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 2014 WL 12753788, at *2 (S.D. Ill. June 30, 2017). There is no dispute that Ms. Zuccaroni was not an officer or director of Maui Jim. The question is whether she was a managing agent. To determine whether an individual qualifies as a managing agent, a court analyzes the following factors: (1) whether she has general powers allowing her to exercise judgment and discretion in corporate matters; (2) whether she can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at the issue in the case; (4) her general responsibilities respecting the matters involved in this litigation; and (5) whether she can be expected to identify with the interests of the corporation. *Kawasaki Heavy Indus., Ltd.*, 2014 WL 12753788, at *2 (S.D. Ill. June 30, 2014) (citing *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 475 (N.D. Ill. 2007)). None of these factors weigh in favor of finding that Ms. Zuccaroni was a managing agent for Maui Jim.

Most of the cases cited by Smart Buy in which courts have held that a proposed deponent is a managing agent involve people who indisputably were either employees or former employees of a party.[1] SmartBuy does not argue that Ms. Zuccaroni was a Maui Jim employee.

---

[1] *See E.I. Dupont de Nemours and Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45 (E.D. Va. 2010) (involving eight employees who held the titles: vice president, deputy vice-present and six team managers); *In re: Lithium Batteries Antitrust Litig.*, 2016 WL 1161575 (N.D. cal. March 24, 2016) (involving an officer who held the position of

SmartBuy, however, cites in its reply brief *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509 (S.D. Ill. June 18, 2007), as a case in which an independent contractor was held to be a managing agent and argues that the case should control here. In *Schindler Elevator*, the defendant sought to depose Dr. Friedli, who was the inventor of the patented product at issue in the litigation, and asked the court to find that Dr. Friedli was the plaintiffs' "managing agent" so that the plaintiffs were required to produce him for deposition. 2007 WL 1771509, at *1. The plaintiffs objected and asked the court to deny the motion to compel asserting that they did not have the legal ability to produce Dr. Friedli because he was not their managing agent. *Id.* The court agreed with the defendant and found that Dr. Friedli was, in fact, a managing agent, and the plaintiffs were required to produce him for deposition. *Id.* at *8. Among other facts, the court found that Dr. Friedli's signature was required for "the technical and sales releases" relating to the patented product. *Id.* at *4. Also, unlike other individuals who had consulting agreements with the plaintiffs, Dr. Friedli did not have any limitation in his consulting agreement which limited his authority regarding third parties. *Id.* The court found there was ample evidence to illustrate that Dr. Friedli "not only has significant responsibility within a given project, but that he was also portrayed, and understood outside of Plaintiffs' organization, as an individual with a high level of authority and expertise." *Id.* The court ultimately concluded that "evidence of Dr. Friedli's long, intimate relationship and shared interests with Plaintiffs is more than sufficient to preliminary conclude that Dr. Friedli is a managing agent of Plaintiff." *Id.* at *8.

The record here does not contain this quantity or quality of evidence regarding Ms. Zuccaroni and her role at Maui Jim. The facts in *Schindler Elevator* are much stronger in support of a finding that the independent contractor there was a managing agent and are distinguishable from the facts in this case. There is no evidence of a long and intimate relationship between Maui Jim and Ms. Zuccaroni. Nor is there evidence of the type of shared or identity of interests that justify characterizing Ms. Zuccaroni as anything other than a sales representative.

Further, a review of Ms. Zuccaroni's contract with Maui Jim, which is attached as Exhibit D to Maui Jim's Opposition [ECF 304-4], establishes that she was a sales representative and not a managing agent. Ms. Zuccaroni's duties are specified in the Exclusive Agency Agreement (the "Agreement") and are limited. The Agreement specifically provides that Ms. Zuccaroni could only "promote, on behalf of the PRINCIPAL [Maui Jim (Italy) S.r.l.], the entry into sales agreements for PRODUCTS with Customers located in the TERRITORY, under the terms and conditions indicated below." Maui Jim's Opposition to SmartBuy's Motion [ECF 304-4], Ex. D, at Art. 1.1. Further, the Agreement requires that:

> AGENT must follow the instructions received from the PRINCIPAL and comply with its business strategy. Otherwise it is expressly understood that the AGENT shall organize its own activities in full autonomy and independence, which thus excludes the possibility of any subordination and/or employment obligations between the parties.

