UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, Plaintiff, v. SMARTBUY GURU ENTERPRISES, a Cayman Island Company, MOTION GLOBAL LTD., a Hong Kong Company, SMARTBUYGLASSES SOCIETÁ A RESPONSABILITÁ LIMITATO, an Italian Company, SMARTBUYGLASSES OPTICAL LIMITED, a Hong Kong Company, Defendants. | Case No. 16-cv-09788<br><br>Hon. Marvin E. Aspen |

**MAUI JIM'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS'
DEFAMATION AND UNJUST ENRICHMENT COUNTERCLAIMS**

John Gabrielides (Illinois Bar No. 6198323)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313
jgabrielides@btlaw.com

Michelle M. Mikol (Illinois Bar No. 6290243)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006
(202) 371-6356
mmikol@btlaw.com

Attorneys for Plaintiff

I. **THE FACTS OF SBG'S DEFAMATION AND UNJUST ENRICHMENT CLAIMS**

Maui Jim brought this lawsuit on October 17, 2016, alleging violations of the Lanham Act, the Copyright Act, and related Illinois law. (SOF ¶6.) SBG answered on March 3, 2017, with eight counterclaims, including unjust enrichment. (SOF ¶7.) Defamation was not among them. *Id.*

Maui Jim filed an Amended Complaint on April 12, 2018. (SOF ¶8.) SBG's answer to the Amended Complaint maintained SBG's unjust enrichment claim and added a defamation *per se* claim. (SOF ¶9.) Maui Jim filed a Second Amended Complaint on September 17, 2018. (SOF ¶10.) SBG's answer carried over without change its defamation and unjust enrichment claims. (SOF ¶11.)

A. **Maui Jim's Alleged Defamation *Per Se* (Count II)**

Paragraphs 28-30 of SBG's counterclaim set forth SBG's defamation allegations. (SOF ¶12.) On May 10, 2019, the Court dismissed with prejudice SBG's defamation claim insofar as it was based on the allegations of ¶ 28, which complained of a press release Maui Jim had issued. (SOF ¶13.) That leaves only ¶¶ 29 and 30. *Id.*

***Paragraph 29***: SBG alleges that "Maui Jim's corporate headquarters and customer service representatives have falsely instructed potential SmartBuyGlasses' customers that SmartBuyGlasses sells counterfeit goods, that the Maui Jim sunglasses SmartBuyGlasses sells are 'fake' or 'not authentic,' and that SmartBuyGlasses 'is not an authentic website.'" (SOF ¶14.) SBG also alleges Maui Jim "contacted SmartBuyGlasses' customers directly and claimed the sunglasses the customers purchased through SmartBuyGlasses are not genuine." (SOF ¶15.) SBG has identified 17 documents, each an email string, where Maui Jim purportedly told SBG's potential

1

customers that SBG sells counterfeit, fake, inauthentic, or non-genuine goods through its website. (SOF ¶22.) SBG does not identify any other evidence to support its defamation claim.[1]

***Paragraph 30***: On September 10, 2017, U.S. Customs and Border Protection ("Customs") advised Maui Jim that Customs had detained a package of MAUI JIM sunglasses at a DHL facility in Minneapolis. (SOF ¶23.) Motion Global had shipped the package from Hong Kong and identified "Luxottica SpA" as the manufacturer of the sunglasses on a document included with the shipment. (SOF ¶24.)[2] Customs asked for Maui Jim's "assistance in determining if the Maui Jim sunglasses are genuine or counterfeit." (SOF ¶27.)

Maui Jim responded to Customs on September 12, 2017, as follows:

> Motion Global, Ltd. is not an authorized retailer or distributor of MAUI JIM-branded Sunglasses. Moreover, we note that the Drop Ball Test Certification included lists the manufacturer of the enclosed product as Luxottica SpA. Luxottica is not a manufacturer of MAUI JIM-branded Sunglasses.
>
> Based on this information, the sunglasses are not genuine or authorized Maui Jim product. (SOF ¶28.)

