UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUI JIM, INC., an Illinois Corporation, | ) ) ) | |
| | ) | No. 16-cv-09788 |
| Plaintiff, | ) ) | |
| | ) | Hon. Marvin E. Aspen |
| v. | ) | |
| | ) | |
| SMARTBUY GURU ENTERPRISES, a Cayman Island Company, MOTION GLOBAL LTD., a Hong Kong Company, SMARTBUYGLASSES SOCIETÀ A RESPONSABILITÀ LIMITATA, an Italian company, SMARTBUYGLASSES OPTICAL LIMITED, a Hong Kong company, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF COPYRIGHT INFRINGEMENT

John Gabrielides
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Michelle M. Mikol
Barnes & Thornburg LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006

Attorneys for Plaintiff

I.    FACTS

    A.    **Maui Jim and its 93 Photographs at Issue**

Maui Jim designs, manufactures, and sells high-quality prescription and non-prescription sunglasses under the famous MAUI JIM brand. (SOF ¶6.) It sells MAUI JIM sunglasses through its authorized retailer program, which permits select retail establishments to sell MAUI JIM sunglasses to individuals who are interested in wearing premium eyewear. *Id.* Maui Jim also promotes its sunglasses on its website, www.mauijim.com, where it publicly displays photographs of the sunglasses. (SOF ¶7.)

Ninety-three of Maui Jim's sunglass photographs are at issue in this case (the "93 Photographs"). The U.S. Copyright Office has issued Certificates of Registration for the Photographs. (SOF ¶8.) Each Registration issued within five years of Maui Jim's first publication of the Photograph. (SOF ¶9); *see* Exhibit 8.[1]

Maui Jim displays a copyright notice with its 93 Photographs. (SOF ¶9.) For example, each page of Maui Jim's website includes the following: "© [applicable year] MAUI JIM, INC." (SOF *Id.*) In addition, the "Intellectual Property Notice" section of its Terms of Use page specifically states that:

> Unless otherwise noted, all materials, including text, illustrations, *photographs*, designs, graphics, logos, button icons, *images*, audio clips, software, written and

---

[1] A summary of the Registrations' contents is compiled in Exh. 2, which is also at ECF 257, at 105-43. *See* F. R. Evid. 1006. The fourth column shows Maui Jim's 93 Photographs. The second column identifies the date on which Maui Jim first published the Photograph and the third column identifies the date on which the U.S. Copyright Office registered the Photograph. For example, Maui Jim published the first Photograph, entitled "ROAD TRIP 435-03J," on November 13, 2015 (second column) and the U.S. Copyright Office registered the photograph on February 13, 2016 (third column). Maui Jim first published the 93 Photographs between March 27, 2015, and April 18, 2016, and the U.S. Copyright Office issued registrations for the Photographs well within five years, between February 13, 2016, and August 8, 2016.

*DMS 14847381.1*

other material (collectively, the "Contents") are *copyrights*, trademarks, trade dress and/or other intellectual properties, owned, controlled or licensed by Maui Jim, Inc. (SOF ¶10) (emphasis added.)

**B.      SBG and its Reproduction and Public Display of Maui Jim's 93 Photographs**

The defendants (collectively "SBG" or "Motion Global") are online retailers of designer eyewear. (SOF ¶11.) SBG sells products from its websites that offer more than 180 designer brands, including MAUI JIM-branded sunglasses. (SOF ¶12.) SBG is not, however, within Maui Jim's authorized retailer program. (SOF ¶13.) One of SBG's websites is www.smartbuyglasses.com. (SOF ¶14.) SBG made electronic copies of Maui Jim's 93 Photographs and "pasted" them into its website. (SOF ¶¶15-16.) Excerpts from the 93 pages of SBG's website that displayed Maui Jim's 93 Photographs are shown in the last column of Exh. 9. The column to the immediate right of that column shows Maui Jim's corresponding 93 Photographs. *Id.*

SBG's infringement is irrefutable by a simple visual comparison of Maui Jim's 93 Photographs with the images of MAUI JIM sunglasses that SBG displayed on its website. SOF ¶15.) Columns 4 and 5 of Exh. 9 reveal that Maui Jim's 93 Photographs and SBG's website images are *identical*, the result of a few effortless "copy-and-paste" keystrokes. *Id.*

SBG's infringement is also beyond genuine dispute from the facts of record. The necessary facts are few; namely:

- The U.S. Copyright Office has issued Certificates of Registrations to Maui Jim for each of Maui Jim's 93 Photographs (SOF ¶8);

- SBG made electronic copies of the 93 Photographs (SOF ¶15); and

- SBG copied the 93 Photographs and uploaded the flawless copies of the 93 Photographs to its website for public display (*Id.*).

