UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, | ) ) ) Case No. 16-cv-09788 ) ) Hon. Marvin E. Aspen ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| SMARTBUY GURU ENTERPRISES, a Cayman Island Company, MOTION GLOBAL LTD., a Hong Kong Company, SMARTBUYGLASSES SOCIETÁ A RESPONSABILITÁ LIMITATO, an Italian Company, SMARTBUYGLASSES OPTICAL LIMITED, a Hong Kong Company, | |
| Defendants. | |

**MAUI JIM'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' DEFAMATION AND UNJUST ENRICHMENT COUNTERCLAIMS**

Pursuant to Local Rule 56.1(a)(3), Plaintiff Maui Jim, Inc. ("Maui Jim") submits this Statement of Material Facts in support of its Motion for Summary Judgment on Defendants' Motion Global Ltd., SmartBuyGlasses Soceietá a Responsabilitá Limitato, and SmartBuyGlasses Optical Limited (collectively, "Defendants" or "SBG") Defamation and Unjust Enrichment Counterclaims.

**THE PARTIES**

1. Maui Jim is an Illinois corporation with its principal place of business in Peoria, IL. (ECF 1.)

2. There are four defendants in this case: SmartBuy Guru Enterprises, an entity organized and existing under the laws of the Cayman Islands entity with a principal place of

1

business in the Cayman Islands; Motion Global Limited, an entity organized and existing under the laws of Hong Kong with its principal place of business and registered office in Western Hong Kong; FRAL – SmartBuyGlasses SRL, an entity organized and existing under the laws of Italy, with its principal place of business in Italy; and SmartBuyGlasses Optical Limited, an entity organized and existing under the laws of Hong Kong with its principal place of business and registered office in Western Hong Kong. (Dkt. No. 131, Am. Countercl. ¶¶ 9-12.)

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Defendants' Illinois state law claim for Defamation pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) and under general principles of supplemental and pendent jurisdiction, and because such claims are so related to the federal claims in this case that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. This Court has personal jurisdiction over the Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois, through (among other things) their fully interactive SmartBuy Website, through which Illinois residents can and do purchase counterfeit and infringing products bearing Plaintiff's MAUI JIM trademarks. Defendants have targeted sales from Illinois residents by shipping to Illinois and accepting payment in U.S. dollars, and Defendants have sold counterfeit sunglasses bearing Maui Jim's trademarks to residents of Illinois.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and (c)(3) because the claims alleged in the Complaint arose, at least in part, in this District, and because this Court has personal jurisdiction over Defendants.

**UNDISPUTED MATERIAL FACTS**

6. Maui Jim brought this lawsuit on October 17, 2016, alleging violations of the Lanham Act, the Copyright Act, and related Illinois law based on SBG's sales of inauthentic MAUI JIM branded sunglasses and related conduct. (ECF 1.)

7. SBG answered on March 3, 2017, with eight counterclaims, including unjust enrichment. (ECF 20, p. 53, ¶¶ 78-81.) Defamation was not among them. *Id.*

8. Maui Jim filed an Amended Complaint on April 12, 2018. (ECF 130.)

9. SBG's answer to the Amended Complaint maintained SBG's unjust enrichment claim (ECF 131, p. 46, ¶¶ 66-69) and added a defamation *per se* claim (*Id.*, at pp. 42-43, ¶¶ 41-47).

10. Maui Jim filed a Second Amended Complaint on September 17, 2018. (ECF 257.)

11. SBG's answer carried over without change its defamation and unjust enrichment claims. (ECF 259, pp. 43, 44, 52, ¶¶ 40-46, 91-94.)

12. Paragraphs 28-30 of SBG's counterclaim set forth SBG's defamation allegations. (ECF 358, pp. 11-15.)

13. On May 10, 2019, the Court dismissed with prejudice SBG's defamation claim insofar as it was based on the allegations of ¶ 28, which complained of a press release Maui Jim had issued. (*Id.* at pp. 14-15.)

14. In Paragraph 29, SBG alleges that "Maui Jim's corporate headquarters and customer service representatives have falsely instructed potential SmartBuyGlasses' customers that SmartBuyGlasses sells counterfeit goods, that the Maui Jim sunglasses SmartBuyGlasses sells are 'fake' or 'not authentic,' and that SmartBuyGlasses 'is not an authentic website.'" (ECF 259, p. 41, ¶ 29.)

15. SBG also alleges Maui Jim "contacted SmartBuyGlasses' customers directly and claimed the sunglasses the customers purchased through SmartBuyGlasses are not genuine." (*Id*.)

16. Maui Jim's authorized retailers get their MAUI JIM sunglasses directly from Maui Jim, which allows Maui Jim to identify them as authentic. (Exh. 1, Lippens Dec., ¶6). A list of Maui Jim authorized retailers can be found on Maui Jim's website: www.mauijim.com/US/en_US/store-finder/position (previously http://www.www.mauijim.com/store-finder/retailer). (Lippens Dec., ¶5.)

17. Maui Jim cannot verify the authenticity of MAUI JIM-branded sunglasses sold by a company that is not one of its authorized online retailers. (Lippens Dec., ¶22.)

18. SBG is not a Maui Jim authorized retailer. (Lippens Dec., ¶18.)

19. SBG admits it not an authorized Maui Jim retailer. (Exh. 2, RFA 7; Exh. 3, Rosetto Dep., 01/18/2019, at pp. 359:15-360:21, 357:22-358:2; Exh. 4, at SBG0652439; Exh. 5 at SBG0652729.)

