UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SMARTBUY GURU ENTERPRISES, a Cayman Island Company, MOTION GLOBAL LTD., a Hong Kong Company, SMARTBUYGLASSES SOCIETÁ A RESPONSABILITÁ LIMITATO, an Italian Company, SMARTBUYGLASSES OPTICAL LIMITED, a Hong Kong Company, <br><br> Defendants. | Case No. 16-cv-09788 <br><br> Hon. Marvin E. Aspen |

**MAUI JIM'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF COPYRIGHT INFRINGEMENT**

Pursuant to Local Rule 56.1(a)(3), Plaintiff Maui Jim, Inc. ("Maui Jim") submits this Statement of Material Facts in support of its Motion for Summary Judgment of Copyright Infringement against Defendants Motion Global Ltd., SmartBuyGlasses Soceietá a Responsabilitá Limitato, and SmartBuyGlasses Optical Limited (collectively, "Defendants" or "SBG").

**THE PARTIES**

1. Maui Jim is an Illinois corporation with its principal place of business in Peoria, IL. (ECF 1.)

2. There are four defendants in this case: SmartBuy Guru Enterprises, an entity organized and existing under the laws of the Cayman Islands entity with a principal place of business in the Cayman Islands; Motion Global Limited, an entity organized and existing under

1

the laws of Hong Kong with its principal place of business and registered office in Western Hong Kong; FRAL – SmartBuyGlasses SRL, an entity organized and existing under the laws of Italy, with its principal place of business in Italy; and SmartBuyGlasses Optical Limited, an entity organized and existing under the laws of Hong Kong with its principal place of business and registered office in Western Hong Kong. (Dkt. No. 131, Am. Countercl. ¶¶ 9-12.)

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a), as well as federal question jurisdiction under 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over the Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois, through (among other things) their fully interactive SmartBuy Website, through which Illinois residents can and do purchase counterfeit and infringing products bearing Plaintiff's MAUI JIM trademarks. Defendants have targeted sales from Illinois residents by shipping to Illinois and accepting payment in U.S. dollars, and Defendants have sold counterfeit sunglasses bearing Maui Jim's trademarks to residents of Illinois.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and (c)(3) because the claims alleged in the Complaint arose, at least in part, in this District, and because this Court has personal jurisdiction over Defendants.

## UNDISPUTED MATERIAL FACTS

6. Maui Jim designs, manufactures, and sells high-quality prescription and non-prescription sunglasses under the famous MAUI JIM brand. (Exh. 1, Lippens Dec., ¶¶3-4.) It sells

MAUI JIM sunglasses through its authorized retailer program, which permits select retail establishments to sell MAUI JIM sunglasses to individuals who are interested in wearing premium eyewear. (*Id.*)

7. Maui Jim also promotes its sunglasses on its website, www.mauijim.com, where it publicly displays photographs of the sunglasses. (Exh. 1, Lippens Dec., ¶¶4-5.)

8. The U.S. Copyright Office has issued Certificates of Registration for the 93 photographs at issue in this case (the "93 Photographs"). (ECF 257, at pp. 145-244.) Each Registration issued within five years of Maui Jim's first publication of the Photograph. *See* Exh. 2.

9. Maui Jim displays a copyright notice with its 93 Photographs. (Exh. 1, Lippens Dec., ¶26.) For example, each page of Maui Jim's website includes the following: "© [applicable year] MAUI JIM, INC." (Exh. 1, Lippens Dec., ¶26.)

10. In addition, the "Intellectual Property Notice" section of its Terms of Use page specifically states that:

> Unless otherwise noted, all materials, including text, illustrations, *photographs*, designs, graphics, logos, button icons, *images*, audio clips, software, written and other material (collectively, the "Contents") are *copyrights*, trademarks, trade dress and/or other intellectual properties, owned, controlled or licensed by Maui Jim, Inc. (Exh. 3; emphasis added.)

11. SBG is an online retailer of designer eyewear. (ECF 259, Am. Countercl. ¶ 36.)

12. SBG sells products from its websites that offer more than 180 designer brands, including MAUI JIM-branded sunglasses. (*Id*. ¶¶ 13 and 26.)

13. SBG is not an authorized retailer of MAUI JIM-branded sunglasses. (Exh. 4, Answer to RFA 7.)

14. One of SBG's websites is www.smartbuyglasses.com.

3

15. SBG admits that this website displayed images identical to Maui Jim's 93 Photographs. (ECF 259, at 23, Answer to ¶ 80.)

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███

17. SBG designated Mr. Kalinko as one of two 30(b)(6) witnesses on SmartBuy's use of images of MAUI JIM sunglasses. (Exh. 5, pp. 16-17, Topic No. 34.)

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████
███████████████████████████████████████████████████████████████
█████████

21. Maui Jim published its 93 Photographs either on its website or in print between March 27, 2015, and April 18, 2016. (Exh. 1, Lippens Dec., ¶27.)

22. SBG currently asserts 10 affirmative defenses (ECF 259, at pp. 31-33), two of its affirmative defenses having been stricken by the Court. (ECF 358, at 40.)

4

23. As one affirmative defense, SBG contends that Maui Jim waived its copyright claim. (ECF 259, at 31.)

24. By interrogatory, Maui Jim asked that SBG "[d]escribe in detail the facts on which Defendants contend that Plaintiff has waived its causes of action." (Exh. 7, at 5, IR 5.) SBG answered that ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

25. SBG also contends that "Maui Jim misused its copyright in the distribution, sale, and licensing of its products, and used its copyright in a manner which violates the public policy embodied in the grant of a copyright." (ECF 259, at p. 32.)

26. In an interrogatory answer, SBG says that ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████

██████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████

29. SBG also contends that it had an implied license to use each of Maui Jim's 93 Photographs "based on agreements between Maui Jim and its retailers and/or distributors." (ECF 259, at pp. 32-33.)

30. SBG does not have a license, implied or otherwise, to use Maui Jim's 93 Photographs. (Exh. 1, Lippens Dec., ¶¶7-8, 13, 18-19.)

31. Maui Jim served an interrogatory asking that SBG identify the facts supporting its "implied license" defense. (Exh. 8, Answer to IR 17, at p. 6.) SBG answered that ███████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████

32. SBG's "Lack of Standing" affirmative defense challenges only the extent of financial relief that Maui Jim is entitled to under the Copyright Act. (ECF 259, at p. 33.)

33. SBG contends that more than three months passed between the date on which Maui Jim first published certain of the Photographs and the date on which the U.S. Copyright Office issued the registrations covering those Photographs. (Exh. 8, pp. 6-7, Answer to IR 18.)

34. As its last defense, SBG relies on the "fair use" section of the Copyright Law, 17 U.S.C. § 103. (ECF 259, at p. 32.)

35. SBG further asserts that:

Motion Global only used as much of the alleged copyrighted images as was necessary to display the goods for resale under the first sale doctrine. Motion Global's use of the alleged copyright images was intended only to inform prospective purchasers about the item listed for sale. Therefore the images used were more functional/factual than creative and the use

did not affect the potential market for the copyrighted work (which is non-existent). Moreover, the copyrighted works are minimally, if at all, creative. (Exh. 8, at p. 8, Answer to IR 20.)

36. SBG admits that it ███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████

Respectfully submitted,

*/s/ John Gabrielides*
John T. Gabrielides (Illinois Bar No. 6198323)
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 357-1313
jgabrielides@btlaw.com

Michelle M. Mikol (Illinois Bar No. 6290243)
BARNES & THORNBURG LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, DC 20006
(202) 371-6356
mmikol@btlaw.com

*Attorneys for Plaintiff*