IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAUI JIM, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMARTBUY GURU ENTERPRISES, a Cayman Island Company; MOTION GLOBAL LTD., a Hong Kong Company; SMARTBUYGLASSES SOCIETÀ A RESPONSABILITÀ LIMITATA, an Italian company; SMARTGUYGLASSES OPTICAL LIMITED, a Hong Kong company,<br><br>Defendants. | No. 16 C 9788<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendants' Motion for Letter of Request. [ECF Nos. 321, 322]. For the reasons discussed below, Defendants' Motion is denied.

## BACKGROUND

This long-running litigation arises out of the alleged unauthorized sale of Maui Jim sunglasses by Defendants. Fact discovery closed on February 15, 2019. A month later, on March 11, 2019, Defendants filed a Motion for Letter of Request, asking the Court to invoke the Hague Convention so that Defendants may "call key witnesses to trial in this case – [Witness A, Witness B, and Witness C][1] – who are citizens of and live in Italy." [ECF No. 321, p. 1]. Plaintiff objected,

---

[1] On March 11, 2019, Defendants filed their Motion for Letter of Request [ECF No. 321] under seal. Defendants also filed a redacted, public version of their Motion [ECF No. 322] on that date, which blacked-out the names of Witness A, Witness B, and Witness C. Defendants did not seek formal leave to file their Motion under seal. Other briefs filed with respect to Defendants' Motion have been filed under seal pursuant to court orders entered at the request of either Plaintiff or Defendants. The Court therefore *sua sponte* grants

arguing that Defendants were essentially taking a second bite at the fact discovery apple having chosen not to depose these witnesses during the many months when fact discovery was open. Defendants responded that procedurally, Plaintiff had no standing to object to their Letter of Request, and substantively, Defendants are seeking limited "trial evidence," not "discovery evidence." Defendants further asserted that even if they are seeking fact discovery, they have satisfied their burden under the Hague Convention so the Court should grant their Motion for Letter of Request.

## ANALYSIS

### I. Plaintiff's Standing to Object

As an initial matter, Plaintiff has standing to object to the extension of a discovery deadline, as would any party in a case where the other side is seeking an extension of discovery. As explained in more detail below, Defendants' Motion for Letter of Request is, as a substantive matter, a plain request to extend (or reopen) fact discovery so Defendants may depose Witness A, Witness B, and Witness C. Additionally, when ruling on the merits of similar motions for letters of request under the Hague Convention, courts routinely consider an opposing party's objections. *See, e.g., Dyson, Inc. v. SharkNinja Operating LLC*, 2016 WL 5720702 (N.D. Ill. 2016); *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 2013 WL 12291616 (S.D. Ind. 2013).

Common sense teaches that a party has every right to object to additional, costly, and potentially time-consuming depositions an opposing party wants to take, especially where the depositions will occur in a foreign country. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court clearly established such boundaries in this case, and Plaintiff has the right to object when an opposing

---

Defendants leave to file their Motion [ECF No. 321] under seal *nunc pro tunc* to March 11, 2019, pursuant to the Agreed Confidentiality Order entered on October 25, 2017 in this case. [ECF No. 51].

2

party strays beyond the "reasonable opportunity to investigate the facts" they were afforded during fact discovery. *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055 at *2 (N.D. Ill. 1994). Plaintiff has an interest in moving this case toward trial or other disposition in an efficient and cost-effective way, which also gives it the right to object to Defendants' Motion here. *Cf. Phipps v. Adams,* 2012 WL 3074047, at *3 (S.D. Ill. 2012) ("Plaintiff has standing to seek enforcement of the order [cutting off discovery] because he has an interest in the administration of the legal proceeding.") (citing *Hartz Mountain Corp. v. Chanelle Pharm. Veterinary Prod. Mfg. Ltd.,* 235 F.R.D. 535, 536 (D. Me. 2006)); *see also, Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.,* 231 F.R.D. 426, 428 (M.D. Fla. 2005) ("Not only do Defendants have a personal interest in receiving adequate notice of depositions, a party has standing to move to enforce the Court's orders and rules.").