---

executive director and vice-president); *Boston Diagnostics Development Corp. Inc. v; Kollsman Mfg. Co.*, 123 F.R.D. 415, 416 (D. Mass. 198) (involving a current employee who held the position of corporate program manager).

[ECF 304-4], Ex. D, at Art. 2.1. Further, Ms. Zuccaroni also was not permitted "to send any communications and/or memorandums of any kind to existing or even potential customers without first obtaining the PRINCIPAL's written approval of the contents." [ECF 304-4], Ex. D, at Art. 2.12. The Agreement also specifically provides that Maui Jim Italy:

> does not grant the AGENT any powers to represent the PRINCIPAL before third parties. The AGENT therefore, without obtaining specific, prior permission from the PRINCIPAL in advance, may not enter into any agreements in its name, nor make any changes to existing agreements, nor undertake any obligations in the name of PRINCIPAL.

[ECF 304-4], Ex. D, at Art. 6.7. Finally, the Agreement limits Ms. Zuccaroni's territory to only three regions of Italy. *Id.* Accordingly, based on these terms and conditions set forth the Agreement, it is clear to the Court that Ms. Zuccaroni's authority was limited, and that she lacked authority to exercise judgment or discretion in Maui Jim's corporate matters. She was a sales representative for Maui Jim within the limits of her delegated duties and not a managing agent.

SmartBuy also presents no persuasive evidence that Maui Jim controls whether Ms. Zuccaroni will appear for her deposition. Even though SmartBuy notified Maui Jim that Smart Buy was interested in deposing Ms. Zuccaroni, no deposition notice had been served yet when Maui Jim terminated its agency relationship with Ms. Zuccaroni. Even when Ms. Zuccaroni still was a sales representative for Maui Jim, it was Maui Jim's position that it did not control her for purposes of producing her for a deposition. Maui Jim's Opposition [ECF No. 304], at 5. SmartBuy speculates that Maui Jim could have required Ms. Zuccaroni to appear for her deposition during negotiations of the terms of her severance. Maui Jim, however, was not required to take such action, and it is not clear that Ms. Zuccaroni would have agreed to that requirement on terms acceptable to Maui Jim.

As to the remaining factors the Court must consider to determine whether Ms. Zuccaroni qualifies as a managing agent, the Court finds that Smart Buy has not offered evidence that there are no other Maui Jim employees who could testify about sales to the Salva New account. Moreover, the fact that Ms. Zuccaroni may have taken orders from Salva New does not establish that she had authority over the Salva New account. Finally, it seems that SmartBuy anticipates that Ms. Zuccaroni will provide testimony that will support its case. This weighs against a finding that Ms. Zuccaroni will testify in a manner consistent with Maui Jim's interests and also does not support a finding that she is a managing agent.

For these reasons, the Court finds that Ms. Zuccaroni is not a managing agent of Maui Jim and Maui Jim would not have been required to produce her for deposition if her agency contract had not been terminated. Accordingly, SmartBuy's Amended Motion to Compel Ms. Zuccaroni's Deposition [ECF Nos. 296, 297] is denied. The Court notes, however, that nothing prevents SmartBuy from pursuing Ms. Zuccaroni's deposition testimony through other means or Ms. Zuccaroni from volunteering to appear for her deposition or to testify at trial with or without service of a subpoena.

## II. Deposition Questions Related to Unauthorized Sales Outside of Italy

At a recent deposition of Maui Jim representative Hans-Juergen Penzek, counsel for Maui Jim instructed Mr. Penzek not to answer a question concerning whether Maui Jim has closed accounts of authorized retailers in Europe, other than in Italy, for making unauthorized sales of Maui Jim sunglasses. Counsel for Maui Jim relied on this Court's Order [ECF No. 251] as amended by this Court's Order [ECF No. 252] as the basis for instructing the witness not to answer the question. SmartBuy now argues that instruction was erroneous and that the witness should be required to answer the question. Specifically, SmartBuy asks the Court to compel the continuation of Mr. Penzek's deposition at Maui Jim's cost.