Customs thereafter advised Maui Jim that Customs "will be seizing the counterfeit Maui Jim sunglasses." (SOF ¶29.)

On this basis, SBG alleges that "Maui Jim has falsely claimed to customs officials that Maui Jim sunglasses shipped by SmartBuyGlasses to U.S. consumers were 'not genuine,' causing the authentic sunglasses to be seized by U.S. customs." (SOF ¶30.)

---

[1] SBG identified the 17 documents on January 17, 2019, several months before the Court held Maui Jim's press release is not defamatory. (SOF ¶22.) SBG characterized the 17 documents as "examples" and said its "[i]nvestigation continues." (*Id*.) SBG, however, never supplemented its interrogatory answers or otherwise notified Maui Jim of any other allegedly defamatory statements.

[2] Luxottica is one of Maui Jim's biggest competitors. (SOF ¶21.)

### B. Maui Jim's Alleged Unjust Enrichment (Count VII)

SBG claims "Maui Jim knowingly and intentionally used the trademark and copyright laws for the improper purpose of stifling competition in the relevant market and therein enriched itself to the detriment of SmartBuyGlasses." (SOF ¶31.) On May 10, 2019, the Court held SBG's unjust enrichment claim is coextensive with its defamation claim. (SOF ¶32.) Accordingly, SBG can succeed on its unjust enrichment claim only if it can prove the statements set forth in ¶¶ 29 and/or 30 of its counterclaim are defamatory *per se*. If they are not defamatory *per se*, then SBG's unjust enrichment claim necessarily fails.

## II. SUMMARY JUDGMENT STANDARDS

SBG bears the burden of proof on its defamation claim and its defamation-dependent unjust enrichment claim. The summary judgment requirements on Maui Jim "are not onerous." *Modrowski v. Pigatto,* 712 F.3d 1166, 1168 (7th Cir. 2013). Maui Jim need not submit affidavits or other similar materials negating SBG's claims. Rather, Maui Jim discharges its initial burden "by showing - that is, point[ing] out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)).

## III. ARGUMENT

### A. Defamation *Per Se* (Count II)

To prove its defamation claim, SBG must have admissible evidence that Maui Jim made a false statement about SBG, and that Maui Jim made an unprivileged publication of that statement to a third party. *See Ludlow v. Nw. Univ.*, 79 F. Supp. 3d 824, 836 (N.D. Ill. 2015).

However, statements that are absolutely true or substantially true cannot be defamatory, as a matter of law. *Id.* at 837. To be substantially true, a statement need not be accurate in every detail as long as the "gist" or "sting" of the statement is true. *Hardiman v. Aslam*, 2019 IL App (1st)

3

173196, ¶ 7, 2019 WL 938643, at *2. The Court can decide the question of substantial truth as a matter of law "if no reasonable jury could find that substantial truth had not been established." *Ludlow*, 79 F. Supp. 3d at 837.

And because defamation requires false statements *of fact*, expressions of opinion are not defamatory, as a matter of law. *Doctor's Data, Inc. v. Barrett*, 170 F. Supp. 3d 1087, 1113 (N.D. Ill. 2016); *see Harris v. Chicago Transit Auth.*, No. 14 C 9106, 2019 WL 556708, at *1 (N.D. Ill. Feb. 12, 2019).

Under these standards, SBG cannot prove any of Maui Jim's challenged statements are defamatory *per se*.

### 1. Paragraph 29: Maui Jim's Statements to Consumers Are Not Defamatory

SBG has never identified the particular statements in any of the 17 documents that are allegedly defamatory. Maui Jim therefore must guess as to which statements SBG is challenging.

Six of the 17 documents come from Maui Jim's records. The statements in those documents are not defamatory because: (1) they are true; (2) they are based on the press release the Court has already found to be not defamatory; (3) they are statements of opinion; and/or (4) they are unpublished. We address each of the six documents immediately below.