SBG has admitted many of the facts that establish these findings. SBG cannot raise a genuine dispute as to others; for example, that the images of MAUI JIM sunglasses that SBG

displayed on its website are identical to the 93 Photographs. The Court should therefore enter summary judgment in Maui Jim's favor on its copyright claim under familiar summary judgment standards. *See* Fed.R.Civ.P. 56(a); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532-33 (7th Cir. 2013).

## II.   SBG HAS INFRINGED MAUI JIM'S COPYRIGHTS IN ITS 93 PHOTOGRAPHS

The Copyright Act gives Maui Jim the exclusive right to reproduce and publicly display its 93 Photographs. *See* 17 U.S.C. § 106(1) and (5); *Beasly v. John Wiley & Sons, Inc.*, 58 F. Supp. 3d 937, 940 (N.D. Ill. 2014). Anyone who reproduces or publicly displays any of Maui Jim's 93 Photographs without Maui Jim's permission infringes Maui Jim's copyrights in each such Photograph. *See* 17 U.S.C. § 501(a).

To prove that SBG infringed any one of Maui Jim's 93 Photographs, Maui Jim must show only that: (1) it owns a valid copyright in the Photograph; and (2) SmartBuy has copied constituent elements of the Photograph that are original. *See Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.* 499 U.S. 340, 361 (1991); *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Maui Jim satisfies both elements with respect to each of its 93 Photographs, entitling Maui Jim to summary judgment.

### A.   Maui Jim Owns a Valid Copyright in Each Photograph

The Registrations issued to Maui Jim by the U.S. Copyright Office "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. §

410(c). Maui Jim thus meets the first infringement element.[2] The next question is whether SmartBuy copied Maui Jim's 93 Photographs. It indisputably did, as shown below.

**B.     SmartBuy Copied Each of Maui Jim's 93 Photographs**

"Copying may be proven by direct evidence, but that is often hard to come by. In the alternative, copying may be inferred 'where [1] the defendant had access to the copyrighted work and [2] the accused work is substantially similar to the copyrighted work.'" *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007) (quoting *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir. 1982)). The record contains undisputed evidence, both direct and circumstantial, that SmartBuy copied Maui Jim's 93 Photographs.

1.     The Direct Evidence of SBG's Copying

SBG admits that its website displayed 93 images of MAUI JIM sunglasses. (SOF ¶15.) A comparison of those images with Maui Jim's 93 Photographs shows that they are *identical*. (*See* Exh. 9, comparison of columns 4 and 5.) For example, a screenshot of SBG's website displaying MAUI JIM-branded sunglasses that SBG offers for sale is shown on the left below. Maui Jim's copyright Photograph of that same sunglass model is shown on the right. (Both images are from Exh. 9 at p. 1, "ROAD TRIP" model.)

---

[2] To the extent that SmartBuy disagrees, SmartBuy bears the burden of presenting evidence that rebuts the validity of each copyright. *See FameFlynet, Inc. v. Jasmine Ent., Inc.*, 344 F. Supp. 3d 906, 911 (N.D. Ill. 2018).



| Work of Art | Image from SmartBuyGlasses.com and Link |
|---|---|
| | www.smartbuyglasses.com/designer-sunglasses/Maui-Jim/Maui-Jim-Road-Trip-Polarized-435-03J-310624.html |

Scrolling through every page of the Exhibit 8 shows the same identity between Maui Jim's remaining Photographs and the images that SBG used. The too-easy-to-use "copy and paste" function of computers makes copying electronic images flawless and instantaneous, eliminating the time, money, and effort needed for independent creation. ██████████████████████ ███████████████████████████████████████████ ███████████

Moreover, SBG designated Mr. Kalinko as one of two 30(b)(6) witnesses on SmartBuy's use of images of MAUI JIM sunglasses. (SOF ¶17.) When Maui Jim asked whether SBG took any of the 93 photographs of MAUI JIM sunglasses that SBG displayed on its website, he answered:

███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████

Moreover, Mr. Kalinko testified that █████████████████████ ███████████████████████████████████████████ ████████████████████████

5



6



Mr. Kalinko could have either unambiguously admitted copying, or testified evasively. He chose the latter, but it amounts to the former: SBG did not independently create the images that it displayed on its website. SBG's admissions, combined with the indisputable fact that the 93 photographs that SBG used on its website are identical to Maui Jim's 93 Photographs, allow only one conclusion: SBG copied Maui Jim's 93 Photographs.