20. Maui Jim voids its warranty for MAUI JIM sunglasses that have been modified to include parts Maui Jim did not manufacture. (Lippens Dec., ¶16; Exh. 6, MJ0002826.) This is part of a broader Maui Jim policy and practice whereby Maui Jim voids its warranty for MAUI JIM-branded sunglasses bought from unauthorized retailers. (Exh. 7, Campen Dep., at p. 9:3-20, 167:3-6.)

21. Maui Jim cannot guarantee the authenticity of MAUI JIM-branded sunglasses where a consumer receives MAUI JIM-branded sunglasses from an unauthorized retailer without Maui Jim's original paperwork and original packaging. (Lippens Dec., ¶24.)

22. SBG has identified 17 documents, each an email string, where Maui Jim purportedly told SBG's potential customers that SBG sells counterfeit, fake, inauthentic, or non-genuine goods through its website. (Exh. 8, at pp. 11-12, Am. Answer to IR 24-25.)

23. On September 10, 2017, U.S. Customs and Border Protection ("Customs") advised Maui Jim that Customs had detained a package of MAUI JIM sunglasses at a DHL facility in Minneapolis. (Exh. 9, at MJ00000521.)

24. Motion Global had shipped the package from Hong Kong and identified "Luxottica SpA" as the manufacturer of the sunglasses on a document included with the shipment. (Exh. 10, MJ00000533, "Drop Ball Test Certification.")

25. Luxottica is one of Maui Jim's biggest competitors. (Lippens Dec., ¶28.)

26. SBG admits that Luxottica is not a manufacturer of MAUI JIM-branded sunglasses. (ECF 259, ¶68.)

27. Customs asked for Maui Jim's "assistance in determining if the Maui Jim sunglasses are genuine or counterfeit." (Exh. 9, at MJ00000521.)

28. Maui Jim responded to Customs on September 12, 2017, as follows:

Motion Global, Ltd. is not an authorized retailer or distributor of MAUI JIM-branded Sunglasses. Moreover, we note that the Drop Ball Test Certification included lists the manufacturer of the enclosed product as Luxottica SpA. Luxottica is not a manufacturer of MAUI JIM-branded Sunglasses.

Based on this information, the sunglasses are not genuine or authorized Maui Jim product. (Exh. 11, MJ00000518.)

29. Customs thereafter advised Maui Jim that Customs "will be seizing the counterfeit Maui Jim sunglasses." (Exh. 11, MJ00000517.)

30. On this basis, SBG alleges that "Maui Jim has falsely claimed to customs officials that Maui Jim sunglasses shipped by SmartBuyGlasses to U.S. consumers were 'not genuine,' causing the authentic sunglasses to be seized by U.S. customs." (ECF 259, p. 41, ¶ 30.)

31. SBG claims "Maui Jim knowingly and intentionally used the trademark and copyright laws for the improper purpose of stifling competition in the relevant market and therein enriched itself to the detriment of SmartBuyGlasses." (ECF 259, p. 52, ¶ 92.)

32. On May 10, 2019, the Court held SBG's unjust enrichment claim is coextensive with its defamation claim. (ECF 358, at 35-36.)

33. SBG0650948 purports to show that someone who had purchased MAUI JIM-branded sunglasses from SBG contacted SBG and said: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

34. SBG admits it does not know how this person learned about the lawsuit. (Exh. 3, Rossetto Dep., 01/18/2019, at pp. 248:14-251:13, 254:3-17.)

35. SBG0651844 purports to show a person who purchased MAUI JIM-branded sunglasses contacting SBG regarding an alleged statement by Maui Jim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

36. SBG admits does not know what that person meant by ▮▮▮▮▮▮ or what, in fact, Maui Jim supposedly told the person. (Exh. 3, Rossetto Dep., 01/18/2019, at pp. 272:17-273:5.)

37. SBG0652444 purports to show a SBG customer telling SBG: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Exh. 14, SBG0652444.)

6

38. SBG admits it does not know how this customer learned of Maui Jim's alleged claim that SBG sells ▬▬▬▬▬▬ (Ex. 3, Rossetto Dep., 01/18, 2019, at pp. 345:21-347:15.)

39. SBG0652396 purports to show a person telling SBG ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exh. 15, SBG0652396.)

40. SBG admits that this person's comment is based solely on the press release. (Exh. 3, Rossetto Dep., 01/18/2019, 337:11-339:13.)

41. SBG0652729 purports to show an SBG customer who ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exh. 5, SBG0652729.)

42. SBG admits that customer learned of the lawsuit through by Maui Jim's press release (Exh, 3, Rossetto Dep., 01/18/2019, at p. 364:20-23.)

43. SBG0652807-11 purports to show a person contacting SBG and stating ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Exh. 16, SBG0652807.)

44. SBG has no evidence establishing Maui Jim had any contact with Joseph. (Exh. 3, Rossetto Dep., 01/18/2019, at pp. 358:21-359:1.)

45. Maui Jim does not extend its warranty to sunglasses sold through unauthorized retailers. (Lippens Dep., ¶15.)

        Respectfully submitted,

        */s/ John Gabrielides*
        John T. Gabrielides (Illinois Bar No. 6198323)
        BARNES & THORNBURG LLP
        One North Wacker Drive, Suite 4400
        Chicago, IL 60606
        (312) 357-1313
        jgabrielides@btlaw.com

Michelle M. Mikol (Illinois Bar No. 6290243)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006
(202) 371-6356
mmikol@btlaw.com

*Attorneys for Plaintiff*

DMS 14896294