## II. "Discovery" and "Trial" Depositions and the Applicability of the Hague Convention

On the merits, the dispute about Defendants' Motion for a Letter of Request is, in the Court's view, much simpler than the parties' lengthy filings suggest. The question before the Court is whether the substance of Defendants' Motion involves a request for extension (or reopening) of fact discovery or, as Defendants characterize it, a request to preserve "trial evidence." If Defendants seek more fact discovery, whether the Hague Convention would be an appropriate or effective vehicle to secure such evidence is irrelevant, unless there is reason to extend or reopen discovery. Fact discovery closed on February 15, 2019. Defendants' invocation of the Hague Convention does not change that fact. If, on the other hand, Defendants wish to preserve testimony for trial by way of limited "trial depositions," as distinct from "discovery depositions," then the Court must determine whether this is a permissible use of the Hague Convention.

3

Defendants repeatedly assert they only intend to take "trial depositions" of the three witnesses identified in the Letter of Request. Trial depositions are not explicitly contemplated by the Federal Rules of Civil Procedure, as the Rules do not distinguish between discovery and trial depositions. However, some courts have recognized, on a limited basis, that depositions intended solely to preserve evidence for trial may be different than generic discovery depositions and can be taken outside the scope of otherwise applicable discovery deadlines under the circumstances of a particular case. *See, e.g., Lenius v. Deere & Co.,* 2014 WL 6879311 (N.D. Iowa 2014); *Lucas v. Pactiv Corp.,* 2009 WL 5197838 (W.D. Va. 2009); *Spangler v. Sears, Roebuck and Co.,* 138 F.R.D. 122, 124–25 (S.D. Ind. 1991); *Charles v. Wade,* 665 F.2d 661, 665 (5th Cir. 1982). Other courts, however, have outright rejected this distinction, emphasizing that Rule 16 of the Federal Rules of Civil Procedure was amended specifically to authorize and empower courts to establish discovery deadlines, enforce compliance with those deadlines, and avoid precisely the type of last-minute "trial depositions" Defendants seek in this case. *See, e.g., Anderson v. Procter & Gamble Paper Products Co.,* 2013 WL 5651802, *2-3 (E.D. Wis. 2013); *BondPro Corp. v. Siemens Westinghouse Pwr. Corp.,* 2005 WL 256488 (W.D. Wis. 2005); *Integra Lifesciences I, Ltd. v. Merck KGaA,* 190 F.R.D. 556, 559 (S.D. Cal. 1999) ("Based upon the lack of distinction in the Federal Rules between trial and discovery depositions, it has been held that there is no difference between the two, and that if a party wishes to introduce deposition testimony at trial, that testimony should [be] procured during the time set by the court to conduct discovery absent exceptional circumstances...The Court finds this reasoning persuasive.") (citing *Henkel v. XIM Prod., Inc.,* 133 F.R.D. 556, 557-58 (D. Minn. 1991)).

Courts that do recognize an avenue for so-called "trial depositions" do so in rather specific and narrow circumstances. They describe the purpose of those depositions as to preserve

4

information of which the party already has knowledge but that otherwise would be unavailable for trial, as contrasted with the broader goal of a discovery deposition to ascertain information in the first instance. *Spangler,* 138 F.R.D. at 124–25; *Stuhlmacher v. Home Depot U.S.A., Inc.,* 2014 WL 835382 (N.D. Ind. 2014). In addition, based on the Court's own research, "trial depositions" generally are sanctioned where a separate "discovery deposition," or other form of recorded testimony, has taken or will take place before the "trial deposition." *See, e.g., Lenius,* 2014 WL 6879311, at *2-*5; *Lucas,* 2009 WL 5197838; *Griffin v. Foley,* 542 F.3d 209, 220-21 (7th Cir. 2008); *Charles,* 665 F.2d at 664. The intent of the trial deposition, then, is clear: memorializing the witness' trial testimony when a generic, all-purpose deposition taken during discovery is not sufficient for that purpose. Under this body of law, "whether the deposition is being taken for the purpose of preserving testimony or whether it is a pretext for the party's failure to procure the deposition during the discovery period" is a fact specific inquiry. *Stuhlmacher,* 2014 WL 835382, at *2 (citing *Charles,* 665 F.2d at 665).