As an initial matter, Maui Jim says in its Opposition ([ECF No. 304], at 15) that during more recent depositions, it has permitted its witnesses to answer deposition questions concerning whether Maui Jim has closed accounts of authorized retailers in Europe, other than Italy, for making unauthorized sales of Maui Jim sunglasses. Maui Jim states that it has objected to those questions to preserve its position in this Motion but allowed the witnesses to answer the questions. Based on this, the Court wonders whether the relief SmartBuy is seeking in this Motion is moot as it has obtained the information it was seeking from Mr. Penzek. Nevertheless, the Court will address the merits of SmartBuy's Amended Motion.

Federal Rule of Civil Procedure 30(c)(2) states that instructions preventing a witness from answering questions in a deposition are appropriate "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2). None of these circumstances are present here.

At issue here are two Orders previously entered by this Court. In the Court's August 6, 2018 Order [ECF No. 234], this Court stayed discovery on SmartBuy's antitrust claims pending ruling on Maui Jim's motion to dismiss. In the Court's September 12, 2018 Order [ECF No. 252], the Court granted in part and denied in part SmartBuy's Motion to Compel [ECF No. 171]. The portion of that Order at issue now is the Court's finding that SmartBuy had not met its threshold burden of showing that Europe-wide production of documents by Maui Jim is relevant to SmartBuy's trademark misuse defense, but the Court went further to say that the very broad discovery sought by SmartBuy was overly burdensome on Maui Jim and "not proportional to the needs of the resolving the central issues in the case." [ECF No. 252], at 5. The Court further stated: "In the Court's view, any minimal relevance to some tangential issue is far outweighed by the burden that production would place on Maui Jim." *Id.* In that Order, the Court did not rest its decision solely on relevance but also found that SmartBuy had not "done enough to justify why Maui Jim should be required to carry that burden in this case." *Id.*

In the Court's view, its September 12, 2018 Order [ECF No. 252] was not an order that limited SmartBuy's inquiry at depositions, and the Court is not persuaded that Maui Jim's instruction to its witness not to answer the question put to him was substantially justified. The Court does not agree with Maui Jim's interpretation of the Court's previous Order [ECF No. 252] applied in the context of a deposition question. The issue of relevance and burden as to Europe-wide discovery (other than Italy) that was presented to the Court in SmartBuy's previous motion to compel [ECF No. 171] is substantially different than the issue presented in the instant

motion. SmartBuy's previous motion dealt primarily with the propriety of requests for production of documents and not deposition testimony. Maui Jim objected to the requests for production as overly broad, unduly burdensome, and not proportional to the needs of the case.

The Court agrees with SmartBuy that the same concerns of undue burden simply are not present here, and Maui Jim does not dispute that Mr. Penzek would have been able to answer the question asked but for his counsel's instruction. In the Court's view, the better course of action would have been for Maui Jim to do what it now appears to be doing in subsequent depositions, which is to object to the question as asked but allow the witness to answer if he/she is able to answer the question(s).

That said, however, at this time, the Court is not persuaded that SmartBuy has suffered serious harm by not having Mr. Penzek's answer to the question that he did not answer during his deposition as SmartBuy presumably has obtained answers from other witnesses to the same or similar questions. SmartBuy, therefore, has not persuaded the Court that Mr. Penzek's deposition should be re-convened. If, for some particularized reason, SmartBuy needs Mr. Penzek's testimony in addition to the answers it has received from other witnesses, then there may be a less burdensome and more cost-efficient way to obtain that testimony. For example, SmartBuy could tender a written question or questions on the subject for Mr. Penzek to answer. SmartBuy, however, did not request that relief, and the Court will not order such relief unless and until it hears from both parties, and it determines that would be the appropriate course of action. If, however, SmartBuy has not obtained from other witnesses the information it was seeking from Mr. Penzek, and the parties cannot agree to a remedy, then SmartBuy can bring that issue back before the Court.

For all the reasons discussed above, SmartBuy's Amended Motion to Compel [ECF Nos. 296, 297] is denied.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: January 29, 2019