*MJ00003738 (Exh. 17)*: On March 7, 2018, an individual who had purchased a pair of MAUI JIM-branded sunglasses from SBG wrote to Maui Jim: ▮▮▮▮▮

▮▮▮▮▮ Maui Jim's Customer Service Representative Erin Dicce responded (brackets added to facilitate analysis):

▮▮▮▮▮

4



The first sentence is true because SBG is not an authorized Maui Jim online retailer. (SOF ¶18.) SBG admits that fact. (SOF ¶19.) As a result, Maui Jim cannot, and does not, guarantee the authenticity of sunglasses purchased from SBG. (SOF ¶17.) The second sentence is true because the referenced link did, in fact, identify the list of Maui Jim's authorized online retailers (Maui Jim has since then moved the link to a different page of its website). (SOF ¶16.)

The third sentence is also true: Maui Jim's authorized retailers get their MAUI JIM sunglasses directly from Maui Jim, which allows Maui Jim to identify them as authentic. (SOF ¶16.) And the fourth sentence is true: Maui Jim cannot verify the authenticity of MAUI JIM-branded sunglasses sold by a company that is not one of its authorized online retailers. (SOF ¶17.)

*MJ00003740 (Exh. 18)*: On March 22, 2018, an individual contacted Maui Jim Customer Service with a question after he/she had bought a pair of MAUI JIM-branded sunglasses from SBG:



Maui Jim's Ms. Dicce responded exactly as she had earlier, in the email string discussed above: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Her March 22 statement is true for the same reason her nearly identical statement of March 7 is true.

*MJ00003771 (Exh. 19)*: On September 9, 2017, an individual who had purchased MAUI JIM sunglasses from one of Maui Jim's authorized retailers (Sunglass Hut) found the same model

for sale by SBG for less money. The individual asked if Maui Jim had a price guarantee. If not, he/she would return the sunglasses to Sunglass Hut and then buy them from SBG. Maui Jim's Customer Service Representative Jordyn Kneer responded as follows:

[REDACTED]

The first sentence is true because SBG is not an authorized Maui Jim online retailer. (SOF ¶¶18-19.) The second sentence is also true: Maui Jim cannot, and does not, guarantee the authenticity of MAUI JIM-branded sunglasses sold by SBG. (SOF ¶17.)

So is the third sentence: Maui Jim voids its warranty for MAUI JIM sunglasses that have been modified to include parts Maui Jim did not manufacture. (SOF ¶20.) That is part of a broader Maui Jim policy and practice whereby Maui Jim voids its warranty for MAUI JIM-branded sunglasses bought from unauthorized retailers. *Id.* SBG knows and admits this, as it tells consumers [REDACTED]

The fourth sentence is Ms. Kneer's opinion that the individual should not purchase MAUI JIM-branded sunglasses from retailers who are not authorized by Maui Jim. There is nothing factual about Ms. Kneer's recommendation.

***MJ00015140-MJ00015147 (Exh. 20)***: The only statement from this email string SBG could possibly challenge is at the top of MJ00015140, where Dave Siragusa, Maui Jim's Digital Marketing Manager, sends an email to Eric Linder, Maui Jim's Corporate Gifts Manager (*see* Exh. 20, at MJ00015141). Mr. Siragusa did not publish his email to any third party, and his email to

Mr. Linder is the last in the string. Because his statements were not published, they cannot be defamatory, as a matter of law. *See Ludlow*, 79 F. Supp. 3d at 836.

*MJ00016036 (Exh. 21)*: Maui Jim makes only two statements in this document. One is the press release the Court has already found is not defamatory. (SOF ¶13.) The other statement is:

That statement is not defamatory under any possible interpretation.

*MJ00016390 (Exh. 22)*: On July 18, 2018, a visitor to Maui Jim's Customer Service platform wrote:



The visitor continued: (Exh. 22, at MJ00016391.) Maui Jim's Customer Service Representative Sarah responded:



This first statement is true: based on what the visitor told Sarah, it is possible the sunglasses the visitor purchased were fake. The second statement cannot possibly be defamatory, and Sarah's last statement is an opinion.

Later in the string (at 1:51:45 PM), Sarah said: That statement is true. So is Sarah's statement (at 1:54:54 PM) that (SOF ¶¶18-19.)