2.  The Circumstantial Evidence of SBG's Copying

The undisputed evidence also shows that SBG had access to Maui Jim's 93 Photographs, and that the 93 images that SBG copied and displayed on its website are substantially similar to Maui Jim's 93 Photographs – in fact, they are identical.

*Access*. SBG admits that it had access to Maui Jim's 93 Photographs. (SOF ¶20.)

Moreover, the identicalness of the 93 images of MAUI JIM sunglasses that SBG displayed on its website in comparison to Maui Jim's 93 Photographs establishes SBG's access. Where "two works are so similar as to make it highly probable that the later one is a copy of the earlier one, the issue of access need not be addressed separately, since if the later work was a copy its creator must have had access to the original." *JCW Investments*, 482 F.3d at 915 (*quoting Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1170 (7th Cir. 1997)). *See also Weller v. Flynn*, 312 F. Supp. 3d 706, 718 (N.D. Ill. 2018) (inference of access from "striking" similarity of works at issue).

In addition, first Maui Jim published its 93 Photographs either on its website or in print between March 27, 2015, and April 18, 2016. (SOF ¶21.) That necessarily gave SBG (and the public) access to Maui Jim's 93 Photographs. *See GoPro, Inc. v. 360Heros, Inc.*, 291 F. Supp. 3d

1060, 1073 (N.D. Cal. 2017) ("[Defendant] had access to [Plaintiff's] copyrighted images through [Plaintiff's] website."). "The access requirement is not onerous." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017). Because Maui Jim's 93 Photographs were "widely disseminated" via its website, SBG can be presumed to have seen them. *See id.* at 1100.

*Substantial Similarity*. The Seventh Circuit applies the "ordinary observer" test to determine whether two works are substantially similar to one another.

> The inquiry under this test is "whether the accused work is so similar to the plaintiff's reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 451 (7th Cir. 2001) (internal citations omitted).

As discussed earlier, the images of MAUI JIM sunglasses that SBG copied and publicly displayed are identical to Maui Jim's 93 Photographs (SOF ¶15), and are therefore the pinnacle of "substantially similar." A reasonable ordinary observer could not conclude otherwise.

## III.    SBG CANNOT PROVE ANY OF ITS AFFIRMATIVE DEFENSES

SBG has interposed 10 affirmative defenses. (SOF ¶22.) Three of them do not apply to Maui Jim's copyright claim[4] and one does not apply until after SBG has been found liable for copyright infringement.[5]

SBG bears the burden of proof on its seven liability-related affirmative defenses that apply to Maui Jim's copyright claim, namely: waiver, estoppel by laches, copyright misuse, license, lack of standing, and fair use. (SOF ¶17.) Maui Jim is entitled to summary judgment on each defense

---

[4] (SOF ¶17: Second Defense, Acquiescence; Fourth Defense, Exhaustion; and Eleventh Defense, Qualified Privilege.)

[5] (SOF ¶17: Ninth Defense, Inadequacy of Claim for Injunctive Relief.)

because SBG has no evidence supporting at least one essential element of each defense. *See Celotex*, 477 U.S. at 325.

### A. Waiver

SBG contends that Maui Jim waived its copyright claim. (SOF ¶23.) By interrogatory, Maui Jim asked that SBG "[d]escribe in detail the facts on which Defendants contend that Plaintiff has waived its causes of action." (SOF ¶24.) SBG answered that ███████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████

SBG has no evidence to support the supposed facts. But, even if SBG had such evidence, it would not establish that Maui Jim "made a 'voluntary, intentional relinquishment of a known right,'" which is required to establish waiver. *See Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *8 (N.D. Ill. Mar. 31, 2003) (quoting *Int'l Ins. Co. v. Peabody Int'l Corp.*, No. 87 C 464, 1991 WL 23630, at *3 (N.D. Ill. Jan. 23, 1991). Without evidence of Maui Jim's voluntary and intentional relinquishment of its copyrights, SBG's waiver defense fails as a matter of law.