To encourage the Court to distinguish between a "discovery deposition" and a "trial deposition" based on the facts of this case, Defendants rely solely upon Seventh Circuit precedent in *Griffin,* 542 F.3d 209. Defendants argue that *Griffin* allows Defendants, at the discretion of the Court, to take separate "trial depositions" outside the discovery framework. *Griffin,* however, does not advance Defendants' ultimate position regarding their Letter of Request. Quite the opposite. In *Griffin,* Plaintiffs' experts were unavailable to testify at trial. All parties were aware of this fact prior to the experts' discovery depositions. The district court therefore allowed separate discovery and trial depositions, emphasizing that a single deposition functioning both as a discovery device and to preserve actual trial testimony – exactly like the single "trial deposition" Defendants request here – would have prejudiced the opposing party. The Seventh Circuit agreed, holding that under

5

the specific facts of that case, a single deposition of each expert would have prevented opposing counsel from effectively discovering the opinions and positions of the witnesses and then preparing for cross-examination at trial. *Id.* at 220-21. In the interest of fairness, the court affirmed the trial judge's exercise of his discretion to allow separate discovery and trial depositions to proceed.

Whether or not a separate avenue exists for "trial depositions" under the Federal Rules of Civil Procedure, which is an interesting question the Court need not decide here, that is not what Defendants' are seeking. By any definition, Defendants intend to conduct "discovery depositions." They are effectively asking for the extension or reopening of fact discovery so they can obtain information about matters that have been at the heart of this case since day one. This is clear from the Letter of Request itself, in which Defendants state they intend to obtain, for example, "[t]estimonial evidence about the witnesses' interactions and relationship with Plaintiff and Defendants, including the sale of Maui-Jim branded products to Defendants." [ECF No. 321-1, p. 4]. They also intend to inquire about the "circumstances surrounding the witness' relationships with Plaintiff and Defendants; the witnesses' sale of Maui Jim-branded product to Defendant; proposed agreements between the witnesses, Plaintiff, and Defendants; Plaintiff's knowledge of the witnesses' sale of Maui Jim-branded product to Defendant." [ECF No. 321-1, p. 4]. Defendants further request "[c]orrespondence between the witnesses, Plaintiff, and Defendant; proposed agreements between the witnesses, Plaintiff, and Defendants; sales documentation sent by the witnesses to Defendants." [ECF No. 321-1, p. 5].

This is discovery, pure and simple. The Letter of Request encompasses precisely the type of inquiry that Defendants should have explored through appropriate and timely discovery mechanisms before fact discovery closed. By Defendants' own admission, they are seeking depositions from the three witnesses to learn new information, not solely to memorialize testimony

for later use at trial. Without these depositions and document requests, Defendants say they "[do] not have the evidence sought by the Letter of Request" and will not be able to obtain "highly relevant and critical evidence." [ECF No. 348, p. 11]. Obtaining such information is precisely what fact discovery is designed to accomplish. This is not a situation in which a party is seeking information of which the party already has knowledge but that otherwise would be unavailable for trial if it were not memorialized in a "trial deposition." Defendants are seeking to discover what these witnesses know about the proposed topics of inquiry in the first instance. The Court therefore is not convinced that Defendants merely seek "highly relevant yet limited trial evidence from [Witness A, Witness B, and Witness C]." [ECF No. 348, p. 3]. These "trial depositions" are simply a pretext to take discovery after the expiration of the discovery deadline set by the Court.