The remaining 11 documents come from SBG's records. The statements in those documents are not defamatory for the same reasons the statements in Maui Jim's documents are

7

not defamatory, as well as because: (1) all of these documents are inadmissible hearsay; (2) SBG has no evidence Maui Jim made the statements; and/or (3) the statements are privileged.

*SBG0650948 (Exh. 12)*: On March 31, 2017, someone who had purchased MAUI JIM-branded sunglasses from SBG contacted SBG and said: ████████████████████████

████████████████████████████████████████

████████████████████████

First, this document (like all the documents showing conversations between SBG and consumers) is hearsay, because it is an out of court statement being used to prove the truth of the matters asserted therein. As hearsay, it cannot defeat summary judgment. *Williams v. Harmston*, No. 15 C 5045, 2018 WL 2435540, at *6 (N.D. Ill. May 30, 2018). Unlike the documents previously discussed, this document does not show any statement by Maui Jim, but rather some interpretation of an alleged statement. This person does not explain how he or she came to learn of the lawsuit, and SBG admits it does not know how he or she learned about it. (SOF ¶34.) Without proof Maui Jim made any statement to this person, Maui Jim cannot be liable for doing so.

Moreover, if the person learned of the lawsuit from the press release, SBG cannot rely on that because the Court has already found the statements contained therein are not defamatory. (SOF ¶8.) And if the purchaser learned of the lawsuit from Maui Jim's Complaint, those statements are protected by the absolute litigation privilege. *See Harlem Ambassadors Prods., Inc. v. Lowe*, No. 17-CV-3609, 2018 WL 4898895, at *2 (N.D. Ill. Oct. 9, 2018). Further, the statements are true: SBG is not one of Maui Jim's authorized retailers (SOF ¶¶18-19), and Maui Jim's original Complaint (in effect as of March 31, 2017) alleged the MAUI JIM-branded sunglasses that SBG sells are not authentic. (SOF ¶6.)

*SBG0651635 (Exh. 23)*: The statement in this document – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ – is not defamatory for the same reasons as explained in the document discussed immediately above: it is hearsay; nothing in the document establishes who published the statement; defamation cannot be based on Maui Jim's statements its press release or pleadings; and the statement is true.

*SBG0651844 (Exh. 13)*: In this exchange, a person who purchased MAUI JIM-branded sunglasses from SBG says:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

This document is hearsay, being offered for the truth of what it asserts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ However, even if SBG had admissible evidence Maui Jim made this statement, it is true: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Moreover, SBG does not know what the person meant by ▮▮▮▮ or what, in fact, Maui Jim supposedly told the person. (SOF ¶36.)

*SBG0652396 (Exh. 15)*: The SBG purchaser in this document writes:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

The purchaser follows the last sentence with a link to Maui Jim's press release, which the Court has found does not contain defamatory statements. (SOF ¶13.)[3] In addition to being hearsay, the purchaser's reading of the press release is accurate: Maui Jim has sued SBG for selling counterfeit sunglasses.

***SBG0652438 (Exh. 24)***: In the middle of an email exchange between an SBG customer ("Gregg") and one of SBG's customer service representatives ("Leo"), the representative inserts the following "Private note":

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████

Leo did not witness the making of the allegedly defamatory statement. *See Schindler v. Seiler*, 474 F.3d 1008, 1011 (7th Cir. 2007) ("Where a plaintiff attempts to introduce the testimony of an individual who did not personally witness the alleged defamatory statement but was later told by another that the statement was made, such testimony is rejected as hearsay."). In fact, the Private note is double hearsay, as Leo is describing what Gregg told him.

***SBG0652444 (Exh. 14)***: Here, an SBG customer ("Aaron") tells SBG: ███████
███████████████████████████████████████████████
██ Aaron does not say, however, how he learned of Maui Jim's claim, and SBG admits it does not know either. (SOF ¶38.) If Aaron learned of it from Maui Jim's press release or Complaint, there can be no defamation. And, in addition to being hearsay, the statement is true: Maui Jim does claim SBG sells fake MAUI JIM-branded sunglasses.