### B. Estoppel by Laches

Laches "cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window" of § 507(b) of the Copyright Act. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014). SBG has no evidence establishing that first, SBG had copied or publicly displayed each of Maui Jim's 93 Photographs before October 17, 2013, or second, that Maui knew, or as a reasonable person should have learned, that SBG was infringing Maui Jim's copyrights before that date. *See Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004). Without such

9

evidence, Maui Jim brought its infringement claim within the three-year statute of limitations and, consequently, SBG cannot establish its laches defense.

To the extent SBG intends that this defense ignore the laches requirements and instead focus on estoppel, if still fails. "[E]stoppel applies only if the copyright owner is aware of the infringing conduct yet acts in a way that induces the infringer reasonably to rely upon such action to his detriment." *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993). SBG has no evidence of inducing acts by Maui Jim or detrimental reliance by SBG.

**C.    Copyright Misuse**

SBG contends that "Maui Jim misused its copyright in the distribution, sale, and licensing of its products, and used its copyright in a manner which violates the public policy embodied in the grant of a copyright." (SOF ¶25.) In an interrogatory answer, SBG says that Maui Jim



SBG's argument requires a finding that Maui Jim has leveraged the "limited monopoly" of its copyrights so that Maui Jim can control areas outside of the monopoly. *See Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014). This is presumably what

SBG means when it says that Maui Jim has ████████████████████████████ ████████████████████ But the argument immediately falls apart.

Assuming that SBG's sale of MAUI JIM-branded sunglasses is legal (it is not, as addressed in a separate summary judgment motion), SBG does not need to copy or publicly display Maui Jim's 93 Photographs to sell the sunglasses. It can have its internal photography team take its own photographs of the MAUI JIM-branded sunglasses and upload them onto SBG's website. And, in fact, Mr. Kalinko testified that ████████████████████████████ ████████████████ Maui Jim's copyrights, although valuable, do not carry such market power as to make them indispensable to SBG's sales of MAUI JIM-branded sunglasses. In fact, the question of whether copyright misuse even exists as a defense is "an open issue" in the Seventh Circuit precisely because "copyrights do not exclude independent expression" and therefore have limited market power. *Reed-Union Corp. v. Turtle Wax, Inc.*, 77 F.3d 909, 913 (7th Cir. 1996).

To the extent that SBG bases its defense on the fact that Maui Jim filed this lawsuit, that cannot establish copyright misuse. "[A] party making a claim of copyright infringement does not equate to copyright misuse. The copyright misuse defense involves using the 'monopoly' of a copyright to obtain rights outside the scope of those granted by the Copyright Act." *John Wiley & Sons, Ltd. v. McDonnell Boehnen Hulbert & Berghoff LLP*, No. 12 C 1446, 2013 WL 5230636, at *4 (N.D. Ill. Sept. 16, 2013). SBG must establish that Maui Jim's claim is "wholly lacking in merit." *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 221838 (N.D. Ill. Jan. 24, 2011). That is an unreachable standard for SBG. It indisputably copied Maui Jim's 93 Photographs. Copying is what the Copyright Law prohibits. Even if SBG were to somehow escape liability, no set of facts or argument could justify a finding that Maui Jim's claim wholly lacked merit. *See Arista Records, Inc. v. Flea World, Inc*., 356 F.Supp.2d 411, 428 (D. N.J. 2005) ("the

defense of copyright misuse 'has rarely been upheld as a defense to a claim of copyright infringement'") (citing *Lexmark Int'l, Inc. v. Static Control Components*, Inc., 253 F.Supp.2d 943, 965 (E. D. Ky. 2003), *vacated on other grounds*, 387 F.3d 522 (6th Cir. 2004)).

### D. License

SBG contends that it had an implied license to use each of Maui Jim's 93 Photographs "based on agreements between Maui Jim and its retailers and/or distributors." (SOF ¶29.) SBG bears the burden of proving an implied license. *See Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 760-61 (7th Cir. 2016). To do so, SBG must show that: (1) it requested creation of each of the 93 Photographs; (2) Maui Jim created each Photograph and delivered each to SBG; and (3) Maui Jim intended that SBG copy and distribute each Photograph. *Id.* at 762.

SBG says Maui Jim's agreements with its authorized retailers include an implied license running in favor of SBG. None of the terms in those agreements, however, can be construed as satisfying any of the requirements for an implied license. (SOF ¶30.)