Further, Defendants clearly were aware of the existence of all three witnesses and their potential importance to this case well before the close of fact discovery. Two of the three witnesses, Witnesses A and B, have been on Defendants' list of possible deponents since at least July of 2018. [ECF No. 217, p. 2]. Defendants identified Witness C as a potential witness during a deposition in January of 2019, a month before discovery closed. [ECF No. 330-13]. Defendants therefore were fully capable of pursuing the depositions of all three witnesses before the close of fact discovery, including, as the Court suggested back in 2018, by invoking the Hague Convention. *See* Transcripts of Proceedings held on August 30, 2018 [ECF No. 266, p. 86] and December 6, 2018 [ECF No. 302, p. 7]. But Defendants chose not to do so and they cannot now use their Letter of Request or the Hague Convention to backdoor an extension or reopening of discovery.

For these reasons, the Court need not decide whether Defendants have properly invoked the Hague Convention to take the depositions they wish to take, as no procedural mechanism for continued fact discovery, including under the Hague Convention, would be appropriate in this case

7

after the discovery cut-off date set by the Court, absent a showing of good cause. The essence of the good cause requirement of Federal Rule of Civil Procedure 16(b)(4) is that Defendants must show they were diligent in seeking the discovery they propose to take after the discovery close date, especially where their Motion for Letter of Request comes after the deadline has passed. FED.R.CIV.P. 16(b)(4); *see Alioto v. Town of Lisbon*, 65 F.3d 715, 720 (7th Cir. 2011). Defendants have made no such showing here, and they have not even attempted to do so. *See, e.g., Naud v. City of Rockford*, 2013 WL 4447028, at *5-*6 (N.D. Ill. 2013) (under Rule 16(b)(4), a party seeking an extension of discovery deadlines should file a motion establishing "good cause" before the discovery deadline has passed); *McCann v. Cullinan*, 2015 WL 4254226, at *11 (N.D. Ill. 2015) ("A party cannot establish diligence where that party has failed to timely alert the Court when it knows it will be unable to meet the deadline."). Although a court can consider a request to modify a discovery deadline or reopen discovery after the deadline has passed, as the court did in *McCann*, the moving party still must show it acted with diligence in seeking the discovery it proposes to take. *McCann*, 2015 WL 4254226, at *11.

Even under the more general framework of Rule 6, if that Rule is applicable here,[2] Defendants have failed to show good cause and excusable neglect in support of a motion filed after the discovery deadline has passed such that the discovery deadline should be extended or discovery should be reopened. FED.R.CIV.P. 6(b)(1)(B). As stated above, Defendants were aware of all three witnesses prior to the close of discovery but chose not to act to secure their depositions before the

---

[2] Judge Johnston opined in *McCann* that Rule 16, rather than Rule 6, applies to a request to modify or extend a discovery deadline because Rule 16 specifically empowers a court to establish a discovery schedule. *McCann*, 2015 WL 4254226 at *6-*11 ("Rule 6 is a rule of general applicability; it is a gap filler that allows for extensions when other more specific rules to no apply. When more than one Federal Rule of Civil Procedure could apply to a circumstance, federal courts should apply the specific provision over the general provision."). The Court need not decide which Federal Rule of Civil Procedure applies in this situation, however, as Defendants cannot meet either standard.

fact discovery close date, despite what Defendants characterize as their "highly relevant" and crucial testimony. [ECF No. 348, p. 3]. Defendants have not articulated any reason, let alone one that rises to the level of excusable neglect, for their delay in seeking an extension of the discovery period to take the depositions encompassed by their Letter of Request. Moreover, within the context of Rule 6, prejudice to the non-moving party is a factor a court can consider in deciding whether to extend a deadline after it has expired. *McCann*, 2015 WL 4254226 at *7. If these depositions are allowed to go forward in Italy while the parties are briefing summary judgment, even with no set trial date, the prejudice to Plaintiff in terms of potential distraction, delay, and cost is apparent and, in the Court's view, undue.

For all the reasons discussed above, Defendants' Motion for Letter of Request [ECF Nos. 321, 322] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: August 30, 2019