---

[3] SBG admits that this person's comment is based solely on the press release. (SOF ¶40.)

*SBG0652727-28 (Exh. 25)*: After purchasing a pair of MAUI JIM-branded sunglasses from SBG, this customer wrote to SBG: ▮▮▮▮▮ (Exh. 25, at SBG0652727.) This document too is hearsay; but even so, the statement is true: SBG ▮▮▮▮▮ (SOF ¶¶18-19.) And, as set forth in Maui Jim's pending motion for summary judgment on its Lanham Act claims, SBG is selling counterfeit MAUI JIM-branded sunglasses.

*SBG0652729 (Exh. 5)*: On July 25, 2017, an SBG customer ("David") asked SBG for a refund: ▮▮▮▮▮ (Exh. 5, at SBG0652729.) On the next day, David explained how he concluded the sunglasses are counterfeit, and it had nothing to do with any statement by Maui Jim: ▮▮▮▮▮ (Exh. 5, at SBG0652734.) The following day, he added: ▮▮▮▮▮ But SBG admits David learned of the lawsuit through by Maui Jim's press release (SOF ¶42), which the Court found is not defamatory. (SOF ¶13.) And the statement is true: ▮▮▮▮▮ [4]

*SBG0652807-11 (Exh. 26)*: In September 2016, Joseph wrote to SBG: ▮▮▮▮▮ (Exh. 26, at SBG0652807.) SBG has no evidence establishing Maui Jim had any contact

---

[4] SBG responded to David's concern by telling him that ▮▮▮▮▮ (Exh. 5, at SBG0652737.) It obviously was not.

11

with Joseph. (SOF ¶44.) Even if SBG had admissible evidence of such, SBG is not one of Maui Jim's authorized retailers. (SOF ¶¶18-19.) And even if this statement were false, it is hearsay because SBG relies on the statement (the Maui Jim does not recognize SBG as one of its authorized retailers) to prove the truth of that same statement.

*SBG0652904 (Exh. 27)*: In August 2017, "Ryan," who had purchased MAUI JIM-branded sunglasses from SBG, told SBG ████████████████████████████ (Exh. 27, at SBG0652904.)[5] This is another hearsay document that cannot be considered by the Court, but, even if it were admissible, its contents are true: ████████████████████████████
████████████████████████████

*SBG0654904 (Exh. 28)*: In September 2017, one of SBG's customers who had purportedly purchased MAUI JIM-branded sunglasses from SBG told SBG he had ████████████████
████████████████████████████ The statement attributed to Maui Jim is true: the MAUI JIM-sunglasses this person bought from SBG are not covered Maui Jim's warranty. (SOF ¶45.) Even if the statement were not true, this document is hearsay because SBG relies on the customer's out-of-court statement (Maui Jim's warranty does not cover MAUI JIM-branded sunglasses purchased from SBG) to prove the truth of the statement.

Thus, not one of the 17 documents SBG relies on to prove defamation contains admissible defamatory statements. The Court should therefore grant summary judgment against SBG on its defamation counterclaim to the extent it is based on any of the 17 documents SBG relies on.

  **2.**  ***Paragraph 30: Maui Jim's Statements to Customs Are Not Defamatory***

Each statement in Maui Jim's September 12, 2017, response to Customs' inquiry is true. First, SBG is not an authorized Maui Jim retailer or distributor. (SOF ¶¶18-19.) Second, the

---

5 ████████████████████████████████████████████████████████

document entitled "Drop Ball Certification" expressly lists the "manufacturer" of the detained sunglasses as "Luxottica SpA." (SOF ¶24.) Third, SBG has admitted Luxottica is not a manufacturer of MAUI JIM-branded sunglasses. (SOF ¶26.) Based on SBG's representation in its "Drop Ball Certification" that the sunglasses bearing the MAUI JIM brand were manufactured by Luxottica, and on the fact that Luxottica is not a manufacturer of MAUI JIM-branded sunglasses, the sunglasses Customs detained cannot have been genuine or authorized by Maui Jim.