Nor has SBG identified any other evidence that might satisfy the elements. Maui Jim served an interrogatory asking that SBG identify the facts supporting its "implied license" defense. (SOF ¶31.) SBG answered that ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████████ None of those (supposed) facts, however, establishes any of the three elements required for an implied license. "[I]f there is evidence of a license, it is most likely to be in the possession of the purported licensee." *Muhammad-Ali*, 832 F.3d at 761. SBG has no such evidence, because there is no such license.

### E.   Lack of Standing

SBG's "Lack of Standing" defense challenges only the extent of financial relief that Maui Jim is entitled to under the Copyright Act. (SOF ¶32.) That remedial issue, however, has nothing to do with whether SBG has violated Maui Jim's copyrights, which is a liability issue. In fact, the defense presupposes liability. *See Sloan Valve Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 749 (N.D. Ill. 2010) ("[T]he basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable") (emphasis in original).

Moreover, SBG has no evidence to support its affirmative defense. SBG contends only that more than three months passed between the date on which Maui Jim first published certain of the Photographs and the date on which the U.S. Copyright Office issued the registrations covering those Photographs. (SOF ¶33.) That fact, however, even if true, is not enough. SBG, as the party bearing the burden of proof on its affirmative defense, must also show that it reproduced or displayed each of Maui Jim's Photographs before August 8, 2016. Only if *both* conditions are met can Maui Jim's remedies be limited. But SBG has adduced no such evidence. Without it, § 412 does not limit Maui Jim's right to recover statutory damages and attorneys' fees for the Photographs covered by the two Registrations.

### F.   Fair Use

As its last defense, SBG relies on the "fair use" section of the Copyright Law, 17 U.S.C. § 103. (SOF ¶34.) SBG further says that:

> Motion Global only used as much of the alleged copyrighted images as was necessary to display the goods for resale under the first sale doctrine. Motion Global's use of the alleged copyright images was intended only to inform prospective purchasers about the item listed for sale. Therefore the images used were more functional/factual than creative and the use did not affect the potential market for the copyrighted work (which is non-existent). Moreover, the copyrighted works are minimally, if at all, creative. (SOF ¶35.)

SBG's contention depends on alleged facts that are either immaterial or demonstrably false. First, SBG used the *entirety* of each of Maui Jim's 93 Photographs as seen from Exh. 9. *See* SOF ¶15.) If that supports SBG's defense, then the statute's requirement that the Court consider "the amount and substantiality of the portion used in relation to the copyrighted work as a whole" is meaningless. *See* 17 U.S.C. § 107(3).

Second, SBG's admitted intent in copying and publicly displaying Maui Jim's 93 Photographs – "to inform prospective purchasers about the item listed for sale" – confirms SBG's commercial purpose and character of its copying and public display. That is centrally relevant. *See* 17 U.S.C. § 107(1). SBG copied and publicly displayed Maui Jim's 93 Photographs for only one reason: to sell MAUI JIM-branded sunglasses for profit.

Third, SBG does not have any evidence to establish that the 93 Photographs are "more functional/factual than creative" (both of which are undefined standards) or that the Photographs are only minimally creative. SBG's argument is unsupported by anything in the record, is conclusory, and is subjective.

Last, Maui Jim uses its 93 Photographs to promote its sales, and its authorized retailers' sales, of MAUI JIM sunglasses. The market for those sunglasses thus includes the market for Maui Jim's Photographs. The widespread reproduction and public display of Maui Jim's 93 Photographs by unauthorized retailers (such as SBG) negatively affects Maui Jim's market for its sunglasses because the unauthorized reproduction and display aid such retailers. The use of Maui Jim's official, high-quality images—the very same ones that appear on Maui Jim's website—cloaks the unauthorized retailer with the appearance of legitimacy and falsely implies an association with Maui Jim. Moreover, unauthorized retailers such as SBG may not have ready access to MAUI JIM sunglasses so that they can take their own photographs; indeed, SBG admits that it ████████

14

██████████████████████████████████████████

████████████████████████████████████ The 93 Photographs are therefore valuable to Maui Jim, and SBG's unauthorized reproduction diminishes the value of Maui Jim's copyrighted material.

## IV.    CONCLUSION

For the reasons set forth above, Maui Jim respectfully submits that there are no triable questions of fact in this case and that Maui is entitled to summary judgment on its claim for copyright infringement.

*/s/ John Gabrielides*
John Gabrielides
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606

Michelle M. Mikol
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006

Attorneys for Plaintiff

15