Additionally, Maui Jim's counsel's statement the sunglasses Customs detained are not genuine or authorized Maui Jim products is a statement of opinion, and one that is expressly based on identified facts. Where a statement interprets disclosed facts, it cannot be defamatory. *See Doctor's Data,* 70 F. Supp. 3d at 1113 (where "the speaker is expressing a subjective view or interpretation, such as when the speaker discloses the facts forming the basis for the statement, the statement is not actionable as defamation"); *Brenner v. Greenberg*, No. 08 C 826, 2009 WL 1759596, at *3 (N.D. Ill. June 18, 2009); *Hadley v. Doe*, 2014 IL App (2d) 130489, ¶ 48, *aff'd*, 2015 IL 118000, 393 Ill.Dec. 348. No reasonable juror could find Maui Jim's statements to Customs are not true (or, at a minimum, substantially true).

The last sentence is Maui Jim's opinion based on the facts presented by Customs.

Accordingly, SBG has no evidence establishing that Maui Jim's statements to Customs are defamatory, and the Court should therefore enter summary judgment on this portion of SBG's defamation claim.

### B.     Unjust Enrichment (Count VII)

Because SBG cannot sustain its defamation claim, its unjust enrichment claim automatically fails. As the Court has explained, "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." (ECF

13

358, at p. 36 (quoting *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)). The Court should therefore enter summary judgment in favor of Maui Jim on Count VII.

### C. SBG's Unclean Hands Requires Dismissal of its Defamation and Unjust Enrichment Claims

SBG's unclean hands preclude it from maintaining its defamation claim and, consequently, it unjust enrichment claim. (*See* ECF 397, at p. 21, Maui Jim's Third Affirmative Defense.) The doctrine of unclean hands prevents a party from obtaining relief "if that party has itself has engaged in misconduct in connection with the subject matter of the litigation." *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1064 (N.D. Ill. 2013), *aff'd on other grounds,* 791 F.3d 729 (7th Cir. 2015).

Here, over a period of at least five years, SBG made undeniably false statements to U.S. Customs and consumers about the manufacturer and/or source of the MAUI JIM-branded sunglasses that SBG sells – representing that one of Maui Jim's biggest competitors (Luxottica) made the sunglasses. SBG did so knowingly and therefore in bad faith. (The facts revealing SBG's false statements are set forth in Maui Jim's pending motion for summary judgment on its Lanham Act claims.) SBG, however, tries to make Maui Jim liable for correcting the false statements that Maui Jim made in response to Customs' inquiry. But it is SBG's falsehood that created the need for Maui Jim to set the record straight in the first place. SBG cannot set a defamation trap by submitting fraudulent documents to Customs and then pouncing on Maui Jim after Customs asks Maui Jim to explain. *See also Leyshon v. Diehl Controls N. Am., Inc.*, 407 Ill. App. 3d 1, 9 (2010) ("The invited-defamation defense is an affirmative defense…. the affirmative fact that the plaintiff invited the publication will defeat the cause of action.").

SBG's unclean hands in submitting the false customs documentation to Customs that prompted Maui Jim's challenged statements precludes SBG from obtaining any relief for Maui

14

Jim's alleged misconduct that relates to the very same subject. Its unclean hands bar SBG from recovering any legal or equitable relief for Maui Jim's alleged defamation. *See Shondel v. McDermott,* 775 F.2d 859, 868 (7th Cir. 1985); *Maltz v. Sax,* 134 F.2d 2, 5 (7th Cir. 1943).

## IV. CONCLUSION

Because of the absence of evidence supporting SBG's defamation and unjust enrichment claims, this Court should enter summary judgment against SBG on each of those claims.

Respectfully submitted,

*/s/ John Gabrielides*
John T. Gabrielides (Illinois Bar No. 6198323)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313
jgabrielides@btlaw.com

Michelle M. Mikol (Illinois Bar No. 6290243)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006
(202) 371-6356
mmikol@btlaw.com

Attorneys for Plaintiff

DMS 14